Steven J. Moser (SM1133)
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
Tel: 516-671-1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esteban Marquez,<br><br>                                          Plaintiffs,<br><br>*-against-*<br><br>Indian Taj, Inc. d/b/a Santoor Indian Restaurant,<br>Balvinder Singh, Harminder Singh, Joginder Singh,<br>Kirpal Singh and Mehanga Singh,<br><br>                                          Defendants. | Case No. 20-cv-5855<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Esteban Marquez his attorneys, the Moser Law Firm, P.C., hereby files this first amended complaint against Indian Taj, Inc. d/b/a Santoor Indian Restaurant, Balvinder Singh, Harminder Singh, Joginder Singh, Kirpal Singh and Mehanga Singh and alleges as follows:

JURISDICTION AND VENUE

1. This action is brought to remedy overtime violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and various violations of the New York Labor Law ("NYLL"), including overtime, spread of hours, and wage statement violations.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 261(a)(2), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as substantial parts of the events or omissions giving rise to claims in the Complaint occurred within the Eastern District.

1

## PARTIES

*Plaintiff*

4.  Plaintiff Esteban Marquez is a natural person who resides in Nassau County, New York.

*Corporate Defendant*

5.  Defendant Indian Taj, Inc. is a domestic corporation incorporated under the laws of the State of New York.

6.  Defendant Indian Taj, Inc. maintains a principal place of business at 257-05 Union Turnpike, Glen Oaks, New York 11004.

*Balvinder Singh*

7.  Defendant Balvinder Singh is a natural person who resides in Queens County, New York.

8.  Upon information and belief, Defendant Balvinder Singh, at all times relevant, was a shareholder of Indian Taj, Inc.

9.  Upon information and belief, Defendant Balvinder Singh had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

10. Upon information and belief, Defendant Balvinder Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer.

*Harminder Singh*

11. Defendant Harminder Singh is a natural person who resides in Queens County, New York.

12. Upon information and belief, Defendant Harminder Singh, at all times relevant, was

a shareholder of Indian Taj, Inc.

13. Upon information and belief, Defendant Harminder Singh had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

14. Upon information and belief, Defendant Harminder Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer.

*Joginder Singh*

15. Defendant Joginder Singh is a natural person who resides in Queens County, New York.

16. Upon information and belief, Defendant Joginder Singh, at all times relevant, was a shareholder of Indian Taj, Inc.

17. Upon information and belief, Defendant Joginder Singh had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

18. Upon information and belief, Defendant Joginder Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer.

*Kirpal Singh*

19. Defendant Kirpal Singh is a natural person who resides in Queens County, New York.

20. Upon information and belief, Defendant Kirpal Singh, at all times relevant, was a shareholder of Indian Taj, Inc.

21. Upon information and belief, Defendant Kirpal Singh had the power to hire and fire

the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

22. Upon information and belief, Defendant Kirpal Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer.

*Mehanga Singh*

23. Defendant Mehanga Singh is a natural person who resides in Queens County, New York.

24. Upon information and belief, Defendant Mehanga Singh, at all times relevant, was a shareholder of Indian Taj, Inc.

25. Upon information and belief, Defendant Mehanga Singh had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment.

26. Upon information and belief, Defendant Mehanga Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer.

FACTUAL ALLEGATIONS

27. At relevant times, Defendant Indian Taj, Inc. was an employer as defined under the FLSA and NYLL.

28. At relevant times, Defendant Balvinder Singh was an employer as defined under the FLSA and NYLL.

29. At relevant times, Defendant Harminder Singh was an employer as defined under the FLSA and NYLL.

30. At relevant times, Defendant Joginder Singh was an employer as defined under the

FLSA and NYLL.

31. At relevant times, Defendant Kirpal Singh was an employer as defined under the FLSA and NYLL.

32. At relevant times, Defendant Mehanga Singh was an employer as defined under the FLSA and NYLL.

33. At all relevant times, Defendant Indian Taj, Inc. has been an entity engaged in commerce as defined by the FLSA. 29 U.S.C. §§ 201 et seq.

34. For the calendar year 2017, Indian Taj, Inc. had an annual dollar volume of sales or business done of at least $500,000.

35. For the calendar year 2018, Indian Taj, Inc. had an annual dollar volume of sales or business done of at least $500,000.

36. For the calendar year 2019, Indian Taj, Inc. had an annual dollar volume of sales or business done of at least $500,000.

37. At all relevant times, Indian Taj, Inc. operated an eating or drinking place that prepared and offered food or beverages for human consumption on its premises.

38. At all relevant times, Indian Taj, Inc. did business as Santoor Indian Restaurant.

39. At all relevant times, Esteban Marquez was an employee of and employed by the Defendants under the FLSA and NYLL.

40. More specifically, Mr. Marquez was employed by Defendants from on or about 2005 until June 10, 2018.

41. Mr. Marquez worked six days per week.

42. Mr. Marquez's regular working hours were from 10:00 AM to 10:00 PM on Tuesday, Wednesday, Thursday and Sunday and from 10 PM until 11 PM on Friday and Saturday. Mr. Marquez did not take a meal break.

43. On virtually every week during his employment with the defendants, Mr. Marquez worked at least the regularly scheduled hours (62 hours).

44. Mr. Marquez worked as a cook and salad preparer.

45. Defendants failed to pay Mr. Marquez an hourly rate of pay.

46. During the calendar year 2014, the Defendants paid Mr. Marquez $475.00 each week in cash.

47. From January 2015 until June 10, 2018, the Defendants paid Mr. Marquez $525 per week in cash.

48. Mr. Marquez never received overtime compensation for hours worked in excess of forty at one- and one-half times his regular rate of pay.

49. Mr. Marquez was never given a wage statement reflecting the cash wages paid to him.

50. Mr. Marquez worked a spread of hours that exceeded ten approximately six days each week.

51. Mr. Marquez was never paid the spread of hours premium.

## FIRST COUNT

*Overtime Wages under the Fair Labor Standards Act 29 U.S.C. §§ 201, et seq. (29 U.S.C. §§ 207 & 216)*

52. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

53. Defendants are each an employer within the meaning of 29 U.S.C. § 203(e).

54. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

55. Defendants were required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a workweek.

56. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

57. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

58. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies.

## SECOND COUNT

*Overtime Wages under Article 19 of the New York Labor Law §§ 650 et seq. (NYLL § 663 and N.Y. Compilation of Codes, Rules, and Regulations §§ 146-1.4)*

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

60. Defendants are each an employer under the NYLL.

61. Plaintiff is an employee under the NYLL.

62. Defendants were required to pay Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

63. Defendants failed to pay Plaintiff the overtime wages to which he was entitled.

64. Defendants willfully deprived the Plaintiff of the overtime wages to which he was entitled.

## THIRD COUNT

*Spread of Hours Premium under 12 NYCRR §§ 146-1.6*

65. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

66. Plaintiff was entitled to a spread of hours premium for each workday that the spread of hours exceeded ten.

67. Plaintiff regularly worked a spread of hours that exceeded ten.

68. Defendants failed to pay the Plaintiff spread-of-hours pay.

69. Defendants willfully deprived the Plaintiff the spread of hours pay to which he was

entitled.

## FOURTH COUNT

*Wage Statement Violations under NYLL §§ 195(3) and 198*

70. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above as though fully set forth herein.

71. NYLL § 195(3) requires an employer furnish a wage statement with every wage payment that lists inter alia, the employee's name, address, and phone number, employer's name, dates covered by the payment, deductions, and net wages.

72. Defendants failed to provide a wage statement with each wage payment as required by NYLL § 195.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

A. Unpaid overtime pay under the NYLL and the FLSA;

B. An amount equal to unpaid overtime as liquidated damages under the FLSA and NYLL;

C. Unpaid spread of hours pay;

D. An amount to Spread of Hours Pay as liquidated damages under the NYLL;

E. Statutory damages for continuing violations of the wage statement provisions of NYLL § 195, up to a total of $5,000 per plaintiff;

F. Reasonable attorney's fees and costs of the action;

G. Prejudgment interest; and

H. Such other relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand a trial

by jury in this action of all issues so triable.

Dated:  Huntington, New York
        April 8, 2021

                                              Respectfully submitted,
                                              MOSER LAW FIRM, P.C.

                                              _____
                                              By:  Steven John Moser
                                              5 E. Main Street
                                              Huntington, NY  11743
                                              (516) 671-1150
                                              smoser@moseremploymentlaw.com
                                              Attorneys for Plaintiff