UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ESTEBAN MARQUEZ,

                   Plaintiff,

    -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                  Defendants.
---------------------------------------------------------X

Case No. 20-CV-5855

**AFFIRMATION IN SUPPORT
OF MOTION TO VACATE
DEFAULT JUDGMENT
AGAINST JOGINDER SINGH
AND TO DISMISS ALL
CLAIMS**

      VINCENT T. PALLACI, an attorney duly admitted to the practice of law before the Courts of the State of New York and before this Court affirms that the following statements are true, to the best of his knowledge, under the penalties of perjury:

      1.     I am a member of the law firm of Kushnick Pallaci PLLC the attorneys for defendant Joginder Singh. I am therefore familiar with the statements set forth herein based upon my own personal knowledge and the files maintained in my office in the ordinary course of business.

      2.     I make this affirmation in support of Mr. Singh's motion to vacate the default judgment against him and dismiss all claims asserted against him based upon the expiration of the statute of limitations.

      3.     This action was commenced by the plaintiff by filing a complaint (Docket #1) and the issuance of a summons by the Court on December 3, 2020.

      4.     On April 8, 2021 the plaintiff filed an amended complaint which, based upon my review of the docket, was the first pleading to bring Mr. Singh into this action and assert claims

against him.  The Amended Complaint is Docket #7 and a true and accurate copy of the First Amended Complaint is annexed hereto as Exhibit A.

5.      Based upon my review of the Docket, plaintiff alleges to have served Mr. Singh on May 18, 2021 by serving an alleged "co-worker" at 257-05 Union Turnpike.  The affidavit of service is Docket #12 and a true and accurate copy of the affidavit of service is annexed hereto as Exhibit B.

6.      Based upon my review of the Docket, every other document in this case that is alleged to have been served on Mr. Singh by plaintiff (by mail) was mailed to him at 257-05 Union Turnpike "c/o Indian Taj, Inc. d/b/a Santoor Indian Restaurant."

7.      On September 29, 2022 this Court entered a judgment against Mr. Singh (and all other defendants) on default.   The Judgment is Docket #24 and a true and accurate copy of the Judgment is annexed hereto as Exhibit C.

8.      For the reasons set forth in Mr. Singh's affidavit submitted herewith, as well as the accompanying memorandum of law, Mr. Singh moves: (1) to vacate the default judgment against him pursuant to FRCP Rule 60(b)(4), FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because the judgment is void due to improper service and this Court therefore never obtained personal jurisdiction over Mr. Singh; and (2) upon vacating the default against Mr. Singh dismissing all claims against him pursuant to FRCP Rule 12(b)(6) because the claims against Mr. Singh are time barred and/or pursuant to FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because service was improper and insufficient and this Court therefore lacks personal jurisdiction over Mr. Singh; and (3) if the Court does not grant the FRCP Rule 12(b) motion to dismiss then, upon vacating the default, permitting the defendant to file an answer and defend the claims against him within twenty (20) days of an order vacating the default.  Mr. Singh's motion should be, in all respects, granted.

9. This motion is being filed by Order to Show Cause because the defendant seeks a temporary stay of the plaintiff's efforts to enforce the default judgment against him pending a hearing an determination of this motion. As is set forth in Mr. Singh's affidavit, his bank account has already been restrained and that is how he learned of this action. I contacted plaintiff's counsel Mr. Moser by e-mail on November 20, 2024 to advise him that I had been retained and would be filing a motion to vacate the default and dismiss the complaint. I requested his consent to stay enforcement pending the Court's determination of this motion and informed him that absent such consent the motion would be filed by order to show cause and seek a stay. Mr. Moser has not responded to the e-mail and given the time sensitive nature of this issue and the restraint on Mr. Singh's ability to access his bank account brining this motion by Order to Show Cause was necessary. A true and accurate copy of the e-mail to Mr. Moster is annexed hereto as Exhibit D.

Dated: Bohemia, New York
       November 21, 2024

__/s/ Vincent T. Pallaci_____
VINCENT T. PALLACI (VP 0801)