UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

     -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,


                Defendants.
---------------------------------------------------------X

Case No. 20-CV-5855

## DEFENDANT JOGINDER SINGH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE DEFAULT AGAINST HIM AND DISMISS ALL CLAIMS

1

## PRELIMINARY STATEMENT

Defendant Joginder Singh ("Singh") recently discovered that this action existed and that a default judgment had been entered against him when his bank account was restrained by the plaintiff. Mr. Singh was first brought into this action via an amended complaint filed on April 8, 2021 and a default judgment was entered against him on September 29, 2022. However, according to the affidavit of service, Mr. Singh was served through an alleged "co-worker" at 257-05 Union Turnpike in May of 2021. 257-05 Union Turnpike is a restaurant known as Santoor Indian Restaurant ("Santoor"). As is set forth in the affidavit of Mr. Singh submitted with this motion, he sold his interest in the Restaurant to defendant Kirpal Singh in May 2014, seven years before the amended complaint was filed and allegedly served on his "co-worker." Since he sold his interest in the Restaurant, Mr. Singh has not owned, operated, managed or worked at the Restaurant. Therefore, the service upon ""Ms. Jane (Refused Full Name)" was never proper. Accordingly, the Judgment entered by this Court is void as service was defective and the Court therefore never obtained personal jurisdiction over Mr. Singh.

Because service was defective and insufficient, all claims asserted against Mr. Singh should be dismissed pursuant to FRCP Rules 12(b)(2), 12(b)(4) and 12(b)(5). But, even if this Court does not dismiss the claims for improper service, they should still be dismissed as time barred. Because Mr. Singh sold his interest in the Restaurant in May 2014, the statute of limitations on the New York Labor Law claims against him expired in May 2020 and the statute of limitations on the Fair Labor Standards Act claims against him expired in May 2017. The amend complaint was not filed until 2021 and, therefore, any claims that could have been asserted against Mr. Singh were time barred.

## POINT I.

### SINGH IS ENTITLED TO VACATUR OF THE JUDGMENT
### UNDER FRCP RULE 55(C)AND/OR 60(B)(4)

The judgment entered against Joginder Singh on September 29, 2022 was inarguably on default.  However, pursuant to FRCP Rule 55(c) the Court may set aside an entry of default for good cause, and it may set aside a final judgment under Rule 60(b).  FRCP Rule 60(b)(4), the Court has the power to relieve Mr. Singh from the judgment if the judgment itself is void.  There is no time limit for a Rule 60(b)(4) motion except that it must be made within a reasonable time.  As set forth in Singh's affidavit, he only recently learned of this existence of this lawsuit and the judgment when his bank account was restrained by the plaintiff.  He then took immediate action to retain counsel and appear in the action to defend himself.  Mr. Singh acted within a reasonable time because he could not have known any action was necessary until he became aware of the lawsuit and the judgment.  Upon learning of them, he acted within days and now submits this motion to the Court.

It is a basic principal of procedural law that the Court is without power to render judgment against a defendant over whom it has not obtained personal jurisdiction.  If the Court did not have the jurisdiction over Singh to enter judgment against him then the judgment must be declared void and must be vacated pursuant to FRCP Rule 60(b)(4).  Covington Indus., Inc. v Resintex A. G., 629 F2d 730 [2d Cir 1980] (a judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity).  *See also* Am. Inst. of Certified Pub. Accountants v Affinity Card, Inc., 8 F Supp 2d 372 [SDNY 1998] (a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law.).

Therefore, the relevant question for this Court to address is whether the service upon Singh in May 2021 was proper.  If it was not, then the Court must set aside the judgment.  For the reasons

3

set forth below, the service was defective and insufficient and this Court is without personal jurisdiction over Singh.

## POINT II.

## THE SERVICE ON SINGH WAS DEFECTIVE PURSUANT TO FRCP RULE 4

The method and manner of service upon Singh is governed by FRCP Rule 4(e). Rule 4(e) states that an individual can be served by one of four permissible methods. First, under Rule 4(e)(2)(A), Singh could have been served by delivering a copy of the summons and complaint to him personally. The affidavit of service does not allege Singh was personally served so service was not made pursuant to FRCP 4(e)(2)(A). Second, under Rule 4(e)(2)(B), Singh could have been served by leaving a copy of the summons with someone of suitable age and discretion at Singh's "dwelling or usual place of abode." The affidavit of service does not allege Singh was served at his dwelling or usual place of abode. It very clearly alleges service on a "co-worker" at the Restaurant. Therefore, service was not made pursuant to FRCP 4(e)(2)(B). Third, under Rule 4(e)(2)(c), Singh could have been served by delivering a copy of the summons to his agent authorized by appointment to receive service of process. The affidavit of service does not allege service upon an agent authorized by appointment or by law to receive service.

Therefore, the only permissible method of service left for plaintiff under Rule 4 is service under Rule 4(e)(1). Service under Rule 4(e)(1) permits service in any method permitted under New York law. Service under New York law is governed by CPLR §308. The only method of service permissible under CPLR §308 which the affidavit of service would satisfy (service upon a co-worker at the Restaurant) is CPLR §308(2). CPLR §308(2) states that service upon Singh may be made by "delivering the summons within the state to a person of suitable age and discretion at

**the actual place of business**, dwelling or usual place of abode" of Singh and then by mailing the summons at his "actual place of business."  The question for this court is therefore whether Mr. Singh's "actual place of business" was the Restaurant on May 18, 2021 when "Ms. Jane (Refused Full Name)" was purportedly served.  As is set forth in Mr. Singh's affidavit, the Restaurant at 257-05 Union Turnpike was **not** his actual place of business on May 18, 2021.  In fact, he sold his entire interest in the Restaurant seven years prior to the alleged service and he states that since he sold his interest in May 2014 he has not owned, operated, managed or worked at the Restaurant. Nothing in the affidavit of service can refute Mr. Singh's testimony.

The only thing in the affidavit of service that even remotely attempts to establish that the Restaurant was Singh's "actual place of business" on May 18, 2021 is the vague and generic reference to "Ms. Jane" as a "co-worker."  Apparently, the plaintiff would have this Court believe that Ms. Jane would not provide her actual name to the process server but was willing to state that she was a co-worker of Mr. Singh and that he was not on active military duty status.  It is clear from the face of the affidavit of service that it is a pro forma document used by process servers to just plug in information.   There is nothing in the affidavit to indicate any questions were actually asked about Mr. Singh and answered by "Ms. Jane" and, even if this Court determines that the reference to a "co-worker" is sufficient, it still would require a hearing for this Court to weigh the credibility of Mr. Singh, "Ms. Jane", and the process server to determine whether the restaurant was Mr. Singh's "actual place of business" on May 18, 2021.

It is submitted to this Court that such a hearing is not necessary given Mr. Singh's unequivocal testimony that he was not affiliated with the Restaurant after May 2014 weighed against the pro forma generic affidavit of service and alleged statements[1] from an unidentified "co-

---

[1] Even if "Ms. Jane" made these statements they are hearsay and inadmissible for purposes of determining whether service was proper.  Ms. Jane must be made to appear before the Court and state under oath that she is a "co-worker"

worker." For these reasons, the Court should determine that service was not proper and, therefore, that this Court does not have personal jurisdiction over Singh and the judgment is void and must be vacated.

## POINT III.

### BECAUSE SERVICE WAS IMPROPER AND INSUFFICIENT ALL CLAIMS AGAINST SINGH MUST BE DISMISSED PURSUANT TO FRCP RULE 12(B)

If the Court agrees that service was improper as set forth in Point II, then all claims in the First Amended Complaint against Mr. Singh must be dismissed pursuant to FCP Rule 12(b). Rule 12(b)(2) requires dismissal of the complaint where the Court lacks personal jurisdiction over the moving defendant. Rule 12(b)(4) requires dismissal of the complaint where there has been insufficient process. Rule 12(b)(5) requires dismissal where there has been insufficient process. It is the plaintiff's burden to establish that he properly served Singh. Buon v Spindler, 65 F4th 64 [2d Cir 2023] (to survive motion to dismiss based upon insufficient process plaintiff must demonstrate adequate service). If the Court accepts the affidavit of service and the vague general reference to serving "Ms. Jane (Real Name Refused)" as a "co-worker" of Mr. Singh as sufficient, Mr. Singh has still refuted and overcame the process server's affidavit. Mr. Singh has offered specific facts stating when he sold his interest in the restaurant and who he sold it to. He has offered a non-party witness that was at closing and confirms the sale took place in May 2014. In light of these facts, it is impossible that a "co-worker" could have been served in May 2021 because the Restaurant was no longer Mr. Singh's "actual place of business."

---

of Mr. Singh and be subjected to cross-examination. It is nevertheless submitted that such a hearing is not needed because the hearsay reference to co-worker status is not sufficient to overcome Mr. Singh's detailed testimony.

Based upon ¶40 of the First Amended Complaint, plaintiff stopped working at the Restaurant on June 10, 2018 – more than six years ago.  As such, upon dismissal for failure of sufficient process, the claims are now time barred and cannot be refiled.  Putting procedure aside momentarily, plaintiff's First Amended Complaint appears to seek damages that started in 2014. As such, if the Court agrees and accepts the testimony of Joginder Singh and Jagdev Singh, Singh could only potentially be liable for claims through May 2020 since that is when the statute of limitations expired on the New York Labor Law Claims.  Because the First Amended Complaint was not filed until April 2021, the claims against Singh were barred when filed and are time barred now due to insufficient service of process.  Although not a factor, there can therefore be no prejudice against the plaintiff here as his claim is now, and at all relevant times in this action has been, time barred.

## CONCLUSION

For the reasons set forth herein, the default judgment against Joginder Singh should be vacated and all claims against him should be dismissed based upon this Court's lack of personal jurisdiction over him due to improper and insufficient service of process.

Dated: Bohemia, New York
        November 20, 2024

Respectfully submitted,

KUSHNICK PALLACI PLLC

_ /s/ Vincent T. Pallaci_____
VINCENT T. PALLACI (VP 0801)
Attorneys for Joginder Singh
3920 Veterans Memorial Highway, Suite 7
Bohemia, New York 11716
(631) 752-7100
vtp@kushnicklaw.com

7