

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

November 25, 2024

**VIA ECF**

Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, et al.*
       Case No. 20-cv-5855(DG)(RML)

Dear Judge Gujarati:

I represent the Plaintiff in the above referenced matter. Please accept this letter in response to Defendant Joginder Singh's filings at ECF Nos. 26 and 27.

On September 27, 2022 the Court adopted the report and recommendation of Magistrate Judge Robert M. Levy dated August 5 2022, which had awarded unpaid wages and related damages in favor of Mr. Marquez of approximately $400,000.00. The judgment remained unsatisfied, and on November 5, 2024, TD Bank notified Plaintiff's counsel in response to a restraining notice that it had restrained the sum of $22,729.59. A copy of the letter from TD Bank is annexed hereto as Exhibit 1.

The Defendant Joginder Singh has filed a proposed order to show cause. However, the *only* portion of the proposed order to show cause which seeks interim injunctive relief is the second paragraph, which contains Mr. Singh's request that "pending a hearing and determination of [his] motion [to vacate and dismiss] the plaintiff [be] stayed and restrained from any further attempt to enforce the judgment entered against Mr. Singh on September 29, 2022." Mr. Singh *has not* asked for the restraining notice to be lifted.

As an initial matter, Defendant Joginder Singh has not set forth the standard for obtaining interim injunctive relief. He has not identified any threat of irreparable injury. On a Motion for interim injunctive relief, the moving party must "a threat of irreparable injury and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party." *Motorola Credit Corp. v. Uzan*, 322 F.3d 130, 135 (2d Cir. 2003).

Here the Defendant Joginder Singh does not identify any irreparable injury that he will suffer if further enforcement of the judgment is stayed. The response from TD Bank explicitly states that TD Bank will not release the funds except by further order of the court. Therefore, the motion to stay appears unnecessary. Nor does Mr. Singh submit any documentary evidence to

support his claim that he sold his interest in the restaurant in May 2014.  Indeed, he states he has "no records from the restaurant and would not be able to address the specific allegations made by Mr. Marquez other than to state that [he] was no longer involved with the restaurant during the time of [Plaintiff's] complaints."

However, Plaintiff is in possession of documents which directly refute Mr. Joginder Singh's claims that he was not affiliated with the restaurant after May 2014.  In the course of our investigation, we obtained all records regarding the licensing of the restaurant from the New York State Liquor Authority ("SLA").  Copies of these records are annexed hereto as Exhibit 2.  According to these records, as of May 2013, Mr. Joginder Singh was a 25% owner and the Vice President of the corporate defendant.

More importantly, the SLA did not produce any records showing that Mr. Joginder Singh ever resigned from his position as vice president or sold his shares in the corporation.  The representations made in the May 2013 application made to the New York State Liquor Authority are considered ongoing.  *See* 9 NYCRR § 48.8 ("Such representations shall constitute continuing representations for the life of the license and all renewals thereof.").  The SLA has unequivocally stated to licensees: "If your license has been issued in the name of a corporation or limited liability company, **you must obtain the approval of the SLA prior to…[a]dding or removing an officer or director of the corporation**[…] **In addition, you must also obtain the approval of the SLA before there is a change in the stockholders of the corporation[.]**"  *See* https://sla.ny.gov/change-your-license (last visited 11/25/2024).  The restaurant never obtained the SLA's permission to remove Mr. Singh as Vice President, and never advised the SLA of any change in ownership.  Therefore, the May 2013 application constitutes Joginder Singh's continued representation to the SLA that he remained the Vice President of and a shareholder of the corporate defendant throughout the relevant time period.

**Conclusion**.  Mr. Singh bears the burden on his motion for preliminary injunctive relief, as well as on his motion to vacate and dismiss, a burden which he has not met. We request that therefore the branch of the motion seeking interim injunctive relief be denied.  If Mr. Singh continues to pursue the branch of his motion seeking vacatur and dismissal, the Plaintiff requests leave to depose Mr. Joginder Singh and to serve document requests upon him so that we can explore his claims prior to a hearing or motion.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:     All counsel of record via ECF