**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Esteban Marquez,

Plaintiff,

v.

Case No. 20-CV-5855 (DG)(RML)

Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
Balvinder Singh, Harminder Singh, Joginder Singh,
Kirpal Singh and Mehanga Singh,

Defendants.

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOGINDER
SINGH'S MOTION TO VACATE DEFAULT AND TO DISMISS

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ........................................................................................................... **1**

  I.   THE AFFIDAVIT OF SERVICE IS VALID ON ITS FACE ............................................ 4

  II.  THE DEFENDANT IS ESTOPPED FROM ASSERTING THAT THE RESTAURANT WAS NOT HIS ACTUAL PLACE OF BUSINESS .......................................................... 4

      A.   Under New York Law, a party is estopped from challenging service to an outdated address that the party had a statutory duty to update. .................................................. 5

      B.   Mr. Singh represented to the NYS Liquor Authority that the Santoor Indian Restaurant was his actual place of business and failed to later report any changes in his status as shareholder or officer as required by New York State Law. ................. 6

  III.  DEFENDANT HAS NOT MET HIS BURDEN TO ESTABLISH LACK OF WILFULNESSS SUFFICIENT TO JUSTIFY VACATUR ................................................ 7

  IV.  EVEN IF THE DEFENDANT HAD SUBMITTED SUFFICIENT EVIDENCE OF IMPROPER SERVICE (WHICH HE HAS NOT), IT WOULD BE APPROPRIATE TO EXTEND THE DEADLINE TO SERVE THE COMPLAINT PRUSDUANT TO RULE 4(M). ............................................................................................................................. 8

**CONCLUSION** ............................................................................................................................ **9**

## PRELIMINARY STATEMENT

On September 27, 2022 the Court adopted Magistrate Levy's report and recommendation to award unpaid wages and related damages in favor of the Plaintiff and against all Defendants, jointly and severally, in the sum of approximately $400,000.00.

Locating assets to satisfy the judgment was a frustrating and painstaking process. The surname "Singh" is shared by more than 36 Million people worldwide and an estimated 150,000 men in the United States alone.[1] Name searches produced numerous individuals bearing the Defendants' first and last names. After repeated requests, we were able to obtain Mr. Singh's date of birth in October 2024, and assets were located.

On November 21, 2024 Joginder Singh moved to vacate the default judgment as void pursuant to Rule 60(b)(4) and to dismiss the claims against him for insufficient service of process pursuant to Rule 12(b)(5).

On November 25, 2024, we pointed out that Mr. Singh's motion is devoid of documentary evidence:

> Nor does Mr. Singh submit any documentary evidence to support his claim that he sold his interest in the restaurant in May 2014. Indeed, he states he has "no records from the restaurant and would not be able to address the specific allegations made by Mr. Marquez *other than to state* that [he] was no longer involved with the restaurant during the time of [Plaintiff's] complaints."[2]

Mr. Singh claims that he sold his interest in the Santoor Indian Restaurant ("Santoor") to Kirpal Singh in 2014.[3] He also claims that the restaurant was not his "actual place of business" when the complaint was served on May 18, 2021 and that therefore service was not properly made,

---

[1] https://forebears.io/surnames/singh (last visited 12/13/2024).
[2] See ECF 29, at 1-2.
[3] Singh Affidavit ¶ 4.

and jurisdiction was not obtained over him.[4] He also claims that he didn't learn of the lawsuit until his account was restrained in November 2024.[5]

On November 26, 2024 I advised counsel for Mr. Singh that we believed that the allegations made by Mr. Singh were conclusory and that we would be challenging the sufficiency of his declaration and the evidence submitted in support of the motion. Therefore, we requested that if Mr. Singh wanted to furnish a further affidavit or documents in support of his motion, that he do so prior to our opposition so that we could address the evidence presented in our opposition. He did not.

Mr. Singh claims that he has no records "because of the passage of time." However:

- Mr. Singh's claim that documents from 2014 are "unavailable" is unsupported, and is undermined by the fact that the Plaintiff was able to obtain 2013 records from the New York State Liquor Authority showing that Mr. Joginder Singh was a 25% shareholder and the Vice President of Indian Taj, Inc.

- Mr. Singh admits that the sale would have been reflected in his 2014 personal tax return;[6]

- His personal tax returns from 2015 to the present would also reflect whether or not he received income or claimed a loss from his ownership in Indian Taj, Inc.

- He does not say whether he is in possession of his state or federal tax returns from 2014 to the present;

- He does not say whether he even attempted to obtain his personal tax returns from the IRS or the New York State Department of Taxation and Finance;

---

[4] Singh Aff. ¶¶ 4-5.
[5] Singh Aff. ¶ 2.
[6] "[T]he last time they were relevant was to file my 2014 tax returns." Singh Aff. ¶ 9.

- He does not identify his accountant or state whether he attempted to obtain records from his accountant;

- He does not identify the attorney that represented him in the alleged 2014 transaction or state whether he has attempted to obtain records from the attorney;

- He has not detailed any attempts to obtain Indian Taj, Inc.'s corporate tax returns;

- He has not stated where potential records could be held or how the search for records was performed;

- He has not identified his "actual place of business" at any time from 2014 to the present;

- He has not produced any information or documents concerning his "actual place of business" at any time from the date he allegedly sold his shares to the present time.

- He has not described any attempt to obtain records from the New York State Department of State, the New York City Department of Health, the State Liquor Authority, or any other agency to support his claim.

To substantiate Mr. Singh's claim that he divested from Indian Taj, Inc. in May 2014, he procured a statement from his former partner's son-in-law (Jagdev Singh), who allegedly attended a closing where Mengha Singh's and Joginder Singh's shares were sold. However,

- Jagdev Singh does not detail how he searched for records;

- Jagdev Singh does not set forth any due diligence to obtain records from Mengha Singh, the attorney who attended the closing, or any accountant.

- In fact, Jagdev Singh does not even say whether he spoke with his father in law (Defendant Mengha Singh) regarding the alleged transaction; and

- Joginder Singh does not say whether he even attempted to speak with Mengha Singh or any of the codefendants.

In short, the Declarations contain nothing more than conclusory allegations that Mr. Singh was no longer involved in the operation of the business after May 2014.

## ARGUMENT

## I.    THE AFFIDAVIT OF SERVICE IS VALID ON ITS FACE

Here, service of process was effected "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business. . .of the person to be served and by. . .mailing the summons by first class mail to the person to be served at his or her actual place of business[.]" NY CPLR § 308(2). Mr. Singh does challenge the specific facts alleged in the affidavit of service. "In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002); *Skyline Agency v. Ambrose Coppotelli*, 117 A.D.2d 135, 139, 502 N.Y.S.2d 479, 483-84 (2d Dep't 1986). Moreover,

> [A traverse] hearing is not required where the defendant fails to swear to "specific facts to rebut the statements in the process server's affidavits." *Simonds v. Grobman*, 277 A.D.2d 369, 716 N.Y.S.2d 692, 693 (App. Div. 2000) (citations omitted); *see also Nyctl 1997-1 Trust*, 732 N.Y.S.2d at 873 (holding defendant's failure to substantiate claim that she was not present at place of service fails to rebut presumption of proper service established by process server's affidavit); *Walkes v. Benoit*, 257 A.D.2d 508, 684 N.Y.S.2d 533, 534 (App. Div. 1999) (holding that affidavit by nonparty about defendant's practice of forwarding official documents to that nonparty was insufficient to warrant a traverse hearing because the nonparty lacked personal knowledge about whether defendant was personally served); *Ninth Fed. Sav. & Loan Ass'n v. Yelder*, 107 A.D.2d 799, 484 N.Y.S.2d 632, 633 (App. Div. 1985)(holding that where no factual dispute is raised, no hearing is required); *Engel v. Lichterman*, 95 A.D.2d 536, 467 N.Y.S.2d 642, 643-44 (App. Div. 1983).

*Old Republic Ins. Co.*, 301 F.3d at 58.

## II.    THE DEFENDANT IS ESTOPPED FROM CONTESTING THAT THE RESTAURANT WAS HIS ACTUAL PLACE OF BUSINESS

**A.    Under New York Law, a party is estopped from challenging service to an outdated address that the party had a statutory duty to update.**

Under New York Law, where a party makes a representation to the state (such as to an address) and is required by law to notify the state of any change in that original representation, the party many not challenge the propriety of service based upon the original representation.

For example, when a licensed driver advises the DMV of his current address, and later fails to notify the DMV of change of that address as required by NYS VTL § 505(5), the individual is estopped from contesting validity of service made to the prior address. *Pecoraro v. Miller*, 2016 N.Y. Slip Op. 04865 (4th Dep't June 17, 2016); *Perlbinder Holdings L.L.C. v. Patel*, 2022 N.Y. Slip Op. 01106 (1st Dep't Feb. 17, 2022); *Velasquez v. Gallelli*, 2007 N.Y. Slip Op. 8064 (2d Dep't Oct. 23, 2007); *N.Y. State Elec. & Gas Corp. v. Allen*, 246 A.D.2d 855, 668 N.Y.S.2d 275, No. 79528, 1998 N.Y. App. Div. LEXIS 529 (3d Dep't Jan. 22, 1998); *but see Castillo-Florez v. Charlecius*, 2023 N.Y. Slip Op. 04570 (2d Dep't Sept. 13, 2023).

Similarly, a corporation's failure to update its address with the Secretary of State as required by the New York State Business Corporation Law is insufficient to challenge service. *See In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985); *FGB Realty Advisors v. Norm-Rick Realty Corp.*, 227 A.D.2d 439, 642 N.Y.S.2d 696, 696 (2d Dep't 1996); *Cedeno v. Wimbledon Bldg. Corp.*, 207 A.D.2d 297 (1st Dep't 1994) ([I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process).

Likewise, NY Education Law § 6502(5) requires doctors to notify Department of any change of mailing address within 30 days. *Melton v. Brotman Foot Care Grp.*, 198 A.D.2d 481, 604 N.Y.S.2d 203, No. 91-10649, 1993 N.Y. App. Div. LEXIS 11120 (2d Dep't Nov. 29, 1993). A doctor that does not timely notify the Department of a change in address is therefore estopped from challenging service made at the address provided. *Melton*, 198 A.D.2d 481, 604 N.Y.S.2d 203.

**B.    Mr. Singh represented to the NYS Liquor Authority that the Santoor Indian Restaurant was his actual place of business and failed to later report any changes in his status as shareholder or officer as required by New York State Law.**

Annexed to the Moser Declaration as Exhibit 1 is a form titled "Application for Approval of Corporate Change" originally furnished to the court on November 25, 2024 (ECF No. 29-2), which directly refutes Mr. Singh's claims that he was not affiliated with the restaurant as of May 2014. According to this application, as of May 2013, Mr. Joginder Singh was a 25% owner and the Vice President of the corporate defendant. The correct address of the restaurant is "257-05 Union Turnpike, Glen Oaks, New York", which matches the address contained in the affidavit of service.

The representations made in the May 2013 application made to the New York State Liquor Authority are considered ongoing. See 9 NYCRR § 48.8 ("Such representations shall constitute continuing representations for the *life of the license and all renewals thereof.*"). The SLA has unequivocally stated to licensees that "a *change cannot become effective under the Alcoholic Beverage Control Law until permission has been granted by the State Liquor Authority.*" See Exhibit 1, at 1. The application contains the following representation:

> I/We verify that all of the above statements are true. If any of the above information changes prior to receipt of the license or approval of the corporate change, I/we will notify the Authority by registered or certified mail within 48 hours. **If any changes occur after the issuance of the license or approval applied for**, I/we understand that failure to give the required notice may constitute a violation of Section 110 of the Alcoholic Beverage Control Law and/or Rule 36.1(j) of the State Liquor Authority[.][7]

*See also* https://sla.ny.gov/change-your-license (last visited 11/25/2024)("If your license has been issued in the name of a corporation or limited liability company, you must obtain the approval of the SLA prior to…[a]dding or removing an officer or director of the corporation[…] In addition,

---

[7] Exhibit 1, at 2 (emphasis added).

you must also obtain the approval of the SLA before there is a change in the stockholders of the corporation[.]").

Neither the State Liquor Authority nor Mr. Singh has produced any record showing that Joginder Singh was removed as Vice President or that his ownership was transferred at any time from May 2013 until the date he was served with the summons and complaint in 2021. Therefore, the May 2013 application constitutes Joginder Singh's continued representation that he remained the Vice President of and a shareholder of the corporate defendant throughout the relevant time period.

## III.   DEFENDANT HAS NOT MET HIS BURDEN TO ESTABLISH LACK OF WILFULNESSS SUFFICIENT TO JUSTIFY VACATUR

The party seeking vacatur bears the burden of showing that the default was not willful. *King v. Galluzzo Equip. & Excavating, Inc.*, 223 F.R.D. 94, 97 (E.D.N.Y. 2004) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *In re Martin-Trigona*, 763 F.2d at 505 (upholding district court's denial of a motion to vacate where appellants "failed to show that the default was not willful.").

As previously noted, the failure to comply with statutory obligations requiring the reporting of changes in ownership, management and address is sufficient to infer willfulness. *In re Martin-Trigona*, 763 F.2d at 505-06 (a corporation's failure to "change the address for service of process with the Secretary of State constitutes a willful disregard of legal process and a willful default."); *FGB Realty Advisors*, 227 A.D.2d 439, 642 N.Y.S.2d at 696 (failure to apprise Secretary of State of an address change "does not constitute a reasonable excuse for purposes of vacating a default judgment."); *Cedeno*, 207 A.D.2d 297, 615 N.Y.S.2d at 40 ("[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process . . . and failure to meet that obligation will not constitute reasonable excuse to vacate a default

7

judgment. . . . It is for this reason that service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant.").

## IV.    EVEN IF THE DEFENDANT HAD SUBMITTED SUFFICIENT EVIDENCE OF IMPROPER SERVICE (WHICH HE HAS NOT), IT WOULD BE APPROPRIATE TO EXTEND THE DEADLINE TO SERVE THE COMPLAINT PRUSDUANT TO RULE 4(M).

Counsel for Mr. Singh boldly asks for a dismissal *with prejudice:*

Based upon ¶40 of the First Amended Complaint, plaintiff stopped working at the Restaurant on June 10, 2018 – more than six years ago. As such, upon dismissal for failure of sufficient process, the claims are now time barred and cannot be refiled.[8]

This is based upon a similarly bold claim that "it is impossible that a 'co-worker' could have been served in May 2021 because the Restaurant was no longer Mr. Singh's 'actual place of business.'"[9] Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Additionally, it is well settled that '[d]istrict courts have discretion to grant extensions [under Rule 4(m)] even in the absence of good cause.'" *Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023) (citing *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007)).

Although the decision regarding an extension under Rule 4(m) is left to the "sound discretion of the district court in the first instance", the Second Circuit cautioned that the "district court should consider, among the relevant factors" the "fact that a dismissal without prejudice in combination with the statute of limitations would, *in effect,* result in a dismissal *with* prejudice[.]" *Buon*, 65 F.4th at 75.

---

[8] See Defendant's Memorandum of Law, ECF No. 27 at 7.
[9] See Defendant's Memorandum of Law, ECF No. 27 at 6.

**CONCLUSION**

Defendant has the burden of showing *good cause* to vacate the default. He has not. The affidavit of service is facially adequate, and the Defendant has not raised sufficient questions regarding service to warrant a hearing. To the contrary, the documentary evidence shows that service was proper, and Mr. Singh no-where alleges that he reported the alleged change in ownership or operation as required by law. Therefore, the motion should be denied in its entirety. If the Defendant attempts to submit further evidence in support of his motion with his *reply,* the instant motion should be denied without prejudice, as it is improper to submit evidence for the first time in a reply. Finally, even if the Defendant had produced sufficient evidence of improper service (which he has not), it would be appropriate to grant an extension of time to serve the complaint pursuant to FRCP 4(m).

Dated: Huntington, New York
      December 13, 2024

                Respectfully Submitted,
                Moser Law Firm, P.C.

                By: Steven John Moser