UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

   -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                Defendants.
-----------------------------------------------------------X

Case No. 20-CV-5855

**<u>DEFENDANT JOGINDER SINGH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE DEFAULT AGAINST HIM AND DISMISS ALL CLAIMS AND IN REPLY TO PLAINTIFF'S OPPOSITION</u>**

1

## POINT I.

### THE AFFIDAVIT OF SERVICE IS NOT VALID ON ITS FACE

Plaintiff's argument that the affidavit of service is valid on its face is misplaced. Plaintiff states "Mr. Singh does not challenge the specific facts alleged in the affidavit of service." This claim is entirely false. Mr. Singh's entire affidavit challenges the specific facts in the affidavit of service. He specifically challenges that he had a co-worker at the location allegedly served because he specifically alleges and challenges that the location was not his "actual place of business." The affidavit of service does not even offer the name of the person allegedly served other than to say the person refused their true name. The affidavit offers no indication as to what questions were asked of this mystery person to confirm that the location was Joginder Singh's actual place of business. The only thing in the affidavit of service that links the service location to Mr. Singh's actual place of business is the conclusory allegation in the affidavit of service that says the summons and first amended complaint was handed to the mystery worker and that "Said premises is defendant's actual place of business-dwelling house usual place of abode within the state."

The affidavit does not even say whether the process server asked anyone, including the mystery co-worker, at the restaurant if Joginder Singh worked there. It simply states, in conclusory fashion, that the location "is defendant's actual place of business-dwelling house usual place of abode…" How did the process server know that was Joginder Singh's actual place of business? It is a restaurant. It certainly would not have been Mr. Singh's actual dwelling house or usual place of abode. That statement alone removes all credibility from the process server's affidavit. Without any statement as to how the process server knows it was Mr. Singh's actual place of business the affidavit cannot be valid on its face. The affidavit of service is defective and deficient on its face and the pre-printed language that the location was "defendant's actual place of business-dwelling

2

house usual place of abode within the state" is insufficient in view of Mr. Singh's overwhelming evidence that he did not work there after he sold his entire interest in May 2014. The mystery co-worker will likely never be identified and certainly is not identified in the affidavit of service. The process server's failure to even ask the mystery worker whether Joginder Singh works there is another fatal flaw in the face of the affidavit.

## POINT II.

### THE DEFENDANT IS NOT ESTOPPED FROM CONTESTING THAT THE RESTAURANT WAS HIS ACTUAL PLACE OF BUSINESS

First, as is set forth in Defendant's motion, the initial burden is on the plaintiff to establish that the service location is Joginder Singh's actual place of business. As is set forth in the motion, and above, plaintiff has failed to satisfy that burden. All plaintiff has established is that a process server claims to have served an unnamed mystery woman at the restaurant and the process server making a conclusory statement that the restaurant is Mr. Singh's actual place of business. Beyond that, in response to defendant's motion, all plaintiff has been able to come forward and produce is an application for approval of corporate change from the State of New York Liquor Authority. Mr. Singh has submitted an affidavit stating he did not even know such a document exists and does not remember ever seeing it. The Court's attention is respectfully referred to the following key facts:

1. The Application is dated May 30, 2013. This is a year before Joginder Singh sold his interest in the restaurant in May 2014.
2. The application is **not** signed by Joginder Singh. It is only signed by Harminder Singh and Kirpal Singh.

Since Joginder Singh did not sign the application, and has no recollection of ever even seeing it, there would have been no reason for him to submit anything to the State of New York Liquor

3

Authority to change the application. The fact that Mr. Singh did not sign the application is more important when considering the fact that plaintiff cites the following section of the application in its opposition:

> I/We verify that all of the above statements are true. If any of the above information changes prior to receipt of the license or approval of the corporate change, I/we will notify the Authority by registered or certified mail within 48 hours. If any changes occur after the issuance of the license or approval applied for, I/we understand that failure to give the required notice may constitute a violation of Section 110 of the Alcoholic Beverage Control Law and/or Rule 36.1(j) of the State Liquor Authority[.]

Since Joginder Singh did not sign that application, he is not one of the people that made that representation and is not bound to it. Harminder Singh and Kirpal Singh, who signed it, are also the two shareholders that continued to own the shares after Joginder and Mengha sold their interest in May 2014. Whether Kirpal and/or Harminder made any further filings with the NYS Liquor Authority is beyond the knowledge of Joginder Singh and it also outside of his control. Harminder and Kirpal signed the document and made the representations and they had the obligation to update it, not Joginder.

Each of the cases and regulations cited by the plaintiff relate to a legal obligation for someone to update their mailing address. That is not the case here. Nothing cited by plaintiff, nor the license application itself, required Joginder Singh, who did not sign the application, to update his mailing address. Rather, the form relates to updating the ownership of the business. It has nothing to do with mailing address or an actual place of business. Simply being on an outdated liquor license that may or may not have been updated by the people that signed it (Kirpal and Harminder Singh) has nothing to do with whether the restaurant was Joginder Singh's actual place of business in May 2021.

4

Yet even in those situations cited by plaintiff the issue is not so clear cut as plaintiff claims. For instance, plaintiff cites to someone that fails to update their address with the DMV as being a waiver of the defense of improper service and argues it triggers estoppel. That is actually not the case. In [Legal Servicing, LLC v Carty, 229 AD3d 533 [2d Dept 2024]](#) the Second Department held that "the mere failure to update one's address with the DMV, standing alone, does not automatically equate with a deliberate attempt to avoid service and warrant estopping a defendant from challenging the propriety of service at a former address." Therefore, even if Joginder Singh had an obligation to update the NYS Liquor License Application that he did not sign after he sold his interest in May 2014, that, in and of itself, is insufficient to trigger estoppel. Certainly Mr. Singh did not fail to update the form in 2014 because he contemplated being sued 7 years later and wanted to avoid service. There is nothing to indicate that Mr. Singh has ever taken any action to avoid service.

## POINT III.

### WILLFULNESS IS NOT APPLICABLE TO A MOTION TO VACATE FOR LACK OF JURISDICTION/INSUFFICIENT SERVICE

Plaintiff's opposition argues that the movant has failed to establish "lack of willfulness" sufficient to justify vacating the default. As an initial matter, the Court is referred to the affidavits of Mr. Singh outlining his sale of the business and lack of knowledge of this lawsuit prior to the restraint on his account. Defendant rejects that he, as the movant, had any initial burden to show his default was not willful but, even if he did, the affidavits overwhelmingly show that his default was not willful. Beyond that, willfulness is not applicable where, as here, the movant is challenging the Court's jurisdiction over him because of insufficient service of process. If the

Court determines that sufficient was insufficient, then the Court lacks jurisdiction over the defendant and cannot make a determination as to whether the default was willful.

The plaintiff's citation to [Enron Oil Corp. v Diakuhara, 10 F3d 90 [2d Cir 1993]](#) is inapplicable because that case did not involve determining whether the Court had jurisdiction over the defendant or whether service was insufficient.  Likewise the plaintiff's citation to [King v Galluzzo Equip. & Excavating Inc., 223 FRD 94 [EDNY 2004]](#) is inapplicable because it does not address whether the Court had jurisdiction over the defendant or whether service was insufficient.  The willfulness analysis in those cases is therefore inapplicable.  While [In re Martin-Trigona, 763 F2d 503 [2d Cir 1985]](#), cited by plaintiff, does address service of process and jurisdiction over the defendant, it does not do so in the context of a willfulness analysis.  Instead, the Second Circuit there first determined that service of process was good.  Only after making that determination did the Court move on to the issue of whether the default was willful.  This is undoubtedly because the Court had no jurisdiction to address willfulness without first addressing whether service of process was proper.  The Court here must do the same.  For the reasons set forth in Defendant's motion, it is respectfully submitted that service was insufficient and this Court never properly obtained personal jurisdiction over Joginder Singh and, therefore, that the Court need not, indeed it cannot, move on to the next stage and determine whether the default was willful.

## POINT IV.

### THE DEADLINE TO SERVE THE COMPLAINT SHOULD NOT BE EXTENDED UNDER RULE 4(M)

The plaintiff argues that if this Court agrees that service was insufficient and defective, then the time for service should be extended under FRCP Rule 4(M).  The Amended Complaint is the first pleading to assert a claim against defendant Joginder Singh.  It was filed on April 8, 2021.

6

Therefore, to be timely, all of the plaintiff's FLSA claims must have accrued on or after April 8, 2018. Likewise, to be timely, all of the plaintiff's NYSDOL claims must have accrued on or after April 8, 2015. Based upon the evidence presented to this Court, the only basis to dismiss the claims against Joginder Singh would be a finding by this Court that he did, in fact, sell his entire interest in Santoor in May 2014 and he was not affiliated with the restaurant thereafter. It would therefore necessarily be the law of this case that Joginder Singh was not affiliated with Santoor after May 2014 making it impossible for the plaintiff to ever establish that Joginder is liable for claims that accrued on or after April 8, 2015. Extending plaintiff's time to serve under Rule 4(M), when its claims are necessarily futile, is a waste of the parties' time and money and of judicial resources. Indeed, if the Court rules in movant's favor on the motion to dismiss for insufficient service, then it would be frivolous for the plaintiff to maintain the claim thereafter because he could not, as a matter of law, succeed on the claim.

A finding by this Court that Joginder Singh sold his interest in Santoor in May 2014 renders any further litigation of the claims against him moot and time barred. In such instance, plaintiff's only remedy would be to appeal that decision and challenge the finding that Joginder Singh sold his interest in May 2014. An extension of time under Rule 4(m) is therefore not warranted.

## **CONCLUSION**

For the reasons set forth herein, the default judgment against Joginder Singh should be vacated and all claims against him should be dismissed based upon this Court's lack of personal jurisdiction over him due to improper and insufficient service of process and the plaintiff's time to properly serve Joginder Singh should not be extended because the claims are time barred.

Dated: Bohemia, New York
December 20, 2024

                                           Respectfully submitted,

                                           KUSHNICK PALLACI PLLC

                                           __/s/ Vincent T. Pallaci_____
                                           VINCENT T. PALLACI (VP 0801)
                                           Attorneys for Joginder Singh
                                           3920 Veterans Memorial Highway, Suite 7
                                           Bohemia, New York 11716
                                           (631) 752-7100
                                           vtp@kushnicklaw.com