UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

               Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

               Defendants.
-----------------------------------------------------------X

Case No. 20-CV-5855

**AFFIDAVIT OF JOGINDER SINGH IN SUPPORT OF MOTION TO VACATE DEFAULT AND DISMISS COMPLAINT AND IN REPLY TO PLAINTIFF'S OPPOSITION**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NASSAU   )

      I, Joginder Singh, having been duly sworn, depose and swear that the following statements are true:

      1.    I am personally named as a defendant in this action and, therefore, I am fully familiar with the statements set forth herein.

      2.    In his opposition, plaintiff claims that I have not submitted any documentary evidence to support my claim that I sold my interest in the restaurant in May 2014.

      3.    As I stated in my affidavit submitted in support of the motion, I have no such records. The closing took place ten (10) years before my account was restrained. I had no interest or reason to keep documents from a business interest that I sold over ten years prior.

      4.    I do not speak English well and have had the legal documents in this case read to me and translated. Because I do not speak English well, it is not very easy for me to review documents and determine what they are without someone translating the document for me. For

1

this reason, I asked my son, Hardeep, to search any and all business documents that I have. Consistent with my recollection that I did not keep any documents from the closing, he was not able to locate any documents related to the sale of the business in my files.

5. I also asked my son Hardeep to contact Jagdev Singh again to see if he had any documents. I understand that Jagdev provided Hardeep with a copy of the power of attorney that Jagdev had for the May 2014 closing he attended on behalf of Mehanga Singh.

6. I also asked my son to contact Kirpal Singh who I sold my interest to in May 2014. I understand that he too had no documents from the May 2014 closing but he did put Hardeep in touch with his attorney that represented him when he and Harminder Singh sold the restaurant again in September 2020.

7. I understand that Kirpal's attorney, Ms. Kaur, provided Hardeep with documents from the September 2020 closing proving that the only owners of Santoor at that time were Kirpal and Harminder Singh. This again is consistent with my prior statements that I sold my interest in May 2014.

8. The plaintiff points only to a document that he apparently obtained from the New York State Liquor Authority showing that I was listed as a shareholder of the restaurant in 2013. I do not even remember being on any liquor license. It was apparently over 11 years ago that I was on such a document. I certainly do not have it in my possession and do not remember ever seeing it. Nevertheless, it is dated a year before I sold my interest in May 2014 so it is entirely consistent with my recollection of the timeline of the sale. I never disputed owning an interest in 2013 and the fact that it lists me as a 25% shareholder is consistent with my statement in my original affidavit that I owned a 25% interest and sold it in May 2014 (See ¶4 of my original affidavit).

9. The plaintiff comments that I did not identify my place of business after 2014. I started as a chef at Santoor and eventually saved up enough money to buy an ownership interest. After selling that ownership interest in May 2014 I looked to again use my skills as a chef. I opened Sakoon Indian Restaurant at 275 W Old Country Road in Hicksville in 2015 and worked there until it closed in 2019. After Sakoon closed, I went to work at Jackson Diner in Jackson Heights Queens. Jackson Diner temporarily shut down during Covid and I went on unemployment. When the restaurant reopened, I returned to Jackson Diner and continue to work there to this day. I have attached all of the W-2 tax statements that I was able to locate which show who I worked for in the years after I sold my interest in Santoor. The W-2s from JD Indian Cuisine and Diwan Restaurant Inc. are both for Jackson Diner. Those W-2s are annexed hereto as Exhibit B.

10. I have reviewed the other tax documents in my possession. Besides the W-2s I am providing, I did not locate any other documents which indicate the source of my income. While I do have 1040 income tax returns that I filed jointly with my wife, there is no information in them that is relevant to this lawsuit and my wife and I are uncomfortable submitting these documents to the Court when there is no information in them that relates to my sale of Santoor in 2014. I specifically was unable to find any schedules for the 1040 returns. I have informed my attorney that I would be willing to bring the physical copies of the tax returns into Court for the Judge to review in person if Her Honor deems it necessary.

11. The plaintiff also comments that I did not identify the attorney that handled the May 2014 closing or the corporate accountant. As to the attorney, I do not remember the name. It was an attorney hired by Kirpal and I simply signed the documents. I do not know who the attorney represented but I do not think it was me personally. I never had that attorney do any other work

3

for me. My only role with that attorney was to sign the closing documents when I sold my share to Kirpal. As to the corporate accountant, the firm that was used was Arora a CPA, 17248 Grand Central Parkway, Jamaica, New York 11433. My son Hardeep did try contacting the accountant for records from the May 2014 closing but he was very hesitant to get involved or to cooperate with us and provide documentation. Should the Court deem a hearing to be necessary, and should it deem that hearing from the accountant is necessary, I would welcome a subpoena to him to force him to provide the records and appear to testify about the transaction.

12. I unequivocally state that I sold my entire ownership interest in Santoor to Kirpal Singh in May 2014 and had no relationship to Santoor restaurant after that date. I have no idea who was allegedly served as my "co-worker" in 2021 but since none of the people that I was associated with at the restaurant had any role there after September 2020 it is very likely that it is not someone that even knew me, let alone someone that was my "co-worker."

13. I respectfully ask that this Court grant my motion to dismiss in its entirety as I was never properly served.

*Joginder Singh*
JOGINDER SINGH

Sworn to before me this ___ day
of December 20, 2024

_____
NOTARY PUBLIC

MD A HOQUE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HO6216412
Qualified in QUEENS
Commission Expires FEB 08-2026

4