

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

January 13, 2025

**VIA ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, et al.*
      Case No. 20-cv-5855(DG)(RML)

Dear Judge Levy:

I represent the Plaintiff in the above referenced matter. Please accept this letter in anticipation of Wednesdays' conference.

Joginder Singh submitted a reply affidavit in support of his motion to vacate on December 20, 2024 in which he states that has no records to support his claim that he sold his interest in the restaurant in May 2014. D.E. 34-1, para. 2-3. On January 8, 2025, Mehanga Singh indicated that he intends on filing a motion to vacate and dismiss the claims against him which is "nearly identical" to Joginder Singh's motion. D.E. 36. Moreover, Harminder Singh also indicated on December 20, 2024 that he intends on filing a motion to vacate. D.E. 35.

The position of all defendants who have appeared thus far has been either (1) they have no documents, or (2) they have documents but will not furnish them. There are persons who are likely to possess relevant information and/or documents concerning who owned and/or controlled the corporate defendant. These include, at a minimum,

1. The individual defendants;
2. Banks at which the corporate defendant had an account;
3. Attorneys that represented the corporate defendant with regard to applications to and communications with the NYS Liquor Authority;
4. Attorneys that represented the individual defendants with regard to the purchase or sale of an interest in the corporate defendant;
5. Worker's compensation insurance carriers;

Here, Defendants want the Court to vacate the default and *effectively dismiss the claims with prejudice* without any inquiry into the location or availability of potentially relevant documents. In light thereof, we have annexed hereto two subpoenas which are being served upon the New York State Department of State, Division of Corporations, and the New York State Liquor Authority.

Hon. Robert M. Levy, USMJ  
Re: *Marquez v. Indian Taj, Inc. et al.*  
Page 2

MOSER LAW FIRM, PC

      Because the Defendants ask this Court to dismiss the claims against them with prejudice, but also claim that they do not have any records to support their motion, the Plaintiff should be permitted to take pre-motion discovery. *See TFWNY, LLC v. TFW, LLC*, No. 11-cv-3900 (ADS)(GRB), 2011 U.S. Dist. LEXIS 139809, at *3 (E.D.N.Y. Dec. 1, 2011)(citing *Welinsky v. Resort of World D.N.V.*, 839 F.2d 928, 930 (2d Cir. 1988)).

      Respectfully submitted,

*Steven J. Moser*  
Steven J. Moser

CC:    All counsel of record via ECF