AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| Esteban Marquez,<br><br>*Plaintiff(s)*<br><br>- against –<br><br>Indian Taj, Inc. d/b/a Santoor Indian Restaurant, Balvinder Singh, Harmindder Singh, Joginder Singh, Kirpal Singh, and Mehanga Singh<br><br>*Defendant(s).* | Case No. 20-cv-5855(DG)(RML) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: New York State Department of State
Division of Corporations
1 Commerce Plaza
99 Washington Avenue, 6th Floor
Albany, NY 12231

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Rider Annexed hereto.

| Place: Via Email to steven.moser@moserlawfirm.com and legalsupport2@moserlawfirm.com. | Date and Time:<br><br>January 31, 2025, at 10:00 AM |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 13, 2025

*CLERK OF COURT*

_____    OR    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *Plaintiffs* who issues this subpoena are **Steven John Moser, Moser Law Firm, PC, 133 C New York Avenue, PO Box 710, Huntington, NY 11743, United States, steven.moser@moserlawfirm.com, 516-671-1150**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esteban Marquez, | |
| Plaintiff(s), | **Case No. 20-cv-5855(DG)(RML)** |
| -against- | **RIDER TO SUBPOENA** |
| Indian Taj, Inc. d/b/a Santoor Indian Restaurant, Balvinder Singh, Harmindder Singh, Joginder Singh, Kirpal Singh, and Mehanga Singh, | |
| Defendant(s). | |

To:  New York State Department of State
Division of Corporations
1 Commerce Plaza
99 Washington Avenue, 6th Floor
Albany, NY 12231

**DEFINITIONS, RULES OF CONSTRUCTION, AND INSTRUCTIONS**

Notwithstanding any definitions set forth below, each word, term or phrase used in this set of interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this set of interrogatories, the following terms are to be interpreted in accordance with the definitions:

1. "You" and "your" means , its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."[1]

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).[2]

3.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), including

---

[1] See Local Rules of the United States District Courts for the Sothern and Eastern Districts of New York, Rule 26.3(c)(5).
[2] *See* Local Rule 26.3(c)(1).

(but not limited to), emails, text messages, databases, audio recordings, video recordings, and websites). A draft or non-identical copy is a separate document within the meaning of this term.[3]

4. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.[4]

5. The term "concerning" means relating to, referring to, describing, evidencing or constituting.[5]

6. The terms "all," "any," and "each" shall each be construed as encompassing any and all.[6]

7. The singular includes the plural and the plural includes the singular.[7]

8. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.[8]

9. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent subsidiaries or affiliates.[9]

10. **Format of Production.** Please produce certified copies of the requested documents in text-searchable PDF via email or download link.

11. **Certification of Public Record.** Annexed is a CERTIFICATION OF PUBLIC RECORD. Please complete the certification so that the documents produced are admissible without the need for testimony.

12. **Costs.** Please advise as to the cost of production, which we will pay upon request.

---

[3] Local Rule 26.3(c)(2).
[4] Local Rule 26.3(c)(6).
[5] Local Rule 26.3(c)(7).
[6] Local Rule 26.3(d)(1).
[7] Local Rule 26.3(d)(3).
[8] Local Rule 26.3(d)(2).
[9] Local Rule 26.3(c)(5).

## DOCUMENTS TO BE PRODUCED

1. Certified copies of all records in your possession, custody or control concerning, Indian Taj, Inc. (DOS No. 2078407), including, but not limited to:

    a. Correspondence;

    b. Certificate of Incorporation and corporate formation documents;

    c. Biennial Statements;

    d. All documents concerning assumed names.

Dated: January 13, 2025
      Huntington, NY

                            MOSER LAW FIRM PC
                            Attorneys for Plaintiff(s)

                            Steven John Moser
                            133 C New York Avenue
                            Huntington, NY 11743
                            Tel: 516-671-1150
                            steven.moser@moserlawfirm.com

## CERTIFICATION OF PUBLIC RECORD

I HEREBY CERTIFY the following pursuant to 28 U.S.C. § 1746.

1. I am an _____ with the New York State Department of State, Division of Corporations and am authorized to make this certification.

2. The New York State Department of Corporations was served with a subpoena to produce documents in the case of Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, 20-cv-5855(DG)(RML) on or about _____.

3. Following a diligent search, I was able to locate ____ pages responsive to the subpoena, which are annexed hereto.

4. I hereby certify that the annexed documents are true and correct copies of the originals thereof that were recorded and/or filed as authorized by law, and constitute the official records of the New York State Department of State.

5. I further certify that no documents responsive to the subpoena have been withheld.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      Albany, New York