UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                Defendants.
------------------------------------------------------------X

Case No. 20-CV-5855

**AFFIRMATION AND DECLARATION IN SUPPORT OF MOTION TO VACATE AND DISMISS**

    VINCENT T. PALLACI, an attorney duly admitted to the practice of law before the Courts of the State of New York and before this Court affirms that the following statements are true, to the best of his knowledge, under the penalties of perjury:

    1.    I am a member of the law firm of Kushnick Pallaci PLLC the attorneys for defendant Mehanga Singh. I am therefore familiar with the statements set forth herein based upon my own personal knowledge and the files maintained in my office in the ordinary course of business.

    2.    I make this affirmation in support of Mr. Singh's motion to vacate the default judgment against him and dismiss all claims asserted against him based upon the expiration of the statute of limitations.

    3.    This action was commenced by the plaintiff by filing a complaint (Docket #1) and the issuance of a summons by the Court on December 3, 2020.

    4.    On April 8, 2021 the plaintiff filed an amended complaint which, based upon my review of the docket, was the first pleading to bring Mr. Singh into this action and assert claims

against him. The Amended Complaint is Docket #7 and a true and accurate copy of the First Amended Complaint is annexed hereto as Exhibit A.

5. Based upon my review of the Docket, plaintiff alleges to have served Mr. Singh on May 18, 2021 by serving an alleged "co-worker" at 257-05 Union Turnpike. The affidavit of service is Docket #12 and a true and accurate copy of the affidavit of service is annexed hereto as Exhibit B.

6. Based upon my review of the Docket, every other document in this case that is alleged to have been served on Mr. Singh by plaintiff (by mail) was mailed to him at 257-05 Union Turnpike "c/o Indian Taj, Inc. d/b/a Santoor Indian Restaurant."

7. On September 29, 2022 this Court entered a judgment against Mr. Singh (and all other defendants) on default. The Judgment is Docket #24 and a true and accurate copy of the Judgment is annexed hereto as Exhibit D.

8. For the reasons set forth in Mr. Singh's affidavit submitted herewith, as well as the accompanying memorandum of law, Mr. Singh moves: (1) to vacate the default judgment against him pursuant to FRCP Rule 60(b)(4), FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because the judgment is void due to improper service and this Court therefore never obtained personal jurisdiction over Mr. Singh; and (2) upon vacating the default against Mr. Singh dismissing all claims against him pursuant to FRCP Rule 12(b)(6) because the claims against Mr. Singh are time barred and/or pursuant to FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because service was improper and insufficient and this Court therefore lacks personal jurisdiction over Mr. Singh; and (3) if the Court does not grant the FRCP Rule 12(b) motion to dismiss then, upon vacating the default, permitting the defendant to file an answer and defend the claims against him within twenty (20) days of an order vacating the default. Mr. Singh's motion should be, in all respects, granted.

9. My firm also represents defendant Joginder Singh in this action and previously filed a similar motion to dismiss on his behalf. The non-party affidavits obtained by this firm in connection with that motion are likewise relevant to the instant motion on behalf of Mehanga Singh and, as such, are submitted herewith.

10. Since the submission of the motion on behalf of Joginder Singh, we have received various additional documents. Among them, there is a Shareholders Agreement provided to your affirmant by Bhavleen Sabharwal, counsel to Harpinder Singh, on January 22, 2025. The Shareholders Agreement supports the testimony previously offered by Joginder Singh and supports the testimony of Mehanga Singh submitted herewith. A true and accurate copy of the Shareholders Agreement provided by Ms. Sabharawl is annexed hereto as Exhibit C.

11. The Court was previously provided with documents provided to this office by attorney Mandeep Kaur. Ms. Kaur represented Indian Taj Inc. when it sold the restaurant at issue in this action to a third party in or about September 2020. The documents provided to your affirmant by Ms. Kaur are annexed hereto as Exhibit E.

12. A true and accurate copy of the affidavit of Mandeep Kaur is annexed hereto as Exhibit F.

13. A true and accurate copy of the affidavit of Joginder Singh, previously filed with this Court on November 21, 2024, is annexed hereto as Exhibit G.

14. A true and accurate copy of the affidavit of Jagdev Singh, previously filed with this Court on November 21, 2024, is annexed hereto as Exhibit H.

15. A true and accurate copy of the power of attorney, previously filed with this Court on December 20, 2024, is annexed hereto as Exhibit I.

Dated: Bohemia, New York
February 14, 2025

                                                                                                               _/s/ Vincent T. Pallaci_____
                                                                                                    VINCENT T. PALLACI (VP 0801)