UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                Defendants.
-----------------------------------------------------------X

Case No. 20-CV-5855

**AFFIDAVIT OF MEHANGA SINGH IN SUPPORT OF MOTION TO VACATE DEFAULT AND DISMISS COMPLAINT**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NASSAU   )

     I, Mehanga Singh, having been duly sworn, depose and swear that the following statements are true:

     1.    I am personally named as a defendant in this action and, therefore, I am fully familiar with the statements set forth herein.

     2.    I only recently became aware of this lawsuit through attempts to enforce a judgment against me and when Joginder Singh contacted my son-in-law for information about when I sold my interest in Santoor restaurant. Prior to these events, I did not know that this lawsuit existed and, if I had, I would have never defaulted as I am not responsible for any of the claims made against me by Mr. Marquez.

     3.    I have reviewed the affidavit of service (Exhibit B) where the plaintiff claims to have served me. It states that plaintiff served my alleged "co-worker" at 257-05 Union Turnpike in Glen Oaks, New York on May 18, 2021.

1

4. 257-05 Union Turnpike is the location of a restaurant that I **formerly** partially owned called Santoor Indian Restaurant ("Santoor"). However, I sold my entire twenty five percent (25%) interest in Santoor to Kirpal Singh in May 2014. Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor. Therefore, I had no co-workers at Santoor on May 18, 2021, and, in fact, had no co-workers at that location for seven years before the service was made there.

5. The affidavit of service also states that a copy of the complaint was mailed to me at the same 257-05 Union Turnpike address in May 2021. Because I had sold my interest seven years prior, I of course did not receive mail there and never received any mailing from the restaurant. I never received any such complaint from any alleged "co-worker" nor in the mail.

6. Had I actually been served; I would have been able to assert these facts to the Court and ask that all claims against me be dismissed.

7. Because I sold my interest in May 2014, and did not learn of this lawsuit until recently, more than ten (10) years had passed between the sale and my learning of the lawsuit. I have searched my records but been unable to locate any records of the sale because of the passage of time. However, my son-in-law, Jagdev Singh, did locate a power of attorney that I signed on May 9, 2014 to allow him to attend the closing on my behalf because I was not available to attend. Jagdev did attend the closing on my behalf. I have no records from the restaurant and would not be able to address the specific allegations made by Mr. Marquez other than to state that I was no longer involved with the restaurant during the time of his complaints.

8. The same day that I sold my interest in Santoor my former partner, Joginder Singh, also sold his 25% interest.

9.      My attorney has shown me a "Shareholders Agreement of Indian Taj, Inc." that I understand he acquired through discovery in this lawsuit.  A true and accurate copy of the Shareholders Agreement that I reviewed is annexed hereto as Exhibit C.  That document notarized on August 21, 2020, and signed by Kirpal Singh and Harminder Singh, confirms everything I have stated here.

10.     First, the opening paragraph of the Shareholders Agreement confirms that Kirpal Singh (at that time) owned 75% of Indian Taj, Inc. (the name of the corporation that operated as Santoor).  This is because we were all 25% shareholders until I sold my 25% to Kirpal in May 2014 and Joginder sold his 25% to Kirpal in May 2014.  That is how Kirpal acquired 75% as reflected in the Shareholders Agreement.  The remaining 25% was owed by Harminder Singh as reflected in the Shareholders Agreement.  The document therefore is clear that the business was 100% owned by Harminder and Kirpal at least as of the date of that agreement (August 21, 2020).  I could therefore have not been an owned of Santoor when I was allegedly served there through my "co-worker."

11.     Second, the Shareholders Agreement states that Harminder and Kirpal were selling the restaurant.   So not only was I not an owner of the restaurant in May 2021 when I was allegedly served but it appears that none of my former partners were either and that it was a third party that owned the restaurant in May 2021.

12.     It is my understanding that an amended complaint in this action was filed on April 8, 2021 and that is the first time my name was brought into this lawsuit.

13.     It is also my understanding that the first cause of action for alleged violations of the FLSA look back for a period of three years.  I did not own, operate, manage or work at the restaurant in the three years prior to April 8, 2021.

14.     It is also my understanding that the second, third and fourth causes of action for alleged violations of the New York Labor Law look back for a period of six years. I did not own, operate, manage or work at the restaurant in the six years prior to April 8, 2021. Six years prior to April 8, 2021 would be April 2015. By that time, I had already been gone from the restaurant for nearly a full year.

15.     For the reasons set forth herein, I respectfully state that I was never served in this action and that the default against me should be vacated in its entirety. I further respectfully request that in light of my sale of my interest in the restaurant well before any claims that are the subject of this action that all claims against me be dismissed in their entirety.

_____
MEHANGA SINGH

Sworn to before me this 14 day
of February, 2025

_____
NOTARY PUBLIC

