UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                Defendants.
------------------------------------------------------------X

Case No. 20-CV-5855

**AFFIDAVIT OF JOGINDER SINGH IN SUPPORT OF MOTION TO VACATE DEFAULT AND DISMISS COMPLAINT**

STATE OF NEW YORK    )
                               ) ss.:
COUNTY OF NASSAU    )

      I, Joginder Singh, having been duly sworn, depose and swear that the following statements are true:

      1.     I am personally named as a defendant in this action and, therefore, I am fully familiar with the statements set forth herein.

      2.     I was not aware that this lawsuit existed until just a few days ago when my bank account was restrained for a judgment apparently obtained against me. Prior to my bank account being restrained, I did not know that this lawsuit existed and, if I had, I would have never defaulted as I am not responsible for any of the claims made against me by Mr. Marquez.

      3.     As soon as my account was restrained, I began to look for legal counsel to determine what happened and how to respond. I have reviewed the affidavit of service where the plaintiff claims to have served me. It states that plaintiff served my alleged "co-worker" at 257-05 Union Turnpike in Glen Oaks, New York on May 18, 2021.

1

4. 257-05 Union Turnpike is the location of a restaurant that I **formerly** partially owned called Santoor Indian Restaurant ("Santoor"). However, I sold my entire twenty five percent (25%) interest in Santoor to Kirpal Singh for $65,000.00 in May 2014. Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor. Therefore, I had no co-workers at Santoor on May 18, 2021, and, in fact, had no co-workers at that location for seven years before the service was made there.

5. The affidavit of service also states that a copy of the complaint was mailed to me at the same 257-05 Union Turnpike address in May 2021. Because I had sold my interest seven years prior, I of course did not receive mail there and never received any mailing from the restaurant. There would be no reason for me to even think that mail would be going to me at a restaurant that I had sold long ago.

6. It is my understanding that because I did not own, operate, manage or work at the restaurant on the alleged May 18, 2021 date of service that service was never properly made on me in this action. As such, I respectfully request that the Court grant my motion to vacate the default against me and dismiss the complaint for failure to properly serve me so that I could appear and defend myself on the merits.

7. Had I actually been served; I would have been able to assert these facts to the Court and ask that all claims against me be dismissed. Not only was I not properly served, but I did not own, operate, manage or work at the restaurant for the overwhelming majority of the time that the plaintiff is complaining about.

8. I have read Mr. Marquez's complaint. While the specific time period he is complaining about is not clear, it appears that he claims to have started working at the restaurant sometime in 2005. I do not specifically know or remember Mr. Marquez.

2

9.      Because I sold my interest in May 2014, and did not learn of this lawsuit until my account was restrained in or about November 2024, more than ten (10) years had passed between the sale and my learning of the lawsuit.  I have searched my records but been unable to locate any records of the sale because of the passage of time.  There was no reason for me to keep the documents for over ten years as the last time they were relevant was to file my 2014 tax returns.  I also therefore have no records from the restaurant and would not be able to address the specific allegations made by Mr. Marquez other than to state that I was no longer involved with the restaurant during the time of his complaints.

10.     The same day that I sold my interest in Santoor my former partner, Mengha Singh, also sold his 25% interest.  However, I recall that Mr. Singh was not available for the day of the closing so his son-in-law, Jagdev Singh, had a power of attorney and attended the closing.  I have asked Jagdev whether he has been able to locate any of the documents but, like me, because of the passage of time I understand he has not yet been able to locate any documents if they are still in existence.  He did confirm that he, like me, recalls the closing taking place in May 2014.  I understand that my attorneys have requested, and Jagdev has provided, an affidavit confirming his recollection that the closing took place in May 2014.

11.     It is my understanding that an amended complaint in this action was filed on April 8, 2021 and that is the first time my name was brought into this lawsuit.

12.     It is also my understanding that the first cause of action for alleged violations of the FLSA look back for a period of three years.  I did not own, operate, manage or work at the restaurant in the three years prior to April 8, 2021.

13.     It is also my understanding that the second, third and fourth causes of action for alleged violations of the New York Labor Law look back for a period of six years.   I did not own,

3

operate, manage or work at the restaurant in the six years prior to April 8, 2021. Six years prior to April 8, 2021 would be April 2015. By that time, I had already been gone from the restaurant for nearly a full year.

14. For the reasons set forth herein, I respectfully state that I was never served in this action and that the default against me should be vacated in its entirety. I further respectfully request that in light of my sale of my interest in the restaurant well before any claims that are the subject of this action that all claims against me be dismissed in their entirety.

*Joginder Singh*
JOGINDER SINGH

Sworn to before me this ___ day of November, 2024

_____
NOTARY PUBLIC

11-19-2024

MD A HOQUE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01HO6216412
Qualified in QUEENS
Commission Expires FEB 08-2026

4