UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
Esteban Marquez,                                           Case No. 20-CV-5855
Plaintiff,

                                                           **AFFIRMATION AND**
-against-                                                  **DECLARATION IN SUPPORT**
                                                           **OF MOTION TO VACATE AND**
                                                           **DISMISS**
Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
Balvinder Singh, Harminder Singh, Joginder Singh,
Kirpal Singh and Mehanga Singh

Defendants.

-------------------------------------------------X

1.  I am a member of the Law Office of Bhavleen Sabharwal, P.C. I am counsel to

    Harminder Singh (hereinafter "Harminder"), defendant in this action. As such, I am

    familiar with the statements set forth herein based upon my own personal knowledge and

    the files maintained in my office in the ordinary course of business.

2.  I make this affirmation in support of Harminder's motion to vacate the default judgement

    against him based upon the failure of plaintiff Esteban Marquez (hereinafter "Plaintiff")

    to properly serve Harminder, based upon Harminder not having control over the

    employment of Plaintiff, and based upon statute of limitations grounds.

3.  This action was commenced by the Plaintiff filing a complaint (Docket #1) and the

    issuance of a summons by the Court on December 3, 2020.

4.  Harminder was not a named defendant in the original complaint. On April 8, 2021,

    Plaintiff filed an amended complaint and for the first time asserted claims against

    Harminder. The Amended Complaint is Docket #7 and a true and accurate copy of the

    First Amended Complaint is annexed hereto as Exhibit A.

5.  Based upon the affidavit of service uploaded as Docket # 11 (herein as Ex. "B"), Plaintiff alleges to have served a "co-worker" on May 18, 2021, at "c/o Indian Taj, Inc. d/b/a Santoor Indian Restaurant" located at 257-05 Union Turnpike, Glen Oaks New York 11004. According to the affidavit of service, following alleged service on the "co-worker", on May 21, 2021, a mailing was made to Harminder at the same address where the alleged service took place.

6.  On September 29, 2022, this Court entered a judgment against Harminder (and all other defendants) on default. The Judgment is Docket #24 and a true and accurate copy of the Judgment is annexed hereto as Exhibit C.

7.  For the reasons set forth in Harminder's affidavit submitted herewith, as well as the arguments set forth below, Harminder moves: (1) to vacate the default judgment against him pursuant to FRCP Rule 60(b)(4), FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because the judgment is void due to improper service and this Court therefore never obtained personal jurisdiction over Harminder; and (2) upon vacating the default against Harminder dismissing all claims against him pursuant to FRCP Rule 12(b)(6) because the claims against Harminder are time barred and/or pursuant to FRCP Rules 12(b)(2), 12(b)(4) and/or 12(b)(5) because service was improper and insufficient and this Court therefore lacks personal jurisdiction over Harminder; and (3) if the Court does not grant the FRCP Rule 12(b) motion to dismiss then, upon vacating the default, permitting the defendant to file an answer and defend the claims against him within twenty (20) days of an order vacating the default. Harminder's motion should be, in all respects, granted.

## DISCUSSION

**I**          **The Court Lacks Personal Jurisdiction over Harminder Singh**

8.  A court cannot exercise personal jurisdiction over a defendant if there is no proper service of process. *Russo v. Estee Lauder Corp.*, 2010 U.S. Dist.LEXIS 163636, *7 (E.D.N.Y. 2010).  When a defendant moves for dismissal based on improper service, the plaintiff bears the burden of established proper service. *Id*. at 7. Furthermore, the plaintiff has a heavy burden of seeking a good cause extension if failed to properly serve within the time frame.  *Id.* at 13. For good cause, there are two factors: 1) whether plaintiff made reasonable efforts to serve the defendant and 2) whether the defendant was prejudiced by the delay in service.  *Id.* at 10. However, for extension lacking good cause, there are four factors: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether defendant had actual notice of the claims asserted in the complaint; (3) whether defendant had attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by the granting of plaintiff's request for relief from the 120 day provision.  *Id.* at 12.

9.  In *Russo,* the defendant argued improper service since the plaintiff served process at his former employment and neither the company or anyone else informed him of the suit against him.  *Id.* at 5-6.  The plaintiff countered by saying he "made a reasonable attempt to serve Previte at a location he believed to be Previte's workplace" and that the company had authorized acceptance.  *Id.* at 6. However, the court granted the defendant's motion to dismiss because the plaintiff did not prove good cause for improper service and even without good cause, held that plaintiff had not shown special circumstances that required the court to extend plaintiff's time to serve.  *Id*. at 13, 20.

10. Similarly, in *Yongwei Zhang v. How Ho Cheng*, the court granted the defendant's motion to dismiss for improper service. *Yongwei Zhang v. How Ho Cheng*, 2011 U.S. Dist. LEXIS 146539 (S.D.N.Y. 2011). Here, the plaintiff served process at the defendant's previous employment based on reliance on a NYS corporation Database. *Id.* at 7. The defendant showed that he had sold his interest in the restaurant at the time of service and had had no business interactions with the restaurant for years. *Id.* at 7. When the defendant provided this information, the burden of proof shifted to the plaintiff. The court held reliance on the NYS corporation database alone was insufficient since the database explicitly warned that "information's completeness or accuracy cannot be guaranteed." *Id.* at 7.

11. Here, Harminder sold his 25% minority ownership interest in Indian Taj, Inc. in August 2020, as documented in the Shareholders Agreement executed on August 21, 2020 (Shareholders Agreement as Ex. D and Harminder Singh affidavit (herein "Harminder Aff" as Ex. E). The agreement explicitly states that "Harminder Singh shall receive $25,000.00 from the Sale Proceeds on the day of closing as payment in full" and required him to "turn over all corporate records and documents, including but not limited to, checkbooks, credit cards, keys, etc.".

12. According to the affidavit of service, service was attempted on May 18, 2021, approximately nine months after Harminder had sold his interest. The purported service was made at 257-05 Union Turnpike, Glen Oaks, New York, the address of Santoor Restaurant. However, at this time, Harminder had no affiliation or connection to the restaurant and it was "not [his] place of business" (Harminder Aff. Par. 4).

13. He did not retain any ownership interest in the restaurant. He did not manage, control, supervise or work for it. Thus, there could be no service of a "co-worker" and thus the affidavit of service is deficient on its face.

14. Further, Harminder had no knowledge of the lawsuit until the account which contains his and his wife's monies were garnished as a result of a default judgment (Par. 5 of the Harminder Aff.).

15. Here, evidence in the form of a Shareholders Agreement showing that Harminder sold his shares to the restaurant was provided to counsel for the Plaintiff even prior to the instant motion being filed. Plaintiff in response has failed to show any "reasonable attempt" to serve Harminder at any place aside from the restaurant.

16. The Court, in *Russo*, highlighted that the plaintiff should confirm proper service under these same circumstances since the "party has not appeared, filed an answer or participated in hearings or discovery…" *Id*. at 13.

17. It is clear that the equities favor the individually named defendant. Like the defendants in *Russo,* Harminder had no knowledge of the lawsuit until his monies were garnished. There is no evidence of an attempt to conceal the defect in service since it was unknown to him that a lawsuit had been filed.

18. In addition, Plaintiff's argument asserted in opposition to co-defendant's motions to dismiss that service is proper based on the liquor license documentation allegedly listing Harminder as an owner is flawed. It is clear that Harminder relinquished his interest in the restaurant in August of 2020 and to the extent that any documentation needed to be updated regarding ownership, it was co-defendant Kirpall Singh's (who has not yet appeared in this action) obligation to ensure that the proper names were on the liquor license. The New

York State Liquor Authority governs business licenses and requires the licensee to ensure that the information on the license or any permit is accurate.

19. Harminder sold his ownership in the restaurant and had no connection with it. He should not be held liable solely because the current ownership failed to update their information on the liquor license.

20. Moreover, Harminder's wife should not have her funds confiscated based upon the former business interest of her husband. The record reflects Harminder's interest was sold prior to any alleged service. There is no evidence of due diligence to learn the proper address or to ensure proper service of process.

21. Thus, the default judgement should be vacated and at minimum, Harminder should be granted the right to submit a meritorious defense. At maximum, based upon the evidence submitted herein, the complaint should be dismissed.

**II      Harminder Singh Lacked Authority Over Employment Decisions and thus the Default Judgement Should Be Vacated and the Matter Should be Dismissed in its Entirety**

22. The default judgment against Harminder Singh should be vacated because he had formally relinquished all decision-making authority to Kirpall Singh years before he sold his 25% interest in the restaurant. The complaint alleges that Plaintiff worked at the restaurant from 2005 until June 10, 2018 (Complaint at Par. 40).

23. In 2014, Harminder Singh had already relinquished all decision-making authority to Kirpall Singh through a Corporate Resolution which resolved that "the members of the Corporation will allow Kirpall Singh, as the majority shareholder, to make all decisions on behalf of the Corporation." (Corporate resolution documents as Ex. F). While the document entitled "Corporate Resolution" is not dated, Harminder maintains that the document was

8

filed along with four other pages with the New York State Department of Corporations and that these documents were filed together on or about May 8, 2014 (See Harminder Aff.).

24. While the complaint alleges that Harminder Singh "had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment" (Complaint at Par. 13), these allegations are directly contradicted by the 2014 Corporate Resolution, which transferred all decision-making authority to Kirpall Singh.

25. As only a 25% minority shareholder in the restaurant, combined with the 2014 Corporate Resolution transferring all decision-making authority to Kirpall Singh, Harminder Singh lacked the authority to make employment-related decisions that would create liability under the FLSA or NYLL.

26. Therefore, the default judgment should be vacated and the matter should be dismissed because Harminder Singh had no control over employment matters at the restaurant after 2014, when he formally transferred all decision-making authority to Kirpall Singh through the Corporate Resolution - well before the relevant statutory periods for both the FLSA and NYLL claims.

27. Should the Court not dismiss the matter, Harminder should have the opportunity to assert defenses in an answer or through a counterclaim against co-defendant Kirpall Singh.

**III    The Causes of Action in the Complaint are Barred by the Statute of Limitations and Should Be Dismissed**

28. Even if service was proper, and it is adamantly denied that it was proper, the claims against Harminder are largely time-barred. The complaint alleges that Plaintiff was employed at the restaurant from 2005 until June 10, 2018 (Complaint at Par. 40). The amended complaint was filed on April 8, 2021.

29. The first cause of action in the complaint alleges violations of the FLSA for claims of overtime which carries a three-year statute of limitations for "willful violations" and a two-year statute of limitations for non-willful violations. Since the complaint alleges willful violations, any claims before April 8, 2018, are time-barred. Thus, only two months of claims would be within the statute of limitations period.

30. The second cause of action in the complaint alleges violations of the NYLL for overtime claims, which are subject to a six-year statute of limitations. Thus, all claims arising before April 8, 2015, are time-barred, and all claims from 2005 to April 8, 2015, are time-barred.

31. The third cause of action in the complaint alleges violations of spread of hours pay under 12 NYCRR §§ 146-1.6. Similar to the NYLL claims, this cause of action is subject to a six-year statute of limitations. Thus, all claims arising before April 8, 2015, are time-barred, and all claims from 2005 to April 8, 2015, are time-barred.

32. The fourth cause of action alleges wage statement violations under NYLL §§ 195(3) and 198. This cause of action is subject to a six-year statute of limitations. Thus, all claims arising before April 8, 2015, are time-barred, and all claims from 2005 to April 8, 2015, are time-barred.

33. Given that the majority of the claims alleged in the complaint are time-barred, lack of proper service has not been shown, and documentation demonstrates that Harminder did not control the employment of Plaintiff, the judgment should be vacated, and the matter should be dismissed.

34. At the very least, Harminder should be provided with an opportunity to file an answer and defend this matter based on the merits.

WHEREFORE, Harminder respectfully requests that its motion to vacate the default be granted and any order of garnishment be lifted; or that upon vacatur, the amended complaint be dismissed in its entirety; and for such other and further relief this Court deems just and proper under the circumstances.

Dated: February 17, 2025

Respectfully submitted,

*Bhavleen Sabharwal*

LAW OFFICE OF BHAVLEEN SABHARWAL
Bhavleen Sabharwal
Attorney for Harminder Singh
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984

11