UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

                Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                Defendants.
-----------------------------------------------------------X

Case No. 20-CV-5855

**DEFENDANT MEHANGA SINGH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE THE DEFAULT AGAINST HIM AND DISMISS ALL CLAIMS**

1

## PRELIMINARY STATEMENT

Defendant Mehanga Singh ("Singh") was first brought into this action via an amended complaint filed on April 8, 2021 and a default judgment was entered against him on September 29, 2022. However, according to the affidavit of service, Mr. Singh was served through an alleged "co-worker" at 257-05 Union Turnpike in May of 2021. 257-05 Union Turnpike is a restaurant known as Santoor Indian Restaurant ("Santoor"). As is set forth in the affidavit of Mr. Singh submitted with this motion, he sold his interest in the Restaurant to defendant Kirpal Singh in May 2014, seven years before the amended complaint was filed and allegedly served on his "co-worker." Since he sold his interest in the Restaurant, Mr. Singh has not owned, operated, managed or worked at the Restaurant. Therefore, the service upon "Ms. Jane (Refused Full Name)" was never proper. Accordingly, the Judgment entered by this Court is void as service was defective and the Court therefore never obtained personal jurisdiction over Mr. Singh.

Because service was defective and insufficient, all claims asserted against Mr. Singh should be dismissed pursuant to FRCP Rules 12(b)(2), 12(b)(4) and 12(b)(5). But, even if this Court does not dismiss the claims for improper service, they should still be dismissed as time barred. Because Mr. Singh sold his interest in the Restaurant in May 2014, the statute of limitations on the New York Labor Law claims against him expired in May 2020 and the statute of limitations on the Fair Labor Standards Act claims against him expired in May 2017. The amend complaint was not filed until 2021 and, therefore, any claims that could have been asserted against Mr. Singh are time barred.

## POINT I.

### SINGH IS ENTITLED TO VACATUR OF THE JUDGMENT UNDER FRCP RULE 55(C)AND/OR 60(B)(4)

The judgment entered against Mehanga Singh on September 29, 2022 was inarguably by default. However, pursuant to FRCP Rule 55(c) the Court may set aside an entry of default for good cause, and it may set aside a final judgment under Rule 60(b). FRCP Rule 60(b)(4), the Court has the power to relieve Mr. Singh from the judgment if the judgment itself is void. There is no time limit for a Rule 60(b)(4) motion except that it must be made within a reasonable time. As set forth in Singh's affidavit, he only recently learned of this existence of this lawsuit and the judgment when plaintiff began to attempt to enforce his judgment. A request for a pre-motion conference for permission to file this motion was made on January 8, 2025 and this motion was permitted by order of the Hon. Robert M. Levy.

It is a basic principle of procedural law that the Court is without power to render judgment against a defendant over whom it has not obtained personal jurisdiction. If the Court did not have the jurisdiction over Singh to enter judgment against him then the judgment must be declared void and must be vacated pursuant to FRCP Rule 60(b)(4). Covington Indus., Inc. v Resintex A. G., 629 F2d 730 [2d Cir 1980] (a judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity). See also Am. Inst. of Certified Pub. Accountants v Affinity Card, Inc., 8 F Supp 2d 372 [SDNY 1998] (a judgment obtained by way of defective service is void for lack of personal jurisdiction and must be set aside as a matter of law.).

Therefore, the relevant question for this Court to address is whether the service upon Singh in May 2021 was proper. If it was not, then the Court must set aside the judgment. For the reasons

3

set forth below, the service was defective and insufficient and this Court is without personal jurisdiction over Mehanga Singh.[1]

## POINT II.

**THE SERVICE ON SINGH WAS DEFECTIVE PURSUANT TO FRCP RULE 4**

The method and manner of service upon Singh is governed by FRCP Rule 4(e). Rule 4(e) states that an individual can be served by one of four permissible methods. First, under Rule 4(e)(2)(A), Singh could have been served by delivering a copy of the summons and complaint to him personally. The affidavit of service does not allege Singh was personally served so service was not made pursuant to FRCP 4(e)(2)(A). Second, under Rule 4(e)(2)(B), Singh could have been served by leaving a copy of the summons with someone of suitable age and discretion at Singh's "dwelling or usual place of abode." The affidavit of service does not allege Singh was served at his dwelling or usual place of abode. It very clearly alleges service on a "co-worker" at the Restaurant. Therefore, service was not made pursuant to FRCP 4(e)(2)(B). Third, under Rule 4(e)(2)(c), Singh could have been served by delivering a copy of the summons to his agent authorized by appointment to receive service of process. The affidavit of service does not allege service upon an agent authorized by appointment or by law to receive service.

Therefore, the only permissible method of service left for plaintiff under Rule 4 is service under Rule 4(e)(1). Service under Rule 4(e)(1) permits service in any method permitted under New York law. Service under New York law is governed by CPLR §308. The only method of service permissible under CPLR §308 which the affidavit of service would satisfy (service upon a co-worker at the Restaurant) is CPLR §308(2). CPLR §308(2) states that service upon Singh may be made by "delivering the summons within the state to a person of suitable age and discretion at

---

[1] A separate, nearly identical, motion was previously filed by defendant Joginder Singh on the same basis as the facts set forth herein and that prior motion is currently pending before the Court.

**the actual place of business**, dwelling or usual place of abode" of Singh and then by mailing the summons at his "actual place of business." (Emphasis added). The question for this court is therefore whether Mr. Singh's "actual place of business" was the Restaurant on May 18, 2021 when "Ms. Jane (Refused Full Name)" was purportedly served. As is set forth in Mr. Singh's affidavit, the Restaurant at 257-05 Union Turnpike was **not** his actual place of business on May 18, 2021. In fact, he sold his entire interest in the Restaurant seven years prior to the alleged service and he states that since he sold his interest in May 2014 he has not owned, operated, managed or worked at the Restaurant. Nothing in the affidavit of service can refute Mr. Singh's testimony.

The only thing in the affidavit of service that even remotely attempts to establish that the Restaurant was Singh's "actual place of business" on May 18, 2021 is the vague and generic reference to "Ms. Jane" as a "co-worker." It is clear from the face of the affidavit of service that it is a pro forma document used by process servers to just plug in information. There is nothing in the affidavit to indicate any questions were actually asked about Mr. Singh and answered by "Ms. Jane" and, even if this Court determines that the reference to a "co-worker" is sufficient, it still would require a hearing for this Court to weigh the credibility of Mr. Singh, "Ms. Jane", and the process server to determine whether the restaurant was Mr. Singh's "actual place of business" on May 18, 2021.

It is submitted to this Court that such a hearing is not necessary given Mr. Singh's unequivocal testimony, the testimony of others currently before the Court on this motion and Joginder Singh's prior motion, and the documentary evidence submitted with this motion and the prior motion of Joginder Singh. This evidence overwhelmingly establishes that Mehanga Singh was not affiliated with the Restaurant after May 2014 and most certainly was not affiliated with

5

the restaurant at the time of alleged service in May 2021. The only "evidence" offered by plaintiff in support of the fact that the Restaurant was Mehanga Singh's "actual place of business" is the the pro forma generic affidavit of service and alleged statements[2] from an unidentified "co-worker." For these reasons, the Court should determine that service was not proper and, therefore, that this Court does not have personal jurisdiction over Singh and the judgment is void and must be vacated.

### POINT III.

**BECAUSE SERVICE WAS IMPROPER AND INSUFFICIENT ALL CLAIMS AGAINST SINGH MUST BE DISMISSED PURSUANT TO FRCP RULE 12(B)**

If the Court agrees that service was improper as set forth in Point II, then all claims in the First Amended Complaint against Mr. Singh must be dismissed pursuant to FCP Rule 12(b). Rule 12(b)(2) requires dismissal of the complaint where the Court lacks personal jurisdiction over the moving defendant. Rule 12(b)(4) requires dismissal of the complaint where there has been insufficient process. Rule 12(b)(5) requires dismissal where there has been insufficient process. It is the plaintiff's burden to establish that he properly served Singh. Buon v Spindler, 65 F4th 64 [2d Cir 2023] (to survive motion to dismiss based upon insufficient process plaintiff must demonstrate adequate service). If the Court accepts the affidavit of service and the vague general reference to serving "Ms. Jane (Real Name Refused)" as a "co-worker" of Mr. Singh as sufficient, Mr. Singh has still refuted and overcame the process server's affidavit. Mr. Singh, and other witnesses that have submitted affidavit, have offered specific facts stating when Mehanga and

---

[2] Even if "Ms. Jane" made these statements they are hearsay and inadmissible for purposes of determining whether service was proper. Ms. Jane must be made to appear before the Court and state under oath that she is a "co-worker" of Mr. Singh and be subjected to cross-examination. It is nevertheless submitted that such a hearing is not needed because the hearsay reference to co-worker status is not sufficient to overcome Mr. Singh's detailed testimony.

Joginder Singh sold their interest in the restaurant and who they sold it to. Mehanga Singh's son-in-law, Jagdev Singh, a non-party, has offered testimony that he was at closing and confirms the sale took place in May 2014. In light of these facts, it is impossible that a "co-worker" could have been served in May 2021 because the Restaurant was no longer Mr. Singh's "actual place of business."

Based upon ¶40 of the First Amended Complaint, plaintiff stopped working at the Restaurant on June 10, 2018 – more than six years ago. As such, upon dismissal for failure of sufficient process, the claims are now time barred and cannot be refiled. Putting procedure aside momentarily, plaintiff's First Amended Complaint appears to seek damages that started in 2014. As such, if the Court agrees and accepts the testimony of Joginder Singh and Jagdev Singh, Singh could only potentially be liable for claims through May 2020 since that is when the statute of limitations expired on the New York Labor Law Claims. Because the First Amended Complaint was not filed until April 2021, the claims against Singh were barred when filed and are time barred now due to insufficient service of process. Although not a factor, there can therefore be no prejudice against the plaintiff here as his claim is now, and at all relevant times in this action has been, time barred.

## POINT IV.

**THE DOCUMENTARY EVIDENCE ESTABLISHES THAT SANTOOR WAS SOLD TO A THIRD PARTY IN 2020 – MORE THAN 7 MONTHS BEFORE THE ALLEGED SERVICE ON DEFENDANTS AT SANTOOR**

The evidence, including the affidavits of Joginder Singh, Mehanga Singh, Jagdev Singh and Mandeep Kaur, establishes that Joginder Singh and Mehanga Singh were not affiliated with Santoor restaurant in May 2021 when Mehanga was allegedly served there. The documentary

7

evidence establishes that in or about September of 2020 the only two remaining shareholders of Indian Taj, Inc. were Harpinder Singh and Kirpal Singh. Contemporaneously prepared documents, including a power of attorney notarized in 2014, and a shareholders agreement notarized in 2020, confirm that these transactions did take place and that by May 2021 neither Joginder nor Mehanga Singh were affiliated with the Restaurant.

Both Joginder and Mehanga acknowledge that they are not able to locate any records from the May 2014 sale. This should not be surprising since it took place over ten years before they became aware of this action. There is no legal requirement for them to maintain records that long nor was there any apparent reason for them to do so. However, there is substantial documentation to confirm that in 2020 the only shareholders of Indian Taj, Inc. were Harminder Singh and Kirpal Singh.

The Shareholders Agreement (Exhibit C) specifically states that Kirpal Singh owns 75% of the restaurant and Harminder Singh owns 25%  It specifically states that they "are the sole Shareholders of Indian Taj, Inc." This is fully consistent with the testimony of Joginder and Mehanga that they sold their respective interests prior to the date of the document (August 21, 2020). The terms of the Shareholders Agreement are further confirmed by the closing documents provided by attorney Mandeep Kaur who handled the 2020 closing and sale of the restaurant. The closing documents include:

> ➢ Check No. 7084 drawn on the escrow account of Mandeep Kaur for $25,000.00 and payable to "Singh Law Group, as attorney." In the memo section it states "Payment in full – Harminder Santoor Restaurant." This coincides with paragraph 4 of the Shareholders Agreement which states Harminder shall be paid $25,000 from the sale.

8

- "Consent of Members" that states Harpinder Singh and Kirpal Singh are the "sole members" of Indian Taj, Inc. and that they are selling the restaurant known as Santoor. This coincides with the statement in the Shareholders Agreement stating that Kirpal and Harminder are the sole owners and that the restaurant shall be sold (paragraph 1 of the Agreement). The Consent of Members is signed and notarized on September 2, 2020 a few days after the date on the Shareholders Agreement.

- A Notification of Sale, Trans or Assignment in Bulk, required by the State of New York, confirming that Centaur India Inc. is purchasing the restaurant for $150,000.00. It appears to be signed by the President of Centaur India on August 26, 2020 and indicates the date of the scheduled sale is September 2, 2020. The date of the scheduled sale coincides with the date of the Consent of Members to sell. The $150,000 sale price coincides with paragraph 1 of the Shareholders Agreement that says the restaurant will be sold for $150,000.

- A Bill of Sale Business signed by attorney Mandeep Kaur as the authorized agent of Indian Taj, Inc. stating that the "owner of all shares" of Indian Taj, Inc. are Kirpal Singh and Harminder Singh and that the restaurant was sold to Centaur India Inc. for $150,000. This coincides with the statement in the Shareholders Agreement as to the sole ownership of Kirpal and Harminder and the sale price of $150,000.

Collectively, the documentation overwhelmingly and conclusively establishes that Joginder Singh and Mehanga Singh were not shareholders as of August 2020 and that the only shareholders, Kirpal Singh and Harminder Singh, sold the entire restaurant to Centaur India Inc. for $150,000.00 in September 2020. As a result, there can be no question that when service was allegedly made in May 2021 at the restaurant it was no longer owned by Indian Taj, Inc. but, instead, was owned by Centaur India Inc. – an entirely unrelated entity. Accordingly, there is no evidence before the Court to support the statement in the affidavit of service that the person served was the "co-worker" of Joginder and Mehanga Singh. In fact, there is no evidence properly before this Court that such person even made the alleged statements to the process server as the affidavit of service relies only on inadmissible hearsay to establish that Mehanga worked at the location.

"New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her [or him] within that place of business." Mulligan Funding LLC v Tommy Interior Contr. Corp., 741 F Supp 3d 1 [EDNY 2024] citing Warshun v New York Community Bancorp, Inc., 957 F Supp 2d 259 [EDNY 2013]. In Warshun the Court (citing Velez v Vassallo, 203 F Supp 2d 312 [SDNY 2002]) accepted the definition of "actual place of business" to include "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business." There is no evidence here that Mehanga Singh, through regular solicitation or advertisement held out Santoor restaurant as his place of business in May 2021. There is likewise no evidence that as of May 2021 he regularly transacted business there or that he owned or operated the business there. To the contrary, the only

evidence before his Court is that Centuar India, Inc. owned and operated the restaurant in May 2021. There is not even an allegation from plaintiff or the process server that Mehanga Singh is affiliated with Centaur India.

## **CONCLUSION**

For the reasons set forth herein, the default judgment against Mehanga Singh should be vacated and all claims against him should be dismissed based upon this Court's lack of personal jurisdiction over him due to improper and insufficient service of process.

Dated: Bohemia, New York
          February 14, 2025

>                       Respectfully submitted,
>
>                       KUSHNICK PALLACI PLLC
>
>                       _/s/ Vincent T. Pallaci_____
>                       VINCENT T. PALLACI (VP 0801)
>                       Attorneys for Joginder Singh and Mehanga Singh
>                       3920 Veterans Memorial Highway, Suite 7
>                       Bohemia, New York 11716
>                       (631) 752-7100
>                       vtp@kushnicklaw.com