**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Esteban Marquez,<br><br>                                            Plaintiffs,<br>              v.<br><br>Indian Taj, Inc. d/b/a Santoor Indian Restaurant,<br>Balvinder Singh, Harminder Singh, Joginder Singh,<br>Kirpal Singh and Mehanga Singh,<br>                                            Defendants. | Case No. 20-CV-5855 (DG)(RML) |

PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
TO VACATE DEFAULT AND TO DISMISS FOR LACK OF JURISDICTION

Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
(516) 671-1150
smoser@moseremploymentlaw.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** .................................................................................................. 1

**ARGUMENT** .............................................................................................................................. 3

    I.    THE AFFIDAVITS OF SERVICE ARE FACIALLY VALID ......................................... 3

    II.   SANTOOR INDIAN RESTAURANT WAS THE INDIVIDUAL DEFENDANTS' "ACTUAL PLACE OF BUSINESS" ON MAY 18, 2021 ........................................................ 4

        A.    The Licensed Premises is The "Actual Place of Business" of Principals Listed on a New York State Liquor License .................................................................................. 4

        B.    The Defendants Were Principals on the Liquor License on May 18, 2021 ............... 5

        C.    The Individual Defendants were Obligated and Failed to Notify the SLA of any Changes in Ownership or Management of Indian Taj ............................................... 7

    III.  THE DEFENDANTS HAVE FAILED AND/OR REFUSED TO DISCLOSE DOCUMENTS, AND THE FAILURE TO FURNISH SUCH DOCUMENTS SUGGESTS THAT THEIR MOTIONS ARE WITHOUT MERIT. ................................................................ 9

        A.    Defendants have Failed and/or Refused to Disclose Documents in Support of Their Motion to Dismiss for Lack of Jurisdiction. ............................................................. 9

        B.    A Party's Failure to Disclose Documents in Support of a Motion to Dismiss for Lack of Jurisdiction May Lead to an Inference that the Motion is Without Merit.. 10

    IV.  DEFENDANTS HAVE NOT MET THEIR BURDEN TO ESTABLISH LACK OF WILFULNESSS SUFFICIENT TO JUSTIFY VACATUR ................................................... 11

**CONCLUSION** ......................................................................................................................... 12

## PRELIMINARY STATEMENT

This action was commenced on December 3, 2020 against Defendants Indian Taj, Inc. and Balvinder Singh to recover unpaid wages, overtime and related damages under the Fair Labor Standards Act (FLSA), the New York Labor Law (NYLL) and the Hospitality Industry Wage Order (12 NYCRR 146). Neither Indian Taj nor Balvinder Singh answered the complaint.

On April 8, 2021, Plaintiff's attorney performed searches on the New York State Liquor Authority website (www.sla.ny.gov). That search revealed that (1) there was an active liquor license for Indian Taj, Inc. (Lic. No. 109547) and (2) the principals on the licenses were Harminder, Mehanga, Kirpal and Joginder Singh. A first amended complaint ("FAC") was filed the same day against these defendants, and they were served at the restaurant on May 18, 2021. Judgment by default was entered against all Defendants, jointly and severally in September 2024.

Defendants Joginder Singh[1], Mehanga Singh[2] and Harminder Singh[3] now move to vacate the default judgment entered against them, claiming that they did not own, operate, manage or work for the restaurant on May 18, 2021.[4] These men claim that the Plaintiff mistakenly and irresponsibly served them at the restaurant long after they had any involvement in its management or operation.

Because the Defendants stated under oath to the SLA that the restaurant was their actual place of business, service was proper and the judgment should not be vacated.

---

[1] See D.E. No. 26 (November 21, 2024).
[2] See D.E. No. 41 (February 14, 2025).
[3] See D.E. No. 43 (February 17, 2025).
[4] Kirpal Singh has indicated that he also will be filing a motion to dismiss. See D.E. No. 42 (February 17, 2025)

1

## FACTS[5]

On April 8, 2021, Plaintiff's attorney performed searches on the New York State Liquor Authority website (www.sla.ny.gov) which revealed that Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh were principals on the license issued to Indian Taj, Inc. A first amended complaint ("FAC") was filed the same day against these Defendants, and they were served at the restaurant on May 18, 2021.

In January 2025 the Plaintiff served subpoenas upon the New York State Liquor Authority ("SLA") and the New York State Department of State ("DOS"). The SLA produced 497 pages in response to the subpoena on January 27, 2025. The responses furnished by the SLA and the DOS confirm the following:

(a) Harminder, Joginder and Mehanga Singh became involved in Indian Taj, Inc. d/b/a Santoor Indian Restaurant in 1996. Kirpal Singh joined the business in 2003.

(b) Harminder Singh was a principal on the restaurant's liquor licenses in effect from 1996 until April 2022.

(c) Joinder, Mehanga and Kirpal Singh were principals on the restaurant's liquor licenses in effect from September 6, 2013 until April 2022.

(d) On May 29, 2013, Harminder, Joginder, Mehanga and Kirpal Singh stated to the SLA that they were employees, managers, owners and officers of Indian Taj, Inc.

(e) On September 6, 2013 the SLA issued a "Notice of Approval of Corporate Change" identifying Harminder, Mehanga, Kirpal and Joginder Singh as the principals of Indian Taj, Inc. The notice of approval explicitly informed the Defendants that

*No further transfer or re-transfer of the stock may be made to any person, including the seller, nor can any change of officers or directors be effectuated without. . .first obtaining the approval of the State Liquor Authority[.]*

(f) No re-transfer or change of officers or directors was ever requested by the Defendants or approved by the SLA after September 6, 2013.

(g) In May 2021 the Defendants were served at the restaurant.

---

[5] The facts set forth herein are detailed in the Declaration of Steven J. Moser in opposition to the motion to vacate.

2

(h) On July 16, 2021, after the Defendants were properly served, they submitted a request to the NYSLA to surrender the liquor license.

(i) Indian Taj, Inc. has not been dissolved and according to the NYS DOS remains an active New York Corporation.

## ARGUMENT

**I.    THE AFFIDAVITS OF SERVICE ARE FACIALLY VALID**

"In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002); *Skyline Agency v. Ambrose Coppotelli*, 117 A.D.2d 135, 139, 502 N.Y.S.2d 479, 483-84 (2d Dep't 1986).

Defendant Mehanga Singh argues that the affidavits of service are defective because they do not set forth specific facts establishing that the restaurant was the Defendants' "actual place of business" on May 18, 2021. *See* Mehanga Singh Memorandum of Law D.E. No. 47, at 5 (arguing that the affidavit of service is defective because it does not set forth specific facts to "establish that the Restaurant was Singh's 'actual place of business' on May 18, 2021."). Mehanga also argues that the affidavit is defective because "it is a pro forma document used by process servers to just plug in information" and because the process server does not indicate in the affidavit if "any questions were actually asked about Mr. Singh and answered by 'Ms. Jane.'" *Skyline Agency*, 117 A.D.2d at 139, 502 N.Y.S.2d at 483-84

However, Mehanga does not cite any cases which impose these invented requirements. Indeed, Courts regularly rely on form affidavits of service which allege substituted service on a "Jane Doe" or "John Doe" followed by mailing. In *Joe Hand Promotions, Inc. v. Crisis Bar L.L.C.*, No. 21 Civ. 6563 (PKC) (VMS), 2023 U.S. Dist. LEXIS 9751, at *13-14 (E.D.N.Y. Jan. 19, 2023) the Defendant challenged the validity affidavits of service virtually identical to the affidavits of service upon the Defendant in this case. The court noted:

3

> For the individual Defendants, the affidavits of service reflect that the process server delivered the complaint and summons to "John-Refused name" at The Crisis Bar and mailed postpaid copies to the same address in a properly marked envelope. In light of this, Plaintiff's service on the individual Defendants conformed to the requirements of CPLR § 308(2) and, therefore, Rule 4(e).

*Joe Hand Promotions, Inc.*, 2023 U.S. Dist. LEXIS 9751, at *13-14

## II.     SANTOOR INDIAN RESTAURANT WAS THE INDIVIDUAL DEFENDANTS' "ACTUAL PLACE OF BUSINESS" ON MAY 18, 2021

### A.   The Licensed Premises is The "Actual Place of Business" of Principals Listed on a New York State Liquor License

A person that that effectively hold outs a location as his business address, cannot disclaim it as his "actual place of business." *Jimenez v. Bosie, L.L.C.*, No. 19 Civ. 11570 (ER), 2021 U.S. Dist. LEXIS 129320, at *11 (S.D.N.Y. July 12, 2021) (citing *Gibson, Dunn & Crutcher L.L.P. v. Glob. Nuclear Servs. & Supply, Ltd.*, 280 A.D.2d 360, 361, 721 N.Y.S.2d 315 (1st Dep't 2001)).

Courts within the Second Circuit have repeatedly held that a licensed premises is the "actual place of business" of the principals on a New York State liquor license. *See, e.g., Joe Hand Promotions, Inc.,* 2023 U.S. Dist. LEXIS 9751, at *14-15 (finding that the "actual place of business" of the individual Defendants was the bar because they were listed as principals on the liquor license); *Jimenez v. Bosie, L.L.C.* (*ER*), No. 19 Civ. 11570 (ER), 2021 U.S. Dist. LEXIS 129320, 2021 WL 2941916, at *5 (S.D.N.Y. July 12, 2021) (denying defendant's motion to dismiss for insufficient service and denying defendant's request for an evidentiary hearing where the individual defendant was served at the location where he was listed as a principal on the liquor license); *see also J&J Sports Prod. v. El Ojo Aqua Corp.*, No. 13-CV-6173 (ENV) (JO), 2014 U.S. Dist. LEXIS 136024, 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014), report & recommendation adopted, 2014 U.S. Dist. LEXIS 132980, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014) (finding that the fact that an individual was listed as a principal on a bar's liquor license "suggests…a general ability to supervise the establishment's operations"); *Mangahas v. Eight*

4

*Oranges Inc.*, No. 22-cv-4150 (LJL), 2022 U.S. Dist. LEXIS 190294, at *14 (S.D.N.Y. Oct. 18, 2022) (denying motion to dismiss overtime claims against individual as insufficiently pled under Rule 12(b)(6) where plaintiff alleged that the individual was a principal on the liquor license).

### B. The Defendants Were Principals on the Liquor License on May 18, 2021[6]

On April 8, 2021 Plaintiff's counsel performed a search on the New York State Liquor Authority website (www.sla.ny.gov), which revealed that (1) there was an active liquor license for Indian Taj (Lic. No. 109547) and (2) *the active principals of the restaurant* were Harminder, Mehanga, Kirpal and Joginder Singh. After the Defendants claimed that they were not principals on the license on May 18, 2021 Plaintiff's Counsel served a subpoena upon the SLA. The file from the SLA confirms that the Defendants' remained principals on the liquor license until July 2021. More specifically,

On May 30, 2013 Harminder Singh signed an application as President of Indian Taj, Inc. for a corporate change. The application contains the following statement:

> I/We verify that all of the above statements are true. If any of the above information changes prior to receipt of the license or approval of the corporate change, I/we will notify the Authority by registered or certified mail within 48 hours. If any changes occur after the issuance of the license or approval applied for, I/we understand that failure to give the required notice may constitute a violation of Section 110 of the Alcoholic Beverage Control ["ABC"] Law[.][7]

On May 13, 2013 Joginder submitted a "Personal Questionnaire" to the SLA stating that he had been employed by Indian Taj, Inc. since 2003 and after the date of the application he would

---

[6] The facts set forth herein are contained in the Declaration of Steven J. Moser in Opposition to Defendants' Motions to Vacate dated March 10, 2025.

[7] Section 110(i)(4) of the ABC Law requires that

> If there be any change, after the filing of the application or the granting of a license, in any of the facts required to be set forth in such application, a supplemental statement giving notice of such change, cost and source of money involved in the change, duly verified, shall be filed with the authority within ten days after such change[.]

5

hold the positions of "Vice President", "Officer", "Director" and "Shareholder" with Indian Taj, Inc. To the question "Will you take an active part in the operation of the business to be licensed?" he responded "Yes." More specifically, he said he would "handle[] and manage[] the kitchen" and "work from 5:00 PM to 10:00 every day."

On May 13, 2013 Mehanga submitted a "Personal Questionnaire" to the SLA stating that he had been employed by Indian Taj, Inc. since 1996 and after the date of the application he would hold the positions of "Secretary", "Officer, "Director" and "Shareholder" with Indian Taj, Inc. To the question "Will you take an active part in the operation of the business to be licensed?" he responded "Yes." More specifically, he said he would "manage, supervise and oversee overall management of the business."

On May 13, 2013 Kirpal submitted a "Personal Questionnaire" to the SLA stating that he had been employed by Indian Taj, Inc. since 2003 and that after the date of the application he would hold the positions of "Treasurer", "Officer", "Director" and "Shareholder." To the question "Will you take an active part in the operation of the business to be licensed?" he responded "Yes." More specifically, he said he would "manage, supervise and overall manage the restaurant in the evening hours from 5:00 PM to 10:00 PM."

Joginder, Mehanga, and Kirpal also signed an "Applicant's Statement" which contained the following language:

> I [] understand that the State Liquor Authority will rely on each and every answer in the application and accompanying documents in reaching its determination and state, under penalty of perjury, that all statements and representations therein are true to the best of my knowledge and belief[.]
>
> I understand that if any change occurs in the information provided to the Authority in the application, the licensee must notify the Authority by certified mail within 48 hours and if any change occurs after receipt of the license, the licensee must notify the Authority by certified mail within 10 days.

6

On September 6, 2013 the corporate change application naming Harminder, Joginder, Mehanga and Kirpal as principals on the license was approved by the SLA. The approval contains the following notice:

> "No further transfer or re-transfer of the stock may be made to any person, *including the seller,* nor can any change of officers or directors be effectuated without first complying with Section 99-d, Subdivision 2, of the Alcoholic Beverage Control Law[8] and first obtaining the approval of the State Liquor Authority to such further transfer or re-transfer."
>
> If the said corporate change, as approved herein, is not consummated, the Authority must be notified within ten days from the date of this notice by registered letter addressed to the State Liquor Authority[.]

The license was *renewed without any changes* in April 2014, April 2016, April 2018 and January 2021. Joginder and Mehanga, who now tell this Court that they *had not been affiliated with the restaurant since May 2014*, were active principals on the Liquor License in 2021. Harminder Singh, who tells this Court that he *sold the restaurant in September 2020* and had no connection to the business thereafter, told the SLA in *January and February 2021* that Indian Taj, Inc. d/b/a Santoor Indian Restaurant *was still in operation at the very location where service was process was made, and he was a corporate principal.*

### C. The Individual Defendants were Obligated and Failed to Notify the SLA of any Changes in Ownership or Management of Indian Taj

The individual defendants cannot claim that it was someone else's obligation to notify the SLA of any changes. According to the New York State Alcoholic Beverage and Control Law and

---

[8] This section of the Alcoholic Beverage and Control Law sates that

> Before any change in the members of a limited liability company or the transfer or assignment of a membership interest in a limited liability company or any corporate change in stockholders, stockholdings, alcoholic beverage officers, officers or directors, can be effectuated…there shall be filed with the liquor authority an application for permission to make such change[.]

7

its implementing regulations, the individual defendants were "licensees" who hat the obligation to notify the SLA if their role in the management, ownership or operation of the restaurant changed.

Just as the definition of "employer" under the New York Labor Law is broad, the definition of "Licensee" under the New York State Alcoholic and Beverage Control Law is broad. "Licensee" includes "any person to whom a license has been issued pursuant to this chapter" (N.Y. Alco. Bev. Cont. Law § 3(18)), and "'person' includes an individual" (§ 3(22)).

"A license issued to any person. . .for any licensed premises" belongs to the person and "*shall not be transferable to any other person.*" N.Y. Alco. Bev. Cont. Law § 111. The implementing regulations specifically state that "[w]henever the word licensee or permittee is used herein, unless the context otherwise requires, it shall mean and include an individual licensee or permittee, and each member of a partnership licensee or permittee, *and each officer, director and stockholder of a corporate licensee or permittee[.]*" N.Y. Comp. Codes R. & Regs. tit. 9, § 53.2.

Both the State Liquor Authority and New York Courts have noted that the liquor license does not actually belong to the licensed premises, but instead to the principals who filed the application. *Matter of 565 W. Side Cafe Corp. v. N.Y. State Liquor Auth.*, 2023 N.Y. Slip Op. 32855(U) (2023). In *Matter of 565 W. Side Cafe Corp.*, 2023 N.Y. Slip Op. 32855(U) the new owners of a restaurant, (who had not filed an application for a corporate change) challenged the SLA's decision to accept the voluntary surrender of the license from the prior owner, Richard Wong. The SLA argued that Richard Wong, not the corporation, was the actual "licensee", and therefore the new owners lacked standing to challenge the administrative decision. *Matter of 565 W. Side Cafe Corp.*, 2023 N.Y. Slip Op. 32855(U). The court agreed, stating that "[t]he [corporate] petitioner, *who is not a licensee*, has no standing to maintain this proceeding[.]" *Matter of 565 W. Side Cafe Corp.*, 2023 N.Y. Slip Op. 32855(U).

8

### III. THE DEFENDANTS HAVE FAILED AND/OR REFUSED TO DISCLOSE DOCUMENTS, AND THE FAILURE TO FURNISH SUCH DOCUMENTS SUGGESTS THAT THEIR MOTIONS ARE WITHOUT MERIT.

#### A. Defendants have Failed and/or Refused to Disclose Documents in Support of Their Motion to Dismiss for Lack of Jurisdiction.

##### 1. *Defendants have failed to furnish relevant documents that are readily available to them.*

Under New York law, Indian Taj, Inc. must…

> keep correct and complete books and records of account and [to] keep minutes of the proceedings of its shareholders, board and executive committee, if any, and [to] keep. . .a record containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

N.Y. Bus. Corp. Law § 624(a). The Defendants, all current or former shareholders of Indian Taj, Inc. have the right to inspect these corporate records upon demand. N.Y. Bus. Corp. Law § 624(a). However, none of the Defendants have indicated that they demanded inspection of the corporate records. Defendants have failed to furnish banking records which would contain corporate resolutions authorizing the signatories on the financial accounts. Defendants have also failed to furnish any tax returns for the corporation or the individual defendants, which may show whether the defendants were shareholders.[9]

##### 2. *Defendants have withheld documents.*

For example, Mandeep Kaur, a transactional attorney, has furnished selected documents from her file. While she claims that the records are "consistent with her recollection" that in September 2020 the owners were Kirpal Singh and Harminder Singh, she has not indicated what documents have been withheld or why, nor has she produced evidence that the anticipated sale of the business was actually consummated.

---

[9] Some examples of the tax records which may contain information concerning corporate ownership include Schedule K-1, Form 1120-S, and Schedule E to form 1040.

9

In fact, defendants furnish a "Certificate of Discontinuance of Assumed Name" which was *never filed with the DOS as required by NY General Business Law § 130.* Similarly, defendants have not furnished a copy of any cancelled check showing that a sale was consummated. There is no indication that the "Notification of Sale, Transfer, or Assignment in Bulk" furnished by Ms. Kaur was ever filed with the NYS Department of Taxation and Finance.

### 3. *Defendants have misrepresented the nature of documents they have produced*

The undated "Corporate Resolution" forming part of Exhibit F to Bhavleen Sabharwal's Declaration (See D.E. No. 43-7) was also *never filed* with the DOS. "While the document entitled 'Corporate Resolution' is not dated, Harminder maintains that the document was filed along with four other pages with the New York State Department of Corporations and that these documents were filed together on or about May 8, 2014." See Declaration of Bhavleen Sabharwal ¶ 23 (Citing Harminder Singh Aff. ¶ 10). However, the first page of Exhibit F (ECF Page ID #394) *was not filed* with the Division of Corporations ("DOC"). It is a receipt issued by the DOC for filing an "assumed name certificate." The second page of Exhibit F (ECF Page ID #395) *was not filed* with the DOC. It is a receipt from Accumera LLC, a third party corporate formation and filing service. The last page of Exhibit F (ECF Page ID #398) *was not filed* with the DOC as it does not bear a filing stamp. Therefore, the DOC has no record of receiving pages 1, 2 and 5 of Exhibit F.

### B. A Party's Failure to Disclose Documents in Support of a Motion to Dismiss for Lack of Jurisdiction May Lead to an Inference that the Motion is Without Merit.

A Court has the power to manage its own affairs and to make jurisdictional inferences from a defendants' failure to furnish documents in support of a motion to dismiss for lack of jurisdiction. In *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 695, 102 S. Ct. 2099, 2100 (1982) the Defendants failed to produce documents relevant to the jurisdictional analysis as

10

directed by the Court. The district court made a finding of jurisdiction, and the Court of Appeals affirmed. The Supreme Court observed that

> Unlike subject-matter jurisdiction, which is an Art. III as well as a statutory requirement, the requirement that a court have personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest. Because it protects an individual interest, it may be intentionally waived, or for various reasons a defendant may be estopped from raising the issue. Due process is violated by a rule establishing legal consequences of a failure to produce evidence only if the defendant's behavior will not support the presumption that "the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense." *Hammond Packing Co.* v. *Arkansas*, 212 U.S. 322, 351.

*Ins. Corp. of Ir.*, 456 U.S. at 695, 102 S. Ct. at 2100. The Supreme Court agreed that the failure to furnish relevant documents supported the inference that the jurisdictional challenge lacked merit. *Id.*

## IV. DEFENDANTS HAVE NOT MET THEIR BURDEN TO ESTABLISH LACK OF WILFULNESSS SUFFICIENT TO JUSTIFY VACATUR

The party seeking vacatur bears the burden of showing that the default was not willful. *King v. Galluzzo Equip. & Excavating, Inc.*, 223 F.R.D. 94, 97 (E.D.N.Y. 2004) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)); *In re Martin-Trigona*, 763 F.2d 503, 505 (2d Cir. 1985) (upholding district court's denial of a motion to vacate where appellants "failed to show that the default was not willful.").

The failure to comply with statutory obligations requiring the reporting of changes in ownership, management and address is sufficient to infer willfulness. *In re Martin-Trigona*, 763 F.2d at 505-06 (a corporation's failure to "change the address for service of process with the Secretary of State constitutes a willful disregard of legal process and a willful default."); *FGB Realty Advisors v. Norm-Rick Realty Corp.*, 227 A.D.2d 439 (2d Dep't 1996) (failure to apprise Secretary of State of an address change "does not constitute a reasonable excuse for purposes of vacating a default judgment."); *Cedeno v. Wimbledon Bldg. Corp.*, 207 A.D.2d 297 (1st Dep't 1994)

11

("[I]t is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process . . . and failure to meet that obligation will not constitute reasonable excuse to vacate a default judgment. . . . It is for this reason that service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant.").

## CONCLUSION

The motions to vacate and dismiss for lack of jurisdiction are wholly without merit. The Defendants' representations to the Court are contradicted by their sworn statements to the SLA. The restaurant was the moving Defendants' actual place of business on May 18, 2021 as they were principals on the liquor license. Plaintiff intends on making a motion for additional attorneys' fees and costs associated with opposing the Defendants' motions.

Dated: Huntington, New York
      March 10, 2025

                                                        Respectfully Submitted,
                                                        Moser Law Firm, P.C.

                                                        By: Steven John Moser