UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esteban Marquez, | |
| Plaintiff, | |
| -against- | Case No. 20-cv-5855(DG)(RML) |
| Indian Taj, Inc. d/b/a Santoor Indian Restaurant, Balvinder Singh, Harminder Singh, Joginder Singh, Kirpal Singh and Mehanga Singh, | |
| Defendants. | |

**DECLARATION OF STEVEN J. MOSER IN OPPOSITION TO DEFENDANTS'
MOTIONS TO VACATE THE DEFAULT JUDGMENT AND DISMISS FOR LACK OF
JURISDICTION**

Steven John Moser declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that

the following is true and correct.

1.      I am the attorney for the Plaintiff in this action.

2.      I am admitted to practice before this Court.

3.      I submit this declaration in opposition to the Defendants' Motions to Vacate the

Default Judgment and Dismiss the Complaint.

4.      This action was commenced on December 3, 2020 against Defendants Indian Taj,

Inc. and Balvinder Singh to recover unpaid wages, overtime and related damages under the Fair

Labor Standards Act (FLSA), the New York Labor Law (NYLL) and the Hospitality Industry

Wage Order (12 NYCRR 146).  Neither Indian Taj nor Balvinder Singh answered the complaint.

5.      On April 8, 2021, I personally performed searches on the New York State Liquor

Authority website (www.sla.ny.gov).  Those searches revealed that (1) there was an active liquor

license for Indian Taj, Inc. (Lic. No. 109547) and (2) the principals on the license were

Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh.

6.      A first amended complaint ("FAC") was filed on April 8, 2021 against Harminder

Singh, Mehanga Singh, Kirpal Singh and Joginder Singh, and they were served at the restaurant

on May 18, 2021.

7.      Judgment by default was entered against all Defendants, jointly and severally in

September 2024.

8.      Defendants Joginder Singh, Mehanga Singh and Harminder Singh have moved to

vacate the default judgment entered against them, claiming that they did not own, operate,

manage or work for the restaurant on May 18, 2021.[1]

9.      According to the Defendants,

*"Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor."*

- Joginder Singh[2]

*"Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor."*

- Mehanga Singh[3]

*"On August 21, 2020, I sold my 25% minority interest in the restaurant."*

- Harminder Singh[4]

*"…I didn't have an ownership interest, operate, manage or employed [sic.] by the restaurant on May 18, 2021[.]"*

---

[1] Kirpal Singh has indicated that he also will be filing a motion to dismiss. See ECF No. 42 (February 17, 2025)

[2] Affidavit of Joginder Singh dated November 21, 2024, D.E. No. 26-2, ¶ 4 ("Joginder Aff.").

[3] Affidavit of Mehanga Singh dated February 14, 2025, D.E. No. 34-1, ¶ 4 ("Mehanga Aff.).

[4] Affidavit of Harminder Singh dated February 14, 2025, D.E. No. 43-6, ¶ 4 ("Harminder Aff).

- Harminder Singh[5]

*"[I]n 2014, I. . .relinquished all decision-making authority to Kirpal Singh through a Corporate Resolution[.]    The document entitled "Corporate Resolution" is not dated but I believe it was signed sometime in May of 2014 as it was attached to four pages of documents filed with the New York State Department of Corporations and those were filed in May of 2014"*

- Harminder Singh[6]

10.     In January 2025 the Plaintiff served subpoenas upon the New York State Liquor Authority ("SLA") and the New York State Department of State ("DOS").

11.     The SLA produced 495 pages in response to the subpoena on January 27, 2025. Annexed hereto as Exhibit 1 is a true copy of the cover letter from the SLA and the records certification which was annexed to the subpoena response.  Relevant portions of the SLA file are annexed hereto.  The entire file (all 495 pages) can be provided upon the Court's request.  The file refutes the Defendants' claims.

12.     On May 30, 2013 Harminder Singh signed an application as President of Indian Taj, Inc. for a corporate change to the SLA, a copy of which is annexed hereto as Exhibit 2.   By his signature, he stated as follows:

> I/We verify that all of the above statements are true. If any of the above information changes prior to receipt of the license or approval of the corporate change, I/we will notify the Authority by registered or certified mail within 48 hours. If any changes occur after the issuance of the license or approval applied for, I/we understand that failure to give the required notice may constitute a violation of Section 110 of the Alcoholic Beverage Control ["ABC"] Law[.][7]

---

[5] Harminder Aff. ¶ 8.

[6] Harminder Aff. ¶ 10.

[7] Section 110(i)(4) of the ABC Law requires that

> If there be any change, after the filing of the application or the granting of a license, in any of the facts required to be set forth in such application, a supplemental statement giving notice of such change, cost and source of money involved in the change, duly verified, shall be filed with the authority within ten days after such change[.]

13.     On May 13, 2013 Joginder Singh signed a "Personal Questionnaire" a copy of which is annexed hereto as Exhibit 3.  The questionnaire indicates that he had been employed by Indian Taj, Inc. since 2003[8] and that after the date of the application he would hold the positions of "Vice President", "Officer, "Director" and "Shareholder" with Indian Taj, Inc.[9] To the question "Will you take an active part in the operation of the business to be licensed?" he responded "Yes."[10] More specifically, he would  "handle[] and manage[] the kitchen" and "work from 5:00 PM to 10:00 every day."[11]

14.     On May 13, 2013 Mehanga Singh signed a "Personal Questionnaire" a copy of which is annexed hereto as Exhibit 4.  The questionnaire indicates that he had been employed by Indian Taj, Inc. since 1996[12], and after the date of the application he would hold the positions of "Secretary", "Officer, "Director" and "Shareholder" with Indian Taj, Inc.[13]  To the question "Will you take an active part in the operation of the business to be licensed?" he responded "Yes."[14]  More specifically, he would  "manage, supervise and oversee overall management of the business."[15]

15.     On May 13, 2013 Kirpal Singh signed a "Personal Questionnaire", a copy of which is annexed hereto as Exhibit 5.  He indicated that he had been employed by Indian Taj, Inc. since 2003[16] and that after the date of the application he would hold the positions of "Treasurer", "Officer", "Director" and "Shareholder."[17] To the question "Will you take an active

---

[8] Ex. 3, Section 4.
[9] Ex. 3, Section 2.
[10] Ex. 3, Section 5(b).
[11] Ex. 3, Section 5(b).
[12] Ex. 4, Section 4.
[13] Ex. 4, Section 2.
[14] Ex. 4, Section 5(b).
[15] Ex. 4, Section 5(b).
[16] Ex. 5, Section 4.
[17] Ex. 5, Section 2.

part in the operation of the business to be licensed?" he responded "Yes."[18] More specifically, he

would "manage, supervise and overall manage the restaurant in the evening hours from 5:00 PM

to 10:00 PM."[19]

16.  Joginder, Mehanga, and Kirpal each signed an "Applicant's Statement" (the last

page of Exhibits 3, 4 and 5, which contained the following language:

> I [] understand that the State Liquor Authority will rely on each and every answer
> in the application and accompanying documents in reaching its determination and
> state, under penalty of perjury, that all statements and representations therein are
> true to the best of my knowledge and belief[.]

> I understand that if any change occurs in the information provided to the Authority
> in the application, the licensee must notify the Authority by certified mail within
> 48 hours and if any change occurs after receipt of the license, the licensee must
> notify the Authority by certified mail within 10 days.

17.  Annexed hereto as Exhibit 6 is a true and accurate copy of a "Notice of Approval

of Corporate Change" for Indian Taj, Inc.  The notice identifies Harminder Singh, Mehanga

Singh, Kirpal Singh and Joginder Singh as the principals of Indian Taj, Inc.  and states that

> "No further transfer or re-transfer of the stock may be made to any person,
> *including the seller,* nor can any change of officers or directors be effectuated
> without first complying with Section 99-d, Subdivision 2, of the Alcoholic
> Beverage Control Law[20] and first obtaining the approval of the State Liquor
> Authority to such further transfer or re-transfer."

> If the said corporate change, as approved herein, is not consummated, the
> Authority must be notified within ten days from the date of this notice by registered
> letter addressed to the State Liquor Authority[.]

---

[18] Ex. 5, Section 5(b).
[19] Ex. 5, Section 5(b).
[20] This section of the Alcoholic Beverage and Control Law sates that

> Before any change in the members of a limited liability company or the transfer or assignment of
> a membership interest in a limited liability company or any corporate change in stockholders,
> stockholdings, alcoholic beverage officers, officers or directors, can be effectuated…there shall
> be filed with the liquor authority an application for permission to make such change[.]

18.     According to the SLA file, the Defendants never notified the SLA of any changes. Indeed, the license was *renewed without any changes* in April 2014, April 2016 and April 2018. Copies of the relevant applications are annexed hereto as Exhibits 7.1, 7.2 and 7.3.

19.     Harminder Singh signed a renewal application on February 28, 2021.  Copies of the renewal signed by Harminder Singh are annexed hereto as Exhibit 8.

20.     The renewal rejected because it did not list the other active officers, including Joginder Singh, Mehanga Singh and Kirpal Singh.  A copy of the notice indicating that the active officers included Joginder Singh, Mehanga Singh and Kirpal Singh is annexed hereto as Exhibit 8.1

21.     Thereafter, to avoid making any application for a corporate change, Indian Taj requested that the requirement to file a renewal application be waived due to "undue hardship." The SLA waived the requirement to file a renewal application.  Copies of relevant documents from the SLA file are annexed hereto as Exhibit 9.

22.     The SLA issued Indian Taj, Inc. a license for the period from February 22, 2021 through April 30, 2022.  A copy of this license is annexed hereto as Exhibit 10.

23.     On July 16, 2021, only after the complaint was served, Indian Taj, Inc. submitted a request to the NYSLA to surrender the liquor license.  The request was signed by Harminder Singh.  A copy of the request is annexed hereto as Exhibit 11.

24.     On January 23, 2025 the New York State Department of State produced documents in response to a subpoena served by Plaintiff.  Copies of the documents received in response to the subpoena are annexed hereto as Exhibit 12.

25.     According to the records received from the DOS, Indian Taj, Inc. remains an active corporation.

26.      According to the records received from the DOS, the "Certificate of

Discontinuance of Assumed Name" furnished by the Defendants in support of their motion to

vacate and dismiss was never filed with the DOS.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and

correct.


Dated:  Huntington, New York
        March 10, 2025

_____
Steven John Moser, Esq. (SM1133)