UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

                    Plaintiff,

   -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,

                    Defendants.
-----------------------------------------------------------X

Case No. 20-CV-5855

**DEFENDANT MEHANGA SINGH'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF MOTION TO VACATE THE DEFAULT AGAINST HIM AND DISMISS ALL CLAIMS**

1

**PRELIMINARY STATEMENT**

    None of the documents submitted by the plaintiff in opposition to the motion filed by defendant Mehanga Singh establish that the restaurant was his actual pace of business when he was allegedly served there in May 2021. The <u>only</u> documents submitted by plaintiff that are signed by defendant Joginder Singh and Mehanga Singh are from 2013. Mehanga and Joginder Singh have already submitted testimony that they were former owners of the restaurant and sold their interest in or about May 2014. The documents signed in 2013 are therefore entirely consistent with their testimony. What is telling is that <u>none</u> of the documents signed after 2014 are signed by Mehanga Singh or Joginder Singh. This further supports their testimony.

    The Court's attention is respectfully referred to the liquor license renewal signed in 2016 submitted by plaintiff in support of its motion. It is <u>only</u> signed by Kirpal Singh. While the form does list Mehanga and Joginder Singh as shareholders, it is not signed by either of them. The movants here should not be bound to incorrect statements made in a document that they did not sign nor know even existed. The 2018 renewal submitted by plaintiff is <u>only</u> signed by Harminder Singh. Again, it does list Joginder Singh and Mehanga Singh but is not signed by either of them. Again the movants should not be bound to an incorrect document that they did not sign nor even know existed.

    The 2021 renewal submitted by plaintiff is likewise <u>only</u> signed by Harminder Singh. Unlike the 2016 or 2018 renewals, this 2021 document by the plaintiff does <u>not</u> list Joginder or Mehanga as shareholders. That document was signed on January 28, 2021 by Harminder Singh. Since Joginder and Mehanga were allegedly served nearly 4 months later, this 2021 document does <u>not</u> defeat their claims that they were not owners of the restaurant in May 2021.

Not a single document signed by Mehanga or Joginder Singh refutes their testimony.  On the other than, the documentation previously submitted to the Court definitively establishes that in September 2020 the only two shareholders of the restaurant were Kirpal Singh and Harminder Singh and they sold the restaurant to a third party in September 2020 – 8 months before Joginder and Mehanga were allegedly served in May 2021.  Therefore, even if the court believes that the 2016 and 2018 documents (not signed by Joginder or Mehanga) renewal documents create questions of fact as to whether Joginder and Mehanga were shareholders then in 2018, there are no such documents to create questions of fact about May 2021.  The sole shareholders in September 2020 were Kirpal and Harminder and not a single document, including the 2021 renewal, refute that fact.

Since Joginder and Mehanga were not shareholders of the restaurant nor did they work there in any way in May 2021, and have already submitted testimony to that effect, they have established that the restaurant was not their "actual place of business" in May 2021 and nothing submitted by the plaintiff defeats, or even challenges, those facts.  Instead, the plaintiff argues that because Joginder and Mehanga did not update the liquor authority and tell it that they sold their interest in May 2014 that their actual place of business remained the restaurant in May 2021 as a matter of law despite the fact that the entire restaurant had already been sold to a third party by that time.  As is set forth below, the law does not support that position and adopting that position would be to deprive the movants of their due process rights.

3

## POINT I.
## MOVANTS HAVE NOT "ACTUALLY HELD OUT" THE RESTAURANT TO BE THEIR PLACE OF BUSINESS

Plaintiff's argument that one who "effectively holds out" a location as their business address cannot later disclaim it as such misses the factual point here. Neither Joginder nor Mehanga Singh have held out a location as their business address. Neither have publicly said in any way that their business address was the restaurant in May 2021 or anytime after 2014 when they sold their interest. The liquor license does not say that Joginder or Mehanga Singh's business address is 257-05 Union Turnpike, it says that Santoor Indian Restaurant's business address is 257-05 Union Turnpike. The shareholders are listed on the application, but not on the license. None of the documents submitted by the plaintiff state that either Joginder or Mehanga Singh are license holders or hold themselves out as having a business address at 257-05 Union Turnpike in May 2021.

The plaintiff's citation to <u>Joe Hand Promotions, Inc. v. Crisis Bar L.L.C.</u> Case No. 21 Civ. 6563 is misleading. The decision cited is the report and recommendation of Magistrate Judge Vera M. Scanlon on a default motion where the defendants did not appear and dispute that the bar where they were allegedly served was their actual place of business. The motion was not contested at all and, therefore, Judge Scanlon's analysis was limited to determining whether a service upon a John Doe at the bar was sufficient on a prima facie basis because the defendant was listed on the liquor license for the bar. That fact pattern is drastically different than the situation here. Here, the defendants have submitted affidavits from parties and non-parties stating that they sold their interest in the restaurant 7 years before they were allegedly served there. The restaurant itself was sold 7 months before they were allegedly served there and the defendants vehemently deny that the restaurant was their actual place of business in May 2021. Judge Scanlon's decision in <u>Joe</u>

4

Hand Promotions in no way indicates that a name on a liquor license is insurmountable evidence that the service on John Doe as an establishment with a liquor license is sufficient just because a person is identified on a liquor license application.

Undoubtedly the plaintiff cannot overcome the factual evidence that the restaurant was not the movants actual place of business in May 2021 because it clearly was not. Instead, they rely on their failure to notify the State Liquor Authority that they sold their interest as the basis for holding them liable despite the overwhelming evidence that they never received process. Such a holding would undoubtedly violate the movants constitutional rights as they never had an opportunity to appear and contest the claims against them before they were defaulted.

Plaintiff's citation to Jiminez v. Bosie, L.L.C., 19 CV 11570 is likewise misleading. In Jiminez Judge Ramos in the Southern District of New York was faced with a motion to dismiss by a defendant that argued no jurisdiction existed over him in the State of New York. The defendant there was listed on a liquor license as a principal officer in 2019 and 2020 and Judge Ramos determined that as a result the defendant sufficiently transacted business within the State of New York by virtue of the liquor license. The Court went on to analyze whether the location was the defendant's actual place of business. Judge Ramos noted that the defendant was listed on the liquor license in 2019 and 2020 and the defendant was served at the location as his actual place of business the day before a renewal application listed the defendant as a continuing principal in the business. A review of the docket for that case on Pacer indicates that in his affidavit the defendant did not dispute that he was a principal of the restaurant that was served but, instead, stated "I have never taken part in the day to day operations of the business." Based on these facts, Judge Ramos found that service was good.

5

Jiminez is therefore easily distinguishable on the facts. The defendant in Jiminez never disputed that he was still involved with the business as a principal when he was served. He only disputed that he was not involved in the day to day operations. Here, to the contrary, the movants outright deny any involvement in the restaurant of any sort for 7 years prior to service. The restaurant itself was sold 7 months prior to service. The documents overwhelmingly establish that even when sold 7 months before service the restaurant was only owned by defendants Harminder and Kirpal Singh (not movants Joginder and Mehanga Singh) by that time. These key facts make the cases crucially distinguishable.

J&J Sports Prod. V. El Ojo Aqua Corp., 13 CV 6173, cited by plaintiff, has absolutely nothing to do with the facts in this case. In J&J Sports Prod, Magistrate Judge James Orenstein issued a report and recommendation. In that report, Judge Orenstein mentions the liquor license only three times and in that context only for the proposition that the principal being listed on a liquor license "suggests [the defendant] had a general ability to supervise the establishment's operations and enjoy its profits" but he also notably stated that the fact the defendant was on the liquor license was not, by itself, sufficient to establish that the defendant "had anything to do" with the facts giving rise to liability in that case and recommended vacating the default judgment against the defendant and dismissing the complaint. The report adopted and the case dismissed. Judge Orenstein makes no commentary, analysis or determination about whether being listed on a liquor license is sufficient to establish it as the defendant's "actual place of business." Here, again, the defendants have offered documentary and testimonial evidence that they had absolutely no involvement with the restaurant for years before the alleged service and were not owners thereof at the time of service.

The last case cited by plaintiff on this topic is equally unpersuasive. In <u>Mangahas v. Eight Oranges, Inc.</u>, 22 cv 4150. the Court's reference to the defendant being on a liquor license had nothing to do with an analysis of whether service was good and whether the service location was the "actual place of business." The decision states that the defendant even admitted in a deposition that she was the owner and principal of the restaurant. Instead, Judge Lewis Liman references the liquor license only because it went to the issue of whether the defendant had the requisite control over the employment practices to be held liable for the labor violations. Those facts, and that legal issue, are wholly irrelevant to this case and materially distinguishable on their face such that no serious further inquiry needs to be made as to its applicability to this matter.

## POINT II.

### JOGINDER SINGH AND MEHANGA SINGH HAVE NOT WITHELD ANY DOCUMENTS

It is difficult to tell whether the plaintiff is accusing Joginder and/or Mehanga Singh of withholding any documents. Plaintiff's argument refers generically to "defendants" withholding documents but does not identify Joginder or Mehanga by name. Plaintiff accuses "defendants" of failing to furnish bank records. Both Joginder and Mehanga have stated they have no corporate records and have not been involved with the corporation since 2014 and, therefore, would not have access to any records. To the extent that the plaintiff is arguing that Joginder or Mehanga should have made a demand on the corporation to review its records on their motion to dismiss for improper services the plaintiff is way off the mark. Plaintiff has submitted no legal authority to show defendants have any such burden. The corporation no longer exists to make a demand upon. It was sold in 2020. Defendant Kirpal Singh's family has retained an attorney that has moved in this action to appoint a guardian ad litem because Kirpal Singh is allegedly not mentally capable

7

to appear and defend himself. Defendant Harminder Singh has counsel. In fact, counsel for Joginder and Mehanga did request any further documents relevant to ownership from both Ms. Kaur (the transactional attorney that represented Kirpal at the sale in 2020) and Ms. Sabharawl (Harpinder's attorney) and both confirmed they had no further documents regarding ownership. There is nothing more that these defendants could do, and plaintiff appears to be grasping at straws.

## CONCLUSION

Plaintiff's entire argument in opposition to the motion by Joginder and Mehanga Singh is that they should have kept records for a transaction that took place more than 10 years before they knew about this lawsuit and that their failure to notify the State Liquor Authority that they sold their interest in the restaurant 7 years before they were served should deprive them of any due process rights to have notice of the claims against them and defend themselves. This Court should not let such an injustice stand and the motion to dismiss filed by Joginder and Mehanga Singh should be, in all respects, granted.

Dated: Bohemia, New York
March 14, 2025

Respectfully submitted,

KUSHNICK PALLACI PLLC

__/s/ Vincent T. Pallaci_____
VINCENT T. PALLACI (VP 0801)
Attorneys for Joginder Singh and Mehanga Singh
3920 Veterans Memorial Highway, Suite 7
Bohemia, New York 11716
(631) 752-7100
vtp@kushnicklaw.com

8