UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
Esteban Marquez,                                                            Case No. 20-CV-5855
Plaintiff,

-against-

Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
Balvinder Singh, Harminder Singh, Joginder Singh,
Kirpal Singh and Mehanga Singh

Defendants.

---------------------------------------------------X

**DEFENDANT HARMINDER SINGH'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF THE MOTION TO VACATE THE DEFAULT AGAINST HIM AND DISMISS ALL CLAIMS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Esteban Marquez,                                    Case No. 20-CV-5855
Plaintiff,

-against-

Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
Balvinder Singh, Harminder Singh, Joginder Singh,
Kirpal Singh and Mehanga Singh

Defendants.

--------------------------------------------------X

## PRELIMINARY STATEMENT

1. The Memorandum in Opposition fails to address the points raised by defendant Harminder Singh ("Harminder") and all defendants: they did not own or have any interest in the restaurant at the time of the service of the complaint.

2. Plaintiff's opposition tacitly acknowledges the impropriety of service by focusing on administrative filings rather than actual ownership and control of the restaurant. Most tellingly, Plaintiff admits a complete failure to exercise due diligence in locating and properly serving Harminder Singh, complaining instead about "how many Singhs there are in the world and in the United States." **This admission underscores that Plaintiff made no meaningful effort to determine Harminder Singh's actual place of business before attempting service at a location he no longer owned or controlled.**

3. As the Memorandum of co-defendant so adequately addresses, Plaintiff's opposition consists of providing documentation from the New York State Liquor Association that indicates that Defendants names were still on the liquor license at the time of his alleged service. Harminder incorporates by reference and adopts the legal arguments and

2

discussion regarding the cases cited in Plaintiff's opposition and adds that the cases Plaintiff cites are inapplicable for the following reasons.

4. The plaintiff relies on *Joe Hand Promotions, Inc. v. Crisis Bar L.L.C.*, Case No. 21 Civ. 6563 to validate service based on a liquor license listing. However, *Joe Hand* involved an uncontested default where the defendants never appeared to dispute that the bar was their actual place of business. In contrast, Harminder has appeared and provided documentary evidence that he sold his interest in August 2020 (Ex. D to Harminder's motion to vacate), months before service was attempted.

5. *Jimenez v. Bosie, L.L.C.*, 19 CV 11570 is materially different than the facts in the instant case because the defendant in *Jimenez* was served at the location one day before a renewal application listed him as a continuing principal. Here, Harminder had already sold his interest and the restaurant itself had been sold to a third-party months before service was attempted on May 18, 2021(Ex. B as Shareholder's Agreement Harminder's motion to vacate). Additionally, unlike in *Jimenez*, Harminder has provided documentary evidence of the sale through the shareholders agreement and Consent of Members.

6. The plaintiff mischaracterizes the case's holding in *J&J Sports Prod. v. El Ojo Aqua Corp.*, 13 CV 6173. The Court in *J&J Sports* actually recommended vacating the default judgment and dismissing the complaint, even though the defendant was listed on the liquor license. The court noted that being listed on a liquor license alone was not sufficient to establish the defendant "had anything to do" with the underlying claims.

7. The *Mangahas v. Eight Oranges, Inc.*, 22 cv 4150, matter is completely inapposite as it dealt with whether a defendant had sufficient control over employment practices to be held liable for labor violations. The court's reference to the liquor license had nothing to

3

do with proper service or whether a location was an "actual place of business." Moreover, the defendant in Mangahas admitted in a deposition that she was the owner and principal of the restaurant - facts directly contrary to Harminder Singh's documented sale of his interest.

**THE POST-SALE LIQUOR LICENSE FILINGS DO NOT ESTABLISH ACTUAL CONTROL OR VALIDATE SERVICE**

8. While Plaintiff emphasizes Harminder Singh's signature on the February 2021 renewal waiver and July 2021 license surrender, these administrative filings do not establish actual control or validate service at the restaurant.

9. The February 2021 waiver was filed because the Liquor License Authority was "unable to examine fully and review adequately the renewal application." Rather than demonstrating control, this filing led to requesting a hardship waiver specifically to avoid making a corporate change application.

10. Subsequent to the waiver application on July 16, 2021, Harminder signed the surrender of license document on July 16, 2021.

The sequence of events is telling:

1. August 21, 2020: Harminder sells his 25% interest and receives a $25,000 payment
2. February 16, 2021: Harminder signs a waiver due to the Authority's inability to process renewal
3. May 18, 2021: Plaintiff attempted service at restaurant
4. July 16, 2021: Harminder signs surrender of license after service of complaint

11. This timeline demonstrates Harminder Singh was merely assisting with administrative wrap-up of licensing matters after the documented sale of his interest, *not exercising actual control over restaurant operations*. The shareholder agreement from September 2020

4

confirms he was no longer an owner when service was attempted. Specifically, the shareholders agreement from August 21, 2020 explicitly demonstrates the complete severance of Harminder Singh's control over restaurant operations. Specifically, the agreement states that upon receipt of his $25,000 payment, "Harminder Singh shall turn over all corporate records and documents, including but not limited to, checkbooks, credit cards, keys, etc." This comprehensive surrender of operational materials confirms that any subsequent administrative filings were not indicative of actual control.

12. The shareholders agreement further required that "Once assets are sold and taxes have been filed for 2018, 2019, 2020, Indian Taj, Inc. shall be dissolved immediately". These provisions demonstrate that Harminder's role was limited to assisting with the wind-down of the business, not exercising operational control. This complete severance of operational control is further evidenced by the fact that when the restaurant filed for a hardship waiver in February 2021, it was specifically to avoid having to make a corporate change application.

13. Case law precedent establishes that administrative filings made to wind down operations cannot retroactively create an "actual place of business" for service purposes when ownership and control had already been relinquished through a documented sale. In *De Clara v. Barber Lines*, 277 A.D. 1118 (1950) the court held that a Delaware corporation, which had been dissolved and whose assets were transferred to another corporation assuming its liabilities, was not doing business in New York for the purpose of service of process. The court emphasized that the corporation had no employees in New York and was not engaged in winding up or completing any business previously entered into in New

5

York, despite being in existence for the purpose of winding up its affairs under Delaware law.

14. Similarly, in *Western Hair Goods Co. v. B.R. Haberkorn Co.*, 131 Misc. 930 (1928) the court concluded that a corporation that had ceased to function and do business could not be revived for service of process purposes by the actions of its former president. The court noted that the corporation was defunct in all respects except for winding up its affairs, and such winding up activities did not constitute "doing business" in the state.

## **CONCLUSION**

15. Given the clear documentary evidence establishing that Harminder Singh had no ownership or operational control over the restaurant at the time of service, the default judgment entered against him is void for lack of proper service. Accordingly, the judgment should be vacated and the complaint dismissed in its entirety.

Dated: March 18, 2025
New York, New York

*Bhavleen Sabharwal*
BHAVLEEN SABHARWAL, ESQ.
Attorney for Petitioner
Law Office of Bhavleen Sabharwal, P.C.
261 Madison Avenue, Suite 1063
New York, NY 10016
Tel: (917) 597-5984