

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

May 19, 2025

**VIA ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, et al.*
     Case No. 20-cv-5855(DG)(RML)

Dear Judge Levy:

      I represent the Plaintiff in the above referenced matter.  Please accept this on behalf of the Plaintiff and in response to the application to appoint a guardian ad litem ("GAL") for Kirpal Singh.

      We respectfully oppose the application for the following reasons:

1. The application violates due process.  There is no evidence it was served on Mr. Kirpal Singh ("Kirpal"). Moreover, Kirpal's wife (Mandeep Kaur) seeks to have a GAL appointed for her husband in the absence of an evidentiary hearing.
2. The application is devoid of any case law concerning the appointment of a guardian.
3. The proposed GAL has not demonstrated to the Court that he is competent.  *See Rubino v. Ortiz,* No. 21-CV-3992 (PKC) (JAM), 2025 U.S. Dist. LEXIS 46824, at *11 (E.D.N.Y. Jan. 13, 2025)(ordering hearing to determine competency of proposed GAL).  Here, the qualifications of the proposed GAL, Anthony J. Casses, Esq. have not been described to the Court.
4. The proposed GAL is not admitted to practice in the Eastern District of New York.
5. The Defendant has refused to disclose medical records. On February 17, 2025, Ms. Kaur claimed that her husband Kirpal was incompetent and had been disabled since 2019. However, Kirpal has refused to furnish any medical authorizations.
6. The application is supported by a conclusory affidavit from a doctor who saw Kirpal only once - on April 23, 2025. *See* D.E. 54, 56.  That doctor, despite not having observed Kirpal's condition previously, relied upon statements from Kirpal's wife that Kirpal couldn't understand what was happening.[1]
7. The medical records do not establish that Kirpal is incompetent.  In fact, the report describes Kirpal as "alert", "awake" and "oriented."  The report characterizes

---

[1] "As per patient's spouse he had speech difficulty and he was confused." D.E. 57, at 2.

Hon. Robert M. Levy, USMJ 
Re:     *Marquez v. Indian Taj, Inc. et al.*
Page 2

        Kirpal's dysarthria (speech impairment) and dysphasia (difficulty understanding speech) as "mild".  D.E. 56.[2]

8. The precise reasons for the appointment of a GAL and the extent of any understanding or ability to testify have not been disclosed to the Court.
9. Personal jurisdiction is binary.  It either exists or it doesn't exist. Kirpal's request that the Court determine whether he is competent is inconsistent with his claim that this Court lacks personal jurisdiction over him.

        On March 26, 2025, Plaintiff requested that Kirpal furnish a list of treating physicians and medical authorizations. Kirpal's attorney responded that "before any authorizations may be signed there would have to be a GAL assigned."  In other words, according to Kirpal's lawyer, Kirpal is not even competent to disclose the medical records which support his application to appoint a GAL.

        Finally, Kirpal has explicitly linked the appointment of a GAL to the merits of his anticipated motion to vacate.  *See* D.E. 42 (in which Mr. Kirpal's attorney states, "[o]nce a GAL is appointed to oversee Mr. Kirpal Singh's interest, I am prepared to file a motion to dismiss for want of proper service and latches, as the long delay in bringing this case has prejudiced against Mr. Kirpal Singh who is not able to personally defend this action."); *See also* Affidavit of Juraj Kaur ¶ 8 ("[T]his delay has seriously prejudiced against my husband defending this case. In his current disabled condition this is particularly true. He would be unable to testify in his defense.").

        As of today, no doctor has stated that Kirpal would be unable to testify, that his long term memory has been impaired, that he cannot answer basic questions or that he cannot follow simple commands. Yet, it appears as though Kirpal intends on using any decision rendered by this Court on the GAL to make precisely that argument.

        **Conclusion.**  The Defendant has not set forth any legal argument, has not described the qualifications of the proposed GAL, has not described the role that the proposed GAL will have, has kept his medical records secret, and has otherwise failed to establish grounds for the relief he seeks.  For the foregoing reasons we request that the motion to appoint a GAL be denied without prejudice to renewal upon production of (1) a list of all doctors and medical providers who have treated him since his stroke and (2) authorizations to obtain his medical records.

---

[2] The affidavit does contain a conclusory statement by the doctor that Kirpal "is unable to fully comprehend the complex questions and decision making which impairs his ability to effectively participate in an understanding of the legal process." D.E. 57, at 4.

Hon. Robert M. Levy, USMJ  MOSER LAW FIRM, PC
Re:     *Marquez v. Indian Taj, Inc. et al.*
Page 3

                    Respectfully submitted,

                    *Steven J. Moser*
                    Steven J. Moser

CC:     All counsel of record via ECF