| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------------x<br>ESTEBAN MARQUEZ,<br>                        Plaintiff,<br>Vs.<br><br>INDIAN TAJM INC.<br>d/b/a SANTOOR INDIAN RESTAURANT<br>BALVINDER SINGH, HARMINDER SINGH,<br>JOGINDER SINGH, KIRPAL SINGH, and<br>MEHANGA SINGH.<br>                        Defendants.<br>---------------------------------------------------------------x | Case No. 20-CV-5855<br><br><br><br><br>ATTORNEY AFFIRMATION IN SUPPORT<br>OF THE ORDER TO SHOW CAUSE<br>DISMISSING THE ACTION |

Manuel Moses, Esq. of the Moses Law Office of New York PLLC does hereby affirm under penalties of perjury the following:

1. I am an attorney admitted to practice before the Eastern District of New York, and in good standing. I am fully familiar with the facts and circumstances of this case, although I am not a significant fact witness that would preclude me appearing in this action. I come now before the Honorable Court based on the following points of law.

## POINT ONE
## THE JUDGMENT SHOULD BE VACATED

2. I represent the wife of Kirpal Singh and Kirpal Singh in conjunction with his Guardian Ad Litem who is disabled having suffered a debilitating stroke and multiple health problems. This court granted the appointment of a G.A.L. by Anthony J. Cassese who has since moved pro hac vici.

3. The judgment must be vacated. It states that a person of suitable age and discretion was served at the location of the restaurant business at a time when Kirpal Singh was no longer an owner or involved in the day-to-day operations of the business. Moreover, he was a person defined as having a serious disability and could not have the capacity to accept

service. **Exhibit A** Affidavit of Ms. Jugral Kaur

4. The judgment in this case should be vacated. The restaurant where the complaint was served was sold by Kirpal Singh in September 2000. He is not a properly described as a party to the action as he is no longer the owner. **Exhibit B** Affidavit of John Giannitelli.

5. The restrained bank account should be immediately lifted as it contains protected income and there has been no turnover proceeding. **Exhibit A** Affidavit of Ms. Jugral Kaur

## POINT TWO
### THE CASE SHOULD BE DIMISSED SERVICE WAS IMPROPER.

6. This case should be dismissed based on insufficient service of process shown by documentary evidence. **Exhibit A, and B.** Ruijie Liu v. Garland, 2024 U.S. Dist. LEXIS 103850

7. The restaurant was sold in September 2000. And the process of service was at the address on May 18, 2021, at the restaurant whose share had already been sold by Mr. Kirpal Singh. In addition, the process server description of the business service address is wrong and convoluted. He says: "Said premises is defendant's actual place of business, dwelling house usual place of abode within the State." Mr. Kirpal Singh was no longer at the purported location, certainly did not live there, and was in no condition to receive service of process except through a guardian. Kirpal Singh had no knowledge this action ever existed until his wife found out and her account was locked down. **Exhibit A, and B.**

## POINT THREE
### THE EXTRAORDINARY DELAY HAS PREJUDICED KIRPAL SINGH WHO IS DISABLED AND NOW UNABLE TO DEFEND

8. Mr. Kirpal Singh now has Anthony J. Cassese as G.A.L. He cannot properly testify in his defense. Surly he is entitled to the mitigating defense of latches, coupled with a failure to properly serve the complaint mandates that the claim should now be dismissed with

prejudice. Turin Hous. Dev. v Kennedy, 2022 N.Y. Misc. LEXIS 35064 explains:

[**4] "If proven, **latches, an equitable doctrine based on fairness**, [emphasis supplied] bars the Petitioner from obtaining a possessory judgment for arrears found to be stale. (Continental Cas Co v Employers Ins Co of Wausau, 60 AD3d 128 [2008]; and 1560-80 Pelham Pkwy Assoc v Errico, 177 Misc 2d 947 [App Term, 1st Dept 1998] citing City of New York v Betancourt, 79 Misc 2d 907, 908 [App Term, 1st Dept 1974]). Where unreasonable and inexcusable delay results in prejudice to the opposing party, the enforcement of a right will be barred. (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003] citing Matter of Barabash, 31 NY2d 76, 81 [1972]; and Dante v 310 Associates, 121 AD2d 332, 334 [1st Dept 1986]). Furthermore, "(t)he mere lapse of time without a showing of prejudice will not sustain a defense of laches" (internal citation omitted). Skrodelis v Norbergs, 272 AD2d 316 (2d Dept 2000)."

"The burden of proof lays with the party relying on the affirmative defense of latches, and all four of the following elements are necessary when analyzing the facts presented: conduct giving rise to the situation; delay in asserting the claim despite the opportunity to do so; lack of knowledge or notice; and injury or [*7] prejudice if relief is granted. (See, Dwver v Mazzola, 171 AD2d 726 [2d Dept 1991 ]; A&E Tiebout Realty, LLC v Johnson, 23 Misc 3d 1112[A] [Civ Ct, Bronx County 2009], affd 26 Misc 3d 131 [A] [App Term, 1st Dept 2010]; and Stein v Doukas, 98 AD3d 1026. 1028 [2d Dept 2012] quoting Kraker v Roll 100 AD2d 424 [1984]). Thus, the defense of laches is an equitable one, which requires consideration of the totality of the factual circumstances as they relate to the specific elements. (See also, Deutsche Bank Nat Trust Co v Joseph, 117 AD3d 982, 985 [2d Dept 2014])."

9. While Esteban Marquez did not cause Mr. Singh to have a stroke. He delayed filing and enforcing this action. The complaint was not filed until 12/3/20. The restaurant was sold several months before. An amended complaint was filed about four months later. A unilateral motion for a default was granted on September 27, 2022. Then on November 11, 2024, judgment enforcement began nearly *two years after entry, of the default judgment after inquest or inquest clerk for sum certain*.

10. Given those sets of facts, naming Mr. Kirpal Singh as a Defendant, shows that there was no meaningful involvement by Plaintiff's counsel, as any investigation would reveal the property was sold; and Kirpal Singh was now disabled. All of this could have been determined with a simple attorney letter. There was a lack of due diligence and or meaningful involvement in relation to the case. Information subpoenas were sent out years later. Only

then was there notice that was long deficient and prejudicial. The equitable doctrine of latches applies to preclude judgment enforcement. It precludes proceeding against Mr. Kirpal Singh who now resides with an extreme disability requiring the appointment of a GAL.

11. The case should be dismissed with prejudice and the judgment vacated, and the account restraint lifted for failure to properly serve. In the alternative if there is no dismissal then we would ask for leave to file a late answer within 30 days.

**WHEREFORE** it is respectfully demanded that this action be DISMISSED and in the alternative if the Court should not permit a dismissal that the case be restored to the calendar and that it be restored to the calendar allowing the Defendant 30 days to interpose an answer with the affirmative defenses concurrent with the oversight of the GAL and for any other relief this Court may deem to be just, fair, and proper.

Dated: New York, New York
July 18, 2025

*Manuel Moses*
_____
Manuel Moses, Esq.
Moses Law Office of New York PLLC
236 West 26th Street Suite 303
New York, New York 10001
(212) 736-2624 x 11
F. 212-981-0528
manuelmoses@icloud.com

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | Case No. 20-CV-5855 |

-------------------------------------------------------------X
ESTEBAN MARQUEZ,
                Plaintiff,

   vs.

**ORDER TO SHOW CAUSE**

INDIAN TAJM INC.
d/b/a SANTOOR INDIAN RESTAURANT
BALVINDER SINGH, HARMINDER SINGH,
JOGINDER SINGH, KIRPAL SINGH, and
MEHANGA SINGH.
                Defendants.
-------------------------------------------------------------X
================================================================================
**ORDER TO SHOW CAUSE**
================================================================================

Pursuant to 22 NYCRR 130 -1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: July 18, 2025            Signature: *Manuel Moses*
                                             Print Signer's Name: Manuel Moses

*Service of a copy of the within is hereby admitted or deemed served pursuant to ECF filing*


                                             _____
Dated:                                          Print Signer's Name:

PLEASE TAKE NOTICE
☐     that the within is a (certified) true copy of a *
 entered in the office of the clerk of the within named Court on
☐     that the Order of which is a true copy will be presented to the Hon.       , one of the *judges of the within named Court.*