

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 22, 2025

**VIA ECF**

Hon. Robert M. Levy, USMJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, et al.*
Case No. 20-cv-5855(DG)(RML)

Dear Judge Levy:

I represent the Plaintiff in the above referenced matter. Please accept this letter in opposition to the motion by Kirpal Singh to vacate the judgment for insufficient service of process and to dismiss. D.E. 63.

**Introduction.** The Plaintiff worked for the Defendants for more than 13 years. *See* Declaration of Plaintiff, D.E. 18-2. During this time Mr. Marquez worked exhausting hours and was paid a fixed salary of only between $475.00-$525.00. *Id.* The defendants thereby had an unfair advantage against law-abiding competitors (*see Solis v. Cindy's Total Care, Inc.*, 2011 U.S. Dist. LEXIS 125501, at *1 (S.D.N.Y. Oct. 31, 2011), and increased their profit at Mr. Marquez's expense. To this day, Mr. Marquez's unpaid wages remain in the Defendants pockets. Now, rather than taking accountability, Defendants make unsubstantiated denials which are directly refuted by sworn statements made by them to the New York State Liquor Authority.

**Argument.** In opposition to Kirpal Singh's motion to vacate, Plaintiff respectfully refers the Court to the Memorandum of Law in Opposition dated March 10, 2025 (D.E. 49) and the Declaration in Opposition (D.E. 50).

Furthermore, the following facts are undisputed:

1. On April 8, 2021, I personally performed searches on the New York State Liquor Authority ("SLA") website (www.sla.ny.gov). Those searches revealed that (1) there was an *active liquor license* for Indian Taj, Inc. (Lic. No. 109547) and (2) the principals on the license were *Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh*.

2. *Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh,* were served at the restaurant on May 18, 2021.

Hon. Robert M. Levy, USMJ 
Re: *Marquez v. Indian Taj, Inc. et al.*
Page 2

3. On May 18, 2021 there was a valid liquor license in effect for Indian Taj, Inc. which had been issued to *Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh.*

4. On July 16, 2021, after the complaint was served, the Defendants surrendered the license.

5. Defendants have not denied the fact that they were principals on the liquor license until July 16, 2021.

6. Defendants offer no explanation as to why their liquor license remained in effect even after they claim they sold the restaurant, nor do they explain why the license was coincidentally surrendered so soon after they were served.

**Service was valid.** Courts within the Second Circuit have repeatedly held that a licensed premises is the "actual place of business" of the principals on a New York State liquor license. *See, e.g., Joe Hand Promotions, Inc. v. Crisis Bar L.L.C.,* No. 21 Civ. 6563 (PKC) (VMS), 2023 U.S. Dist. LEXIS 9751, at *14-15 (E.D.N.Y. Jan. 19, 2023) (finding that the "actual place of business" of the individual Defendants was the bar because they were listed as principals on the liquor license); *Jimenez v. Bosie, L.L.C.* (*ER*), No. 19 Civ. 11570 (ER), 2021 U.S. Dist. LEXIS 129320, 2021 WL 2941916, at *5 (S.D.N.Y. July 12, 2021) (denying defendant's motion to dismiss for insufficient service and denying defendant's request for an evidentiary hearing where the individual defendant was served at the location where he was listed as a principal on the liquor license); *see also J&J Sports Prod. v. El Ojo Aqua Corp., No.* 13-CV-6173 (ENV) (JO), 2014 U.S. Dist. LEXIS 136024, 2014 WL 4700014, at *4 (E.D.N.Y. Aug. 29, 2014), report & recommendation adopted, 2014 U.S. Dist. LEXIS 132980, 2014 WL 4699704 (E.D.N.Y. Sept. 22, 2014) (finding that the fact that an individual was listed as a principal on a bar's liquor license "suggests…a general ability to supervise the establishment's operations"); *Mangahas v. Eight Oranges Inc.*, No. 22-cv-4150 (LJL), 2022 U.S. Dist. LEXIS 190294, at *14 (S.D.N.Y. Oct. 18, 2022) (denying motion to dismiss overtime claims against individual as insufficiently pled under Rule 12(b)(6) where plaintiff alleged that the individual was a principal on the liquor license).

Respectfully Submitted,

*Steven J. Moser*
Steven J. Moser

CC: All counsel of record via ECF