UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ESTEBAN MARQUEZ,

       Plaintiff,

  -against-

INDIAN TAJ INC. d/b/a SANTOOR
INDIAN RESTAURANT, BALVINDER
SINGH, HARMINDER SINGH,
JOGINDER SINGH, KIRPAL SINGH, and
MEHANGA SINGH,

       Defendants.
---------------------------------------------------X

REPORT AND
RECOMMENDATION
20 CV 5855 (DG)(RML)

LEVY, United States Magistrate Judge:

By orders dated January 23, 2025 and February 21, 2025, the Honorable Diane Gujarati, United States District Judge, referred the motions of defendants Joginder Singh, Mehanga Singh, and Harminder Singh to vacate the default judgments and dismiss the claims against them to me for report and recommendation. For the reasons stated below, I respectfully recommend that defendants' motions be granted.[1]

## BACKGROUND

Plaintiff Esteban Marquez ("plaintiff") filed this case on December 3, 2020, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"). (See Complaint, dated Dec. 3, 2020, Dkt. No.1; see also Amended Complaint, dated Apr. 8, 2021 ("Am. Compl."), Dkt. No. 7.) Plaintiff alleges that he was employed as a cook and salad preparer at Santoor Indian Restaurant ("Santoor") from on or about 2005 until June 10, 2018. (Am. Compl. ¶¶ 40, 44.) By Memorandum and Order dated

---

[1] Defendant Kirpal Singh has also moved to vacate the default judgment and dismiss the claims against him, through his court-appointed guardian ad litem. That motion, which was referred for report and recommendation on July 21, 2025, will be addressed separately.

September 27, 2022, Judge Gujarati adopted my Report and Recommendation of August 5, 2022 and entered default judgments against all defendants in this case, jointly and severally. (Memorandum and Order, dated Sept. 27, 2022, Dkt. No. 23.)

Defendants Joginder Singh, Mehanga Singh, and Harminder Singh ("defendants") now move to vacate the default judgments and dismiss all claims against them, on the grounds that they were never properly served with the pleadings or other documents in this case, and the statute of limitations has expired. (See Motion of Joginder Singh for Temporary Restraining Order and to Vacate and Dismiss, dated Nov. 21, 2024, Dkt. No. 26; Motion of Mehanga Singh to Vacate and Dismiss, dated Feb. 14, 2025, Dkt. No. 41; Motion of Harminder Singh to Vacate and Dismiss, dated Feb. 17, 2025, Dkt. No. 43.) All three defendants were first named in the Amended Complaint, filed on April 8, 2021. (See Am. Compl.) Affidavits of Service show that defendants were served with the Summons and Amended Complaint on May 18, 2021 via a "co-worker" at Santoor located at 257-05 Union Turnpike, Glen Oaks, New York 11004, with copies mailed to the same address. (See Affidavits of Service of Husam Al-Atrash, sworn to May 21, 2021, Dkt. Nos. 11, 12, 14.)

All three defendants claim to have sold their interests in the business prior to May 18, 2021. (See Affidavit of Joginder Singh, sworn to Nov. 19, 2024 ("Joginder Singh Aff."), Dkt. No. 26-2, ¶ 4 ("I sold my entire twenty five percent (25%) interest in Santoor to Kirpal Singh for $65,000.00 in May 2014. Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor. Therefore, I had no co-workers at Santoor on May 18, 2021, and, in fact, had no co-workers at that location for seven years before the service was made there."); Affidavit of Mehanga Singh, sworn to Feb. 14, 2025 ("Mehanga Singh Aff."), Dkt. No. 41-2, ¶ 4 ("I sold my entire twenty five percent (25%)

2

interest in Santoor to Kirpal Singh in May 2014. Since May 2014 I have not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor."); Affidavit of Harminder Singh, sworn to Feb. 14, 2025 ("Harminder Singh Aff."), Dkt. No. 43-6, ¶ 4 ("I currently have no affiliation or connection to the restaurant. On August 21, 2020, I sold my 25% minority interest in the restaurant. It is not my place of business. No individual or owner of the restaurant had authority to accept service on my behalf.").)

In opposition, plaintiff has produced a document from the New York State Liquor Authority ("NYSLA") showing that, as of May 30, 2013, Joginder Singh was a twenty-five percent owner and the Vice President of Indian Taj, Inc. d/b/a Santoor Indian Restaurant; Mehanga Singh was a twenty-five percent owner and the Secretary; and Harminder Singh was a twenty-five percent owner and the President. (Declaration of Steven J. Moser, Esq., dated Dec. 13, 2024, Dkt. No. 32, ¶ 6, Ex. 1.) According to plaintiff, the liquor license was renewed without any changes in April 2014, April 2016, April 2018 and January 2021. (Plaintiff's Memorandum of Law, dated Mar. 10, 2025, Dkt. No. 49, at 7.) However, plaintiff does not contend that defendants had actual notice of this lawsuit, and no party has submitted any other documentation concerning ownership of Santoor as of May 18, 2021.

## DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error" —such as a failure to serve— "or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). Relief under Rule 60(b)(4), unlike other provisions of Rule 60(b), is not discretionary.

3

See, e.g., Loc. 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Constr., Inc., No. 01 CV 5589, 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003) ("[I]f a judgment entered against the moving party is void, the Court has no discretion and the 60(b)(4) motion must be granted."); see also Covington Indus. v. Resintex A.G., 629 F.2d 730, 733 n.3 (2d Cir. 1980). In order to "resolv[e] motions to vacate default judgments based on improper service, courts consider affidavits or declarations submitted by the parties." Williams v. Miracle Mile Props. 2 LLC, No. 20 CV 3127, 2024 WL 3878826, at *5 (E.D.N.Y. June 21, 2024), report and recommendation adopted, 2022 WL 22866394 (E.D.N.Y. July 15, 2024).

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. See FED. R. CIV. P. 4(e)(2)(A)-(C). Plaintiff has not offered evidence that he satisfied any of these methods.

A plaintiff may also serve the summons in compliance with applicable state law. See FED. R. CIV. P. 4(e)(1). In New York, there are "five methods for serving an individual [under N.Y. C.P.L.R. § 308]: (1) delivering the summons on the individual personally; (2) delivering the summons to the individual's place of business or residence, as well as mailing the summons to the individual at his place of business or residence, . . . ; (3) delivering the summons to an agent; (4) if neither 308(1) or 308(2) service can be made with due diligence, by affixing the summons to the door of the individual's place of business or residence, as well as mailing the summons to the place of business or residence; or (5) if 308(1), 308(2), or 308(4) is impracticable, then delivering summons in a manner specified by the court." Cyrus v. Lockheed

4

Martin Corp., No. 20 CV 6397, 2022 WL 203750, at *3 (E.D.N.Y. Jan. 24, 2022) (citing N.Y. C.P.L.R. § 308).  "New York law requires strict compliance with both the personal delivery and mailing requirements of CPLR § 308(2)."  Assets Recovery 23, LLC v. Gasper, No. 15 CV 5049, 2018 WL 5849763, at *6 (E.D.N.Y. Sept. 11, 2018), report and recommendation adopted, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018).

Plaintiff opted to pursue service under N.Y. C.P.L.R § 308(2) by delivering the summons to defendants' "actual place of business" and mailing to their "last known place of business."  See Sackett v. Dirlam, No. 22 CV 6245, 2023 WL 4206520, at *6 (W.D.N.Y. June 26, 2023) (noting that papers may be delivered to an individual of "suitable age and discretion" at the defendant's business address, which can include an "adult co-worker").  New York courts have construed "actual place of business" to include (1) a place where the defendant regularly transacts business or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by him or her with that place of business.  Rodriguez v. Lucky Lotto Grocery Deli Corp., No. 22 CV 2256, 2024 WL 3760583, at *3 n.3 (E.D.N.Y. July 18, 2024), report and recommendation adopted sub nom. Rodriguez v. Lucky Lotto Grocer Deli Corp., 2024 WL 3759660 (E.D.N.Y. Aug. 12, 2024).  The issue to be resolved is whether Santoor at 257-05 Union Turnpike in Glen Oaks, New York was defendants' actual place of business on May 18, 2021.  See Chen v. Best Miyako Sushi Corp., No. 16 CV 2012, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) (finding no evidence in the affidavits of service—or elsewhere in the record—that 642 Amsterdam Avenue was the "actual place of business" of any of the individuals when they were allegedly served); Glasser v. Keller, 567 N.Y.S.2d 981, 982 (Sup. Ct., Queens Cnty. 1991) ("[S]ervice is invalid if the delivery is made to a place where the

5

defendant maintained his place of business in the past, but does not do so at the time of service.").

The only evidence plaintiff has presented to support his claim that service was proper is a liquor license dated May 30, 2013 listing Joginder Singh, Mehanga Singh, and Harminder Singh as owners and officers of the business, and accompanying documents showing that the license was renewed a number of times, most recently on January 28, 2021 based on a renewal application signed by Harminder Singh. (See Declaration of Steven J. Moser, Esq., dated Mar. 10, 2025 ("Moser Decl."), Dkt. No. 50, Exs. 2, 7, 8.)[2] As plaintiff points out, the NYSLA requires licensees to notify it of any corporate changes, and there is no record of the NYSLA receiving any such notice from Indian Taj. Inc. (Id. ¶¶ 12, 16, 17, 18; Ex. 2.) On July 16, 2021, Indian Taj, Inc. submitted a request to the NYSLA to surrender the liquor license; the request was signed by Harminder Singh. (Id., Ex. 11.)

Defendants do not deny that they were owners and officers of Santoor on May 13, 2013 when the liquor license was originally obtained, but they each state that they sold their interests in the business before the date of service, May 18, 2021. First, Joginder Singh states under oath that he first learned of this lawsuit in November 2024 when his bank account was restrained based on the default judgment against him. (Affidavit of Joginder Singh, sworn to Nov. 19, 2024, Dkt. No. 26-2, ¶ 2.) He admits that he was previously a partial owner of Santoor, but states that he sold his entire twenty-five percent interest in the business in May 2014 and has not been involved in any way with the restaurant since then. (Id. ¶ 4) ("Since May 2014 I have

---

[2] The January 28, 2021 renewal application, which was submitted late, stated: "DUE TO COVID-19 PANDEMIC, WE WERE CLOSED. NOW REOPENED IN EARLY JANUARY OF THIS YEAR AND NEED OUR LIQUOR LICENSE RENEWED PLEASE." (Moser Decl., Ex. 8, Dkt. No. 50-10.)

6

not owned any interest in Santoor, worked at Santoor, managed Santoor or been involved with operating Santoor.").)  Due to the passage of time, he states that he no longer has any documents concerning the sale of his share of Santoor.  (Id. ¶ 9) ("Because I sold my interest in May 2014, . . . more than ten (10) years had passed between the sale and my learning of the lawsuit.  I have searched my records but been unable to locate any records of the sale because of the passage of time. There was no reason for me to keep the documents for over ten years as the last time they were relevant was to file my 2014 tax returns.")

   Mehanga Singh states that he sold his twenty-five percent share in Santoor at the same time as Joginder Singh, in May 2014.  (Affidavit of Mehanga Singh, sworn to Feb. 14, 2025, Dkt. No. 41-2, ¶¶ 4, 8.)  He also states that he first became aware of this lawsuit through attempts to enforce the default judgment against him, and that he has been unable to locate any records of the sale.  (Id. ¶¶ 2, 7.)  However, he notes that his son-in-law, Jagdev Singh, did locate a power of attorney that Mehanga Singh signed on May 9, 2014 to allow Jagdev Singh to attend the closing on his behalf because he was not available to attend.  (Id. ¶ 7.)  Jagdev Singh has submitted an affidavit in support of Joginder Singh's and Mehanga Singh's statements about the sale of their shares.  (See Affidavit of Jagdev Singh, sworn to Nov. 21, 2024, Dkt. No. 41-10, ¶¶ 2-3 ("In or about May 2014 [Mehanga Singh] asked me to attend a closing where he sold his 25% interest to Kirpal Singh because he was not personally available.  We had an attorney prepare a power of attorney and I recall appearing for the closing sometime in May 2014. Joginder Singh was also at the closing.  It is my recollection that [Mehanga and Joginder Singh] sold their respective 25% interests in Santoor Indian Restaurant to Kirpal Singh that day."); see also id., Ex. 1, Dkt. No. 41-11 (Power of Attorney).)

7

Harminder Singh states that he sold his twenty-five percent minority interest in Santoor on August 21, 2020, and has had no affiliation with the business since then. (Affidavit of Harminder Singh, sworn to Feb. 14, 2025, Dkt. No. 43-6, ¶ 4.) In addition, in 2014 he relinquished all decision-making authority to Kirpal Singh through a Corporate Resolution which resolved that "the members of the Corporation will allow [Kirpal Singh], as the majority shareholder to make all decisions on behalf of the Corporation." (Id. ¶ 10; see also Affirmation of Bhavleen Sabharwal, Esq., dated Feb. 17, 2025 ("Sabharwal Decl."), Dkt. No. 43-1, ¶ 23, Ex. F.)

Finally, defendants have provided the affidavit of an attorney named Mandeep Kaur, who states that in September 2020 he represented the owners of Indian Taj, Inc. in connection with the sale of Santoor. (Affidavit of Mandeep Kaur, sworn to Jan. 9, 2025, Dkt. No. 41-8, ¶ 2.) According to the closing documents from the sale, the owners of Indian Taj, Inc. at the time were Kirpal Singh and Harminder Singh. (Sabharwal Decl., Ex. D, Dkt. No. 43-5.)

Taking all of this evidence into account, I find that the liquor license alone is insufficient proof that defendants were owners or officers of Santoor on the date of service. See Fan v. Jenny & Richard's Inc., 17 CV 6963, 2019 WL 1549033, at *4 (E.D.N.Y. Feb. 22, 2019) (where evidence established that individual defendant, who had owned the business, sold the business and ceased working there, service at that place of business was ineffective), report and recommendation adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); Hernandez v. Delta Deli Mkt. Inc., No. 18 CV 375, 2019 WL 643735, at *5 (E.D.N.Y. Feb. 12, 2019) ("Beyond conclusory allegations, Plaintiffs do not indicate that any of the Individual Defendants worked at 1060 Flatbush Avenue, the location of service, or had any other affiliation with that location . . . on the date service was purportedly effected."). Therefore, the service on an unnamed employee

8

of Santoor and mailing to Santoor's address did not constitute effective service on defendants. Since service was invalid and therefore could not form the basis for entry of default judgments against defendants, I respectfully recommend that defendants' motions to vacate the default judgments be granted.

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for "a cause of action arising out of a willful violation." 29 U.S.C. § 255(a).  Under the NYLL, the statute of limitations is six years.  See N.Y. Lab. L. § 663(3).  "[A] cause of action . . . for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day." 29 C.F.R. § 790.21(b).  Here, plaintiff alleges that his employment at Santoor ended on June 10, 2018. (Am. Compl. ¶ 40.)  Thus, applying the longer NYLL statute of limitations, plaintiff's claims expired on June 10, 2024.  Plaintiff does not aver that defendants had actual notice of the claims asserted in the amended complaint.  Since the claims are time-barred and service on defendants would be futile, I respectfully recommend that plaintiff's claims against Joginder Singh, Mehanga Singh, and Harminder Singh be dismissed with prejudice.  See Sung v. DeJoy, No. 22 CV 7682, 2024 WL 4107212, at *14 (E.D.N.Y. Sept. 5, 2024) (dismissing time-barred employment discrimination claims with prejudice.)

Finally, I recommend that any restraints or garnishments on defendants' bank accounts in accordance with the default judgments be lifted, and all enforcement efforts against them cease and desist.  See Kamiel v. Hai St. Kitchen & Co. LLC, No. 19 CV 5336, 2022 WL 1591580, at *4 (S.D.N.Y. May 19, 2022).

9

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the motions of defendants Joginder Singh, Mehanga Singh, and Harminder Singh to vacate the default judgments and dismiss the claims against them be granted. Additionally, I respectfully recommend that any restraints on defendants' bank accounts or other assets be lifted.

Any objections to this Report and Recommendation must be filed electronically within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

    Respectfully submitted,

    /s/
    ROBERT M. LEVY
    United States Magistrate Judge

Dated: Brooklyn, New York
    August 11, 2025