

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

August 22, 2025

**VIA ECF**

Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:   *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant,* Case No. 20-cv-5855(DG)(RML)

Dear Judge Gujarati:

    Plaintiff respectfully objects to the Report and Recommendation of Magistrate Judge Robert M. Levy dated August 11, 2025, which dismissed the plaintiff's wage claims against the Defendants Harminder Singh, Joginder Singh and Mehanga Singh with prejudice.[1]

    **Background.** Prior to December 31, 2021, the New York State Liquor authority had a "Public License Query" page, a copy of which is annexed hereto as Exhibit 2. Prior to December 31, 2021, the website enabled the public to search for licensee by trade name. A copy of the "Public Query - Search by Premises or Trade Name" search page is annexed hereto as Exhibit 3. Also, prior to December 31, 2021, in response to a search, the SLA would produce a "Public Query – Results" document that revealed the names of all principals listed on the license. A copy of a sample The search results would name the principals listed on the current license. A copy of a sample "Public Query – Results" document is annexed hereto as Exhibit 4. As of January 2022, however, the New York State Liquor Authority decommissioned the Public Query website. The current "Public Query" page is annexed hereto as Exhibit 5.[2]

    On April 8, 2021, I personally performed searches on the New York State Liquor Authority Public Query page. Those searches revealed that there was an active liquor license for Indian Taj, Inc. d/b/a Santoor and that the principals on the license were Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh. Consistent with applicable law[3], we relied

---

[1] A copy of the R&R is annexed hereto as Exhibit 1.

[2] These documents were not previously provided because the Defendants have never disputed that according to the SLA records they were principals on the liquor license on the date they were served.

[3] Under New York Law, where a party makes a representation to the state (such as to an address) and is required by law to notify the state of any change in that original representation, the party many not challenge the propriety of service based upon the original representation. *See* Plaintiff's Memorandum of Law dated December 13, 2024 (D.E. 32-2) at 5. Courts within the Second Circuit have repeatedly applied this to

Hon. Diane Gujarati, USDJ  MOSER LAW FIRM, PC
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*, Case No. 20-cv-5855
Page 2

upon the information that the Defendants had provided to the New York State Liquor Authority in effecting service on the Defendants at the restaurant.[4]

**Defendants do not dispute that on the date of service they were the principals on a valid liquor license issued to Indian Taj, Inc. d/b/a Santoor.** Instead, they provide affidavits and documents showing that they sold Santoor prior to the date of service. Based upon this evidence, Magistrate Levy found "that the liquor license. . .is insufficient proof that defendants were owners or officers of Santoor on the date of service."[5]

All of the documents and information provided by the Defendants in support of their motions were not publicly available at the time of service and were not accessible to the Plaintiff at the time the complaint was served. The only publicly available information at the time of service indicated that the Defendants' actual place of business was Santoor. That publicly available information was based upon the Defendants' representations under oath to the SLA, representations which by law "constitute continuing representations for the *life of the license and all renewals thereof.*" 9 NYCRR § 48.8. Defendants were under a statutory obligation to notify the State Liquor Authority of any changes within 48 hours. Therefore, as a matter of law, the restaurant was the Defendants' place of business on May 18, 2021, and the Defendants are estopped from arguing that service was defective. *See* Plaintiff's Memorandum of Law dated December 13, 2024 (D.E. 32-2) at 5; Plaintiff's Memorandum of Law dated March 10, 2025 (D.E. 49), at 4.

**Joginder Singh and Mehanga Singh supervised the Plaintiff.** The records obtained via subpoena from the New York State Liquor Authority contain photographs of Joginder and Mehanga Singh. The Plaintiff has confirmed that these two individuals supervised him and determined his schedule and working hours long after they claim to have sold their interest in the restaurant.

**Harminder Singh was the President of Indian Taj at the time of Service.** Harminder has claimed that he had no affiliation with Indian Taj, Inc. after September 2020. However, Harminder Singh stated to the New York State Liquor Authority that he was an officer of Indian Taj until July 2021. More specifically, on January 28, 2021, months after he claimed to not have any affiliation with Indian Taj, he signed a late renewal application for Indian Taj's, as follows:[6]

---

representations made to the New York State Liquor Authority in a liquor license application. *See* Plaintiff's Memorandum of Law dated March 10, 2025 (D.E. 49), at 4.

[4] The State Liquor Authority did not give advance notice that it would be decommissioning its Public Query site, and unfortunately search results can no longer be reproduced. However, Defendants to not dispute that they were listed as principals on the restaurant's liquor license as of May 18, 2021 or that a search would not have revealed this information.

[5] Report & Recommendation, at 8.

[6] *See* D.E. 50-10, at 1.

> HARMINDER SINGH certifies that he/she is PRESIDENT
> Print Name                                          Title
>
> of the above named licensee; that he knows the contents of the renewal application and the statements and answers therein as well as the statements and answers provided above; that the same are true of his/her own knowledge and that any false statements or misrepresentations shall constitute sufficient cause for the disapproval of the application and/or revocation, cancellation or non-renewal of any license which is issued or affected as a result of such application.
>
> *Harminder Singh*                                    01/28/2021
> Signiture                                            Dated

Then, on February 16, 2021, Harminder again signed stipulation on behalf of Indian Taj, Inc. that was submitted to the SLA:[7]

> *Harminder Sm*
> FOR THE LICENSEE
>
> DATED: 2-16-2021

On July 16, 2021, only after he was served at the restaurant, Harminder submitted a "Petition for Surrender of License" form. He once again certified that he was still the President of Indian Taj, Inc. and requested that a check for Indian Taj, Inc. be mailed to the restaurant:[8]

> (B)                    CERTIFICATION TO BE SIGNED AND DATED BY A CORPORATION
>
> HARMINDER SINGH certifies that he/she is PRESIDENT
> (Name)                                           (Title)
> of the INDIAN TAJ INC Corporation which is holder of this license and which made and executed this petition; that he/she signed his/her name thereto by order of the Board of Directors of said Corporation; that he/she knows the contents thereof and the statements contained therein; and the same are true of his/her own knowledge.
>
> Dated 07/16/2021
> *Harminder Sm*                          of 86-23 254TH ST, BELLEROSE, NY 11426
> (Signature of officer signing petition)       (Present residence address)
>
> Date of Surrender  07/16/2021            FEIN No 11-3346286
>
> License Serial No. 1039547
>
> Please specify the address where the refund, if any, is to be mailed  257-05 UNION TPKE, GLEN OAKS, NY 11004

Nevertheless, the Magistrate concluded that there was insufficient proof that Harminder was an officer of Indian Taj on May 18, 2021.

---

[7] *See* D.E. 50-11, at 3.

[8] *See* D.E. 50-13, at 1.

Hon. Diane Gujarati, USDJ           MOSER LAW FIRM, PC
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, Case No. 20-cv-5855*
Page 4

**Extension.** Under the circumstances, should the Court find that service was improper, Plaintiff respectfully renews his request for an extension of time to serve. *See* Pl. MOL (D.E. 32-2)("Although the decision regarding an extension under Rule 4(m) is left to the 'sound discretion of the district court in the first instance', the Second Circuit has cautioned that the 'district court should consider, among the relevant factors' the ;fact that a dismissal without prejudice in combination with the statute of limitations would, *in effect,* result in a dismissal *with* prejudice[.]'*Buon, 65 F.4th at 75.*"). Here, the Plaintiff served the Defendants at the location where they were licensed as they had represented to the SLA. "Furthermore, it is well settled that deficient service may be deemed complete where the deficiency is attributable to the recipient's mistake[.]" *Murray v. Coleman*, 737 F. Supp. 2d 121, 125 (W.D.N.Y. 2010).

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC: All counsel of record via ECF