UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTEBAN MARQUEZ,

                Case No. 20-CV-5855

        Plaintiff,

  -against-

INDIAN TAJ, INC. d/b/a SANTOOR INDIAN
RESTAURANT, BALVINDER SINGH,
HARMINDER SIGNH, JOGINDER SINGH,
KIRPAL SINGH and MEHANGA SINGH,


        Defendants.
-----------------------------------------------------------X


**DEFENDANTS JOGINDER SINGH AND MEHANGA SINGH'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE LEVY**

1

**Preliminary Statement**

Magistrate Judge Levy correctly recommended dismissal of all claims against Joginder Singh and Mehanga Singh based on insufficient service and lack of personal jurisdiction. Plaintiff's objections do not identify any error of law or fact; they simply reprise arguments the Magistrate considered and rejected—chiefly, that historical New York State Liquor Authority ("SLA") records supposedly transform a restaurant into the individual defendants' "actual place of business" for CPLR 308(2) purposes years after they divested and, later, after the restaurant itself was sold. See Pl.'s Obj. at 1–3 (reliance on now-decommissioned SLA "Public License Query" and asserted "continuing representations"). The objections should be overruled and the R&R adopted in full.

**Standard of Review**

Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court reviews de novo the portions of the R&R to which specific objections are made and may accept, reject, or modify the recommended disposition.

**Argument**

**I. The R&R correctly held service was insufficient as to Joginder and Mehanga Singh.**

    A. Plaintiff still has no evidence that the restaurant was either defendant's "actual place of business" in May 2021.

The process server's affidavit is facially conclusory; it does not identify the person purportedly served, does not recount any inquiry tying the location to Joginder Singh and Mehanga Singh, and merely parrots pre-printed language that the premises was the defendant's "actual place of

2

business/dwelling/usual place of abode." Defendants' reply explained why such an affidavit is not "valid on its face" and cannot carry Plaintiff's burden once contradicted by sworn evidence of non-affiliation since 2014. The Magistrate Judge credited the documentary record showing a sale in 2014 (as to these movants) and a subsequent sale of the restaurant in 2020—well before the alleged service in May 2021—and correctly concluded the liquor license material was "insufficient proof" these defendants were owners or officers on the date of service. *Pl.'s Obj. quoting the R&R.*

B. Plaintiff's renewed reliance on SLA materials does not establish "actual place of business."

Plaintiff invokes the SLA's now-retired "Public License Query" and a theory of "continuing representations," asserting that because SLA records once identified these names, service at the restaurant necessarily satisfied CPLR 308(2). But as Defendants have shown, the liquor license lists corporate principals for a licensed premises—it does not fix an individual's personal "business address," and, critically, the documents Plaintiff leans on from 2016 and 2018 were not signed by Joginder or Mehanga and cannot bind them. The January 28, 2021 renewal was signed by Harminder alone and does not list Joginder or Mehanga at all, nearly four months before the attempted service. Plaintiff's premise therefore fails even on its own materials.

C. The "supervision" assertion in the objection is unsupported and cannot defeat the R&R.

Plaintiff's counsel letter newly asserts Joginder and Mehanga "supervised" Plaintiff "long after they claim to have sold" their interests, citing subpoenaed SLA photographs. That argument is neither evidence nor tied to the service question; it cannot carry Plaintiff's burden on personal jurisdiction and was not credited by the Magistrate.

**.II. Plaintiff's estoppel theory fails.**

Plaintiff claims Defendants are "estopped" from contesting service because SLA filings supposedly imposed a continuing duty akin to address-updating cases. But neither Joginder nor Mehanga signed the 2013 corporate change application Plaintiff cites and therefore made no such "continuing" representation; any duty to update lay with the signatories (Harminder and Kirpal). Defendants' reply addresses this point directly and distinguishes the address-update cases. Even in the DMV context, the Second Department has held that a mere failure to update an address, standing alone, does not automatically warrant estoppel to challenge service. That principle applies here with greater force: a corporate liquor license registry is not a personal business address for CPLR 308(2), and the undisputed sale history severs any nexus between these individuals and the premises years before service.

**III. Plaintiff's cited authorities are inapposite or support dismissal.**

Plaintiff's authorities either involved uncontested defaults, defendants who conceded contemporaneous principal status, or discussions unrelated to "actual place of business." Defendants have already distinguished <u>Joe Hand Promotions</u>, <u>Jiminez v. Bosie</u>, and <u>J&J Sports/Mangahas</u> on these precise grounds. None of those cases transform a historical appearance on a liquor license into proof that a restaurant is an individual's "actual place of business" seven years after divestiture and months after a sale to a third party.

**IV. The Court should deny Plaintiff's late request for a Rule 4(m) extension.**

Plaintiff again asks for an extension "should the Court find that service was improper." He shows no good cause, and a discretionary extension is unwarranted because (i) the record shows a

4

2014 divestiture and 2020 sale, (ii) any claims against Joginder and Mehanga accruing within the limitations windows cannot be established consistent with those facts, and (iii) further service efforts would be futile and waste judicial resources. Defendants laid out the limitations consequences and futility at length; those points independently support denying any extension.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court overrule Plaintiff's objections, adopt the Report and Recommendation in full, and dismiss all claims against Joginder Singh and Mehanga Singh.

Dated: Bohemia, New York
September 24, 2025

Respectfully submitted,

KUSHNICK PALLACI PLLC

_/s/ Vincent T. Pallaci_
VINCENT T. PALLACI (VP 0801)
Attorneys for Joginder and Mehanga Singh
3920 Veterans Memorial Highway, Suite 7
Bohemia, New York 11716
(631) 752-7100
vtp@kushnicklaw.com