UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Esteban Marquez,

                    Plaintiff,

      -against-

Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
Balvinder Singh, Harminder Singh, Joginder
Singh, Kirpal Singh, and Mehanga Singh,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-05855 (DG) (RML)

DIANE GUJARATI, United States District Judge:

      Familiarity with the procedural history and background of this action is assumed herein. As particularly relevant here, on September 29, 2022, the Clerk of Court entered default judgment in favor of Plaintiff Esteban Marquez against all Defendants in this action. *See* Judgment, ECF No. 24.

      Pending before the Court are the following motions: (1) Defendant Joginder Singh's motion to vacate the default judgment entered against him and dismiss the claims against him, *see* ECF No. 26 (asserting that the default judgment is void due to improper service and citing Federal Rules of Civil Procedure 4, 12(b)(2), 12(b)(4), 12(b)(5), 55(c), and 60(b)(4));[1] (2) Defendant Mehanga Singh's motion to vacate the default judgment entered against him and dismiss the claims against him or, if the claims are not dismissed, permit him to file an answer and defend the claims, *see* ECF No. 41 (asserting that the default judgment is void due to improper service and citing Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5),

---

[1] A portion of Defendant Joginder Singh's motion – which had requested that Plaintiff be stayed and restrained from any further attempt to enforce the judgment pending determination on Defendant Joginder Singh's motion – was withdrawn in light of a stipulation entered into by Defendant Joginder Singh and Plaintiff. *See* ECF No. 30.

12(b)(6), and 60(b)(4)); and (3) Defendant Harminder Singh's motion to vacate the default judgment entered against him and dismiss the claims against him or, if the claims are not dismissed, permit him to file an answer and defend the claims, *see* ECF No. 43 (asserting that the default judgment is void due to improper service and citing Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6), and 60(b)(4)).[2]

On August 11, 2025, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R&R") recommending (1) that the motions of Defendants Joginder Singh, Mehanga Singh, and Harminder Singh to vacate the default judgments and dismiss the claims against them be granted and (2) that any restraints on the bank accounts or other assets of Defendants Joginder Singh, Mehanga Singh, and Harminder Singh be lifted. *See generally* R&R, ECF No. 65. The R&R set forth relevant procedural history, background, and applicable legal standards, including with respect to Rules 4 and 60(b)(4) of the Federal Rules of Civil Procedure; discussed the record evidence as to service of process; and concluded, *inter alia*, that "the service on an unnamed employee of Santoor and mailing to Santoor's address did not constitute effective service on defendants." *See generally* R&R.

On August 12, 2025, Defendant Harminder Singh filed a letter requesting that the Court adopt the R&R. *See* ECF No. 67.

On August 22, 2025, Plaintiff filed objections to the R&R, *see* ECF No. 68, and on August 25, 2025, Plaintiff filed amended objections to the R&R, *see* ECF No. 69.

By Order dated September 24, 2025 (the "September 24, 2025 Order"), the Court scheduled a hearing for October 7, 2025 and informed the parties that they would have the

---

[2] Also pending is a motion filed by Defendant Kirpal Singh, which motion is not the subject of the instant Order.

opportunity at the hearing to be heard further on the motions filed by Defendants Joginder Singh, Mehanga Singh, and Harminder Singh (collectively, the "Motions") and to present additional evidence. *See* September 24, 2025 Order.

Shortly after the Court issued the September 24, 2025 Order – and well outside the 14-day window for responding to objections to the R&R – Defendants Joginder Singh and Mehanga Singh filed a document titled "Defendants Joginder Singh and Mehanga Singh's response to Plaintiff's objections to the Report and Recommendation of Magistrate Judge Levy." *See* ECF No. 70.

On October 7, 2025, the Court held a hearing on the Motions. *See* October 7, 2025 Minute Entry. Each party took the opportunity at the hearing to be heard further but no party presented additional evidence.

* * *

In light of Plaintiff's objections to the R&R and out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R. Upon such review, the Court adopts certain of the R&R's recommendations. *See* 28 U.S.C. § 636(b)(1). Specifically, and for the reasons set forth below, (1) the Court adopts the recommendation that Defendant Joginder Singh's motion to vacate the default judgment and dismiss the claims against him be granted and the recommendation that any restraints on his bank accounts or other assets be lifted; (2) the Court adopts the recommendation that Defendant Mehanga Singh's motion to vacate the default judgment and dismiss the claims against him be granted and the recommendation that any restraints on his bank accounts or other assets be lifted; and (3) the Court adopts the recommendation that Defendant Harminder Singh's motion to vacate the default judgment be granted and the recommendation that any restraints on his bank accounts or other assets be lifted

3

– but does not adopt the recommendation that the claims against Defendant Harminder Singh be dismissed at this time.

In light of the record and the applicable law, the Court concludes that Judge Levy correctly determined that Defendants Joginder Singh, Mehanga Singh, and Harminder Singh were not properly served. *See* R&R at 3-9 (noting that "[t]he issue to be resolved is whether Santoor at 257-05 Union Turnpike in Glen Oaks, New York was defendants' actual place of business on May 18, 2021;" concluding that "the liquor license alone is insufficient proof that defendants were owners or officers of Santoor on the date of service" and that "the service on an unnamed employee of Santoor and mailing to Santoor's address did not constitute effective service on defendants;" and discussing Rules 4(e)(1) & (2) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 308(2)). And, because valid service of process is necessary in order for a court to exercise personal jurisdiction over a defendant, *see Kamiel v. Hai St. Kitchen & Co. LLC*, No. 19-CV-05336, 2022 WL 1591580, at *2 (S.D.N.Y. May 19, 2022) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)), and "[a] default judgment against a defendant is void where the issuing court lacks personal jurisdiction over the defendant," *see id.* (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122-23 (2d Cir. 2008) and *Vega v. Trinity Realty Corp.*, No. 14-CV-07417, 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021)), the Court concludes that Judge Levy correctly determined that Defendants Joginder Singh, Mehanga Singh, and Harminder Singh are entitled to vacatur of the default judgments against them, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 60(b)(4) (providing that a ground for relief from a final judgment is if the judgment is void), and are entitled to have any restraints on their bank accounts or other assets resulting from the default judgments against them lifted.

In light of the Court's conclusion that Judge Levy correctly determined that Defendants Joginder Singh, Mehanga Singh, and Harminder Singh are entitled to vacatur of the default judgments against them, the Court proceeds to consider whether to extend the time for Plaintiff to effectuate service as to any or all of these three Defendants – either for "good cause" or as an exercise of the Court's discretion.  *See* Fed. R. Civ. P. 4(m) (providing in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (stating that "a district court *may* grant an extension in the absence of good cause, but it is not required to do so"); *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (stating that a plaintiff "bears the burden of proof in showing that it had good cause in not timely serving the defendant;" that to establish good cause, "a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control;" and that factors deemed outside of a plaintiff's control "typically include sudden illness, natural catastrophe or evasion of service of process" (quotations omitted)); *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 204-06 (S.D.N.Y. 2024) (noting that a plaintiff bears the burden of showing that he had good cause in not timely serving defendants; that good cause is evidenced only in "exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control;" and that a delay in service "resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause" and stating: "In determining whether a discretionary extension is appropriate in the absence of good cause, courts

5

in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendants had actual notice of the claims asserted in the complaint; (3) whether defendants attempted to conceal the defect in service; and (4) whether defendants would be prejudiced by extending plaintiff's time for service.  It is also appropriate to consider judicial efficiency in determining whether late service should be permitted." (alterations accepted) (quotations and citation omitted)); *Hernandez v. Lira of New York Inc.*, No. 20-CV-04457, 2022 WL 280887, at *2 (S.D.N.Y. Jan. 31, 2022) (noting the four factors courts generally consider in determining whether a discretionary extension is appropriate and stating that these factors "are not dispositive" and that "courts may also take other equitable considerations into account" (alteration accepted) (quotations omitted)).

In light of the record and the applicable law, the Court concludes that an extension of time to effectuate service is not warranted as to Defendants Joginder Singh and Mehanga Singh and therefore dismissal of this action as against them is warranted pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has not demonstrated good cause and under the circumstances here, a discretionary extension of time is not warranted.  Notably, the record evidence does not reflect that Defendants Joginder Singh and Mehanga Singh had actual notice of the claims asserted in this action or that they attempted to conceal the defect in service and the record suggests that they would be prejudiced by extension of Plaintiff's time for service, particularly in light of the passage of many years since the time of the relevant events and in light of the fact that record evidence reflects that Defendants Joginder Singh and Mehanga Singh sold their ownership interests in the restaurant at issue in 2014.[3]

---

[3] Because dismissal of the action as against Defendants Joginder Singh and Mehanga Singh is for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, such dismissal is without prejudice, *see* Fed. R. Civ. P. 4(m), though the Court recognizes that the

In contrast, the Court concludes that an extension of time to effectuate service is warranted as to Defendant Harminder Singh and therefore dismissal of this action as against him is not warranted at this time. Notably, although Defendant Harminder Singh asserts that he had "no affiliation or connection to the restaurant" at the time of service – May 18, 2021 – and that he "had no knowledge of the lawsuit," *see* ECF No. 43-1 at 4-5 (ECF-generated pagination), record evidence suggests that Defendant Harminder Singh did indeed have some relationship with the restaurant as late as July 2021, *see* ECF No. 50-13 at 1 (containing Defendant Harminder Singh's signed certification reflecting that as of July 16, 2021, he was "PRESIDENT" of "INDIAN TAJ INC");[4] *see also* ECF No. 50-10 (containing Defendant Harminder Singh's signed certification reflecting that as of January 28, 2021, he was "PRESIDENT"), and on the record before the Court, the Court cannot conclude that Defendant Harminder Singh did not attempt to conceal the defect in service. Equitable considerations counsel in favor of granting Plaintiff an extension of time to effectuate service as to Defendant Harminder Singh.

Should Plaintiff wish to continue this action as against Defendant Harminder Singh, Plaintiff must effectuate service upon him and file proof of such service by October 24, 2025. Should Plaintiff fail to effectuate service upon Defendant Harminder Singh and file proof of such service by October 24, 2025, the claims against Defendant Harminder Singh will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

---

applicable statutes of limitations very likely will bar the action as against these two Defendants if refiled.

[4] At the October 7, 2025 hearing, counsel for Defendant Harminder Singh represented that notwithstanding the signed certification, Defendant Harminder Singh was not in fact the President of Indian Taj Inc. at the time he signed the certification. Counsel's representation does not alter the Court's conclusions herein with respect to Defendant Harminder Singh.

7

\* \* \*

For the reasons set forth above:

- Defendant Joginder Singh's motion, ECF No. 26, is GRANTED; the Clerk of Court is directed to vacate the default judgment entered against Defendant Joginder Singh; any restraints on Defendant Joginder Singh's bank accounts or other assets resulting from the default judgment entered against him are lifted; this action is dismissed as against Defendant Joginder Singh pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter judgment accordingly as to Defendant Joginder Singh.

- Defendant Mehanga Singh's motion, ECF No. 41, is GRANTED; the Clerk of Court is directed to vacate the default judgment entered against Defendant Mehanga Singh; any restraints on Defendant Mehanga Singh's bank accounts or other assets resulting from the default judgment entered against him are lifted; this action is dismissed as against Defendant Mehanga Singh pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter judgment accordingly as to Defendant Mehanga Singh.

- Defendant Harminder Singh's motion, ECF No. 43, is GRANTED IN PART; the Clerk of Court is directed to vacate the default judgment entered against Defendant Harminder Singh; and any restraints on Defendant Harminder Singh's bank accounts or other assets resulting from the default judgment entered against him are lifted. Should Plaintiff wish to continue this action as against Defendant Harminder Singh, Plaintiff must effectuate service upon Defendant Harminder Singh and file proof of such service by **October 24, 2025**. Should Plaintiff fail to effectuate service upon Defendant Harminder Singh and file proof of such service by October 24, 2025, the claims against Defendant Harminder Singh will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: October 10, 2025
Brooklyn, New York