

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 21, 2025

**VIA ECF**

Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*
               Case No. 20-cv-5855(DG)(RML)

Dear Judge Gujarati:

      As an initial matter, I would like to thank the Court for taking the time to allow the parties to appear at an evidentiary hearing, and for the Court's careful consideration and review. Plaintiff does not take lightly this consideration.

      Plaintiff respectfully requests reconsideration of the portion of the Memorandum and Order dated October 10, 2025 (D.E. 73), which adopted the factual determination in the Report and Recommendation dated August 11, 2025 (D.E. 65) that Harminder Singh was not an officer of Indian Taj, Inc. in May 2021 and vacating the judgment against Mr. Harminder Singh. In the alternative, Plaintiff respectfully requests that the Court permit service upon Harminder Singh's counsel and/or extend the date for service upon Harminder Singh, as he has apparently relocated to Texas and his attorney has refused to furnish his current residence address despite multiple requests.

## Motion for Reconsideration

      **Facts.** On February 17, 2025, Harminder Singh filed a motion to Vacate and Dismiss. D.E. 43. The only documents submitted by Mr. Harminder Singh in support of his motion were:

1. An undated corporate resolution signed by Harminder Singh and Kirpal Singh giving Kirpal Singh decision-making authority in 2014.

2. A Shareholder's Agreement dated August 2020 signed by Harminder Singh and Kirpal Singh.

      Harminder Singh's motion was unsupported by documentary or testimonial evidence. In fact, a review of Harminder's very carefully crafted declaration indicates that *he never denied* that

Hon. Diane Gujarati, USDJ



**MOSER LAW FIRM, PC**

Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, Case No. 20-cv-5855*

Page 2

he was an officer of Indian Taj, Inc. in May 2021.[1] Instead, he denied any *current* affiliation with the restaurant (*See* H. Singh Decl. 4, 7). He did not expressly deny that he was an officer of Indian Taj, Inc. through July 2021. His motion papers explicitly state that the basis for his motion is that he was not an *owner* of the restaurant in May 2021:

> …I have not been properly served in this action and the default judgement against me should be vacated in its entirety [,] [s]ince I sold my minority interest in 2020, a year before any attempted service.
>
> - H. Singh Affidavit, Paragraph 12.

Because of the way in which the declaration was crafted[2] Judge Levy stated in the Report and Recommendation as follows: "Harminder Singh states that he sold his twenty-five percent minority interest in Santoor on August 21, 2020, *and has had no affiliation with the business since then.*"[3] Then, despite the fact that Harminder Singh had signed documents as the President of Indian Taj, Inc. in January 2021, February 2021 and July 2021, the R&R resolved the question of whether Harminder was an officer of the restaurant on the date of service in Harminder's favor.[4]

On August 22, 2025, Plaintiff pointed out in objections to the Report and Recommendation that Harminder Singh, by his own admission, was the President of Indian Taj at the time of Service. D.E. 68. Plaintiff submitted excerpts from documents submitted by Harminder Singh to the State Liquor Authority ("SLA") in which he stated that he was an officer of Indian Taj in January, February and July 2021.

By Order dated September 24, 2025 (the "September 24, 2025 Order"), the Court scheduled a hearing for October 7, 2025 and informed the parties that they would have the opportunity at the hearing to be heard further on the motions filed by Defendants and to present additional evidence. *See* September 24, 2025 Order.

The Plaintiff appeared at the hearing. Defendants did not. Harminder's attorney confirmed that the documents submitted by Harminder to the SLA in January 2021, February 2021 and July 2021 bear his signature. However, Harminder Singh was not present to offer any credible explanation for his certified statements to the SLA.[5]

---

[1] *See* Declaration of Harminder Singh, D.E. 46-6, Paragraph 4 (stating in the present tense "I currently have no affiliation or connection to the restaurant."), and Paragraph 7 (stating in the present tense that Harminder does "not have an ownership interest in the restaurant, I am also not an employee.").

[2] *See* H. Singh Affidavit, paragraph 8, stating that "I understand through counsel if I didn't have an ownership interest, operate, manage or employed by the restaurant on May 18, 2021, the date of service that service was invalid and never properly made on me" but not denying employment or management of the restaurant in May 2021.

[3] See Affidavit of Harminder Singh, sworn to Feb. 14, 2025, Dkt. No. 43-6, ¶ 4.

[4] See R&R, at 8 (implicitly determining that Harminder Singh was not an officer of the restaurant after August 21, 2020.

[5] Although Harminder's attorney stated to the Court at the evidentiary hearing that Harminder had no affiliation with the restaurant at the time of service, this statement is not directly supported by Harminder's affidavit, which only denies any affiliation or involvement with the restaurant as of the time the declaration was made.

Hon. Diane Gujarati, USDJ  MOSER LAW FIRM, PC 
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, Case No. 20-cv-5855*
Page 3

Indeed, the Court noted in the Memorandum and Order that

evidence suggests that Defendant Harminder Singh did indeed have some relationship with the restaurant as late as July 2021, see ECF No. 50-13 at 1 (containing Defendant Harminder Singh's signed certification reflecting that as of July 16, 2021, he was "PRESIDENT" of "INDIAN TAJ INC"); 4 see also ECF No. 50-10 (containing Defendant Harminder Singh's signed certification reflecting that as of January 28, 2021, he was "PRESIDENT"), and on the record before the Court, the Court cannot conclude that Defendant Harminder Singh did not attempt to conceal the defect in service.

**Conclusion.** The statements made by Harminder Singh to the State Liquor Authority that he was the President of Indian Taj through July 2021 are not directly contradicted by testimonial or documentary evidence. In fact, the documents filed by Mr. Harminder Singh with the SLA bear special weight because they become part of the public record. If they were false (which they are not) there would be potential criminal penalties. *See* N.Y. C.P.L. 173.35.

Under these circumstances, we respectfully request that the Court reconsider its decision accepting the factual finding by Judge Levy that Mr. Harminder Singh was not an officer of Indian Taj, Inc. on the date of service pursuant to F.R.C.P. 60(b).

### Harminder Singh's Evasion of Service

The Court's Memorandum and Order states:

Should Plaintiff wish to continue this action as against Defendant Harminder Singh, Plaintiff must effectuate service upon Defendant Harminder Singh and file proof of such service by October 24, 2025. Should Plaintiff fail to effectuate service upon Defendant Harminder Singh and file proof of such service by October 24, 2025, the claims against Defendant Harminder Singh will be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On October 13, 2025, we sent an email to Harminder Singh's counsel asking, *"Please advise if you are authorized to accept service of the complaint on behalf of Harminder Singh, or if not, please provide his current residence address so that service can be effected."* Again, on October 14, 2025 we sent an email to Harminder's attorney as follows: *"As service must be made by next Friday, we are under time constraints. Please let me know by [close of business] 10/15/2025 whether you will waive service, can accept service via email, or can provide your client's current residence address. If we do not hear from you we must assume that these requests are denied."* No response was received.

On October 15, 2025 we sent another email to counsel for Harminder as follows:

Hon. Diane Gujarati, USDJ 
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, Case No. 20-cv-5855*
Page 4

MOSER LAW FIRM, PC

> *For clarification, the reason why I ask is because Harminder Singh's declaration was notarized in Texas, where we presume he currently resides. We simply do not want Harminder's whereabouts to be secreted until after the deadline has passed.*

Harminder Singh has refused to confirm his current residence. We have taken diligent steps to identify his present residence and have identified a "Harminder Singh" residing at 1820 Huisache St, Josephine, TX 75189-5580. Our server attempted service at this address, but no one answered the door. We are concerned because a lexis search for "Harminder Singh" indicates that there are more than 3,000 "Harminder Singhs" in the Unted States and more than 100 in Texas.

**Conclusion.** Harminder Singh has refused to confirm his address. Considering how common the name is, we do not know whether we have the right "Harminder Singh." Mr. Harminder Singh will simply avoid service and later challenge jurisdiction. This is especially troubling considering the Court's statement that "on the record before the Court, the Court cannot conclude that Defendant Harminder Singh did not attempt to conceal the defect in service."

> Courts have authorized alternative service, where the defendant could not be located by means of a diligent search and refused to accept service on the defendant's attorney. *See, e.g., Rampersad v. Deutsche Bank Sec. Inc.,* No. 02 CV 7311, 2003 U.S. Dist. LEXIS 7861, 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (authorizing alternative service on a defendant's attorney after plaintiff was unable to locate the defendant's address after a diligent search and the defendant refused to authorize service on his attorney). Courts have also authorized alternative service where a defendant "deliberately frustrated plaintiffs efforts to serve him by evading [the process server] . . . and by refusing to authorize his attorney to accept service of process." *Federal Home Loan Mortg. Corp. v. Steinfeld,* No. 92 CV 761, 1992 U.S. Dist. LEXIS 20616, 1992 WL 428852, at *3 (E.D.N.Y. Dec. 30, 1992).

*Gonzalez v. United States*, No. 16 CV 1494 (KAM) (CLP), 2016 U.S. Dist. LEXIS 199037, at *13 (E.D.N.Y. Sep. 29, 2016).

We therefore respectfully request that, in the event the Court does not reconsider its decision vacating the default judgment, that the time to serve be extended for period of 30 days and that the Court authorize service upon the attorney for Mr. Harminder Singh.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:   All counsel of record via ECF