UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ESTEBAN MARQUEZ,

             Plaintiff,

    -against-                        REPORT AND
                                  RECOMMENDATION
INDIAN TAJ INC. d/b/a SANTOOR         20 CV 5855 (DG)(RML)
INDIAN RESTAURANT, BALVINDER
SINGH, HARMINDER SINGH,
JOGINDER SINGH, KIRPAL SINGH, and
MEHANGA SINGH,

             Defendants.
-----------------------------------------------------X

LEVY, United States Magistrate Judge:

        By order dated July 21, 2025, the Honorable Diane Gujarati, United States

District Judge, referred the motion of defendant Kirpal Singh to vacate the default judgment and

dismiss the claims against him to me for report and recommendation.  For the reasons stated

below, I respectfully recommend that the motion be granted.

## BACKGROUND

        Plaintiff Esteban Marquez ("plaintiff") filed this case on December 3, 2020,

asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the

New York Labor Law ("NYLL").  (See Complaint, dated Dec. 3, 2020, Dkt. No.1; see also

Amended Complaint, dated Apr. 8, 2021 ("Am. Compl."), Dkt. No. 7.)  Plaintiff alleges that he

was employed as a cook and salad preparer at Indian Taj, Inc. ("Indian Taj") d/b/a Santoor Indian

Restaurant ("Santoor") from on or about 2005 until June 10, 2018.  (Am. Compl. ¶¶ 40, 44.)  By

Memorandum and Order dated September 27, 2022, Judge Gujarati adopted my Report and

Recommendation of August 5, 2022 and entered default judgments against all defendants in this case, jointly and severally. (Memorandum and Order, dated Sept. 27, 2022, Dkt. No. 23.)[1]

Defendant Kirpal Singh ("defendant"), through his guardian ad litem, now moves to vacate the default judgment and dismiss all claims against him, on the grounds that he was never properly served with the pleadings or other documents in this case, and the statute of limitations has expired. (See Order to Show Cause, filed July 18, 2025, Dkt. No. 63; Affirmation of Manuel Moses, Esq., dated July 18, 2025 ("Moses Aff."), Dkt. No. 63-1.) Defendant was first named in the Amended Complaint, filed on April 8, 2021. (See Am. Compl.) An Affidavit of Service shows that defendant was served with the Summons and Amended Complaint on May 18, 2021 via an unnamed "co-worker" at Santoor located at 257-05 Union Turnpike, Glen Oaks, New York 11004, with copies mailed to the same address. (See Affidavit of Service of Husam Al-Atrash, sworn to May 21, 2021, Dkt. No. 13.)

Defendant is disabled and suffers from vascular dementia due to a 2019 stroke; his wife, Jugraj Kaur, and his son-in-law, John Giannitelli, have submitted affidavits in support of his motion. (Affidavit of Jugraj Kaur, dated July 18, 2025 ("Kaur Aff."), Dkt. No. 63-2; Affidavit of John Giannitelli, dated July 18, 2025 ("Giannitelli Aff."), Dkt. No. 63-3.) According to Ms. Kaur, defendant was formerly an owner of Santoor but "his share was sold on September 8, 2020." (Kaur Aff. ¶ 4.) Mr. Giannitelli states that he was present at the closing on September 8, 2020 and "helped with the handover of the physical restaurant as well as the social media and merchant account information as my father-in-law was impaired." (Giannitelli Aff. ¶ 3.) As

---

[1] On October 10, 2025, Judge Gujarati vacated the default judgments against defendants Joginder Singh, Mehanga Singh, and Harminder Singh. (See Memorandum and Order, dated Oct. 10, 2025, Dkt. No. 73.)

documentation, he has attached a copy of the Agreement of Sale, dated July 13, 2020, establishing that Santoor was purchased by Centaur India, Inc.  (Id., Ex. B.)

In opposition, plaintiff has produced a document from the New York State Liquor Authority ("NYSLA") showing that, as of May 30, 2013, Kirpal Singh was the treasurer and owned a twenty-five percent interest in the business.  (Declaration of Steven J. Moser, Esq., dated Dec. 13, 2024, Dkt. No. 32, ¶ 6, Ex. 1.)  According to plaintiff, the liquor license was renewed without any changes in April 2014, April 2016, April 2018 and January 2021. (Plaintiff's Memorandum of Law, dated Mar. 10, 2025, Dkt. No. 49, at 7; see also Letter of Steven J. Moser, Esq., dated July 22, 2025, Dkt. No. 64.)  However, plaintiff does not contend that defendant had actual notice of this lawsuit and has submitted no documentation concerning the ownership of Santoor as of May 18, 2021, the date of service.

### DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) allows a court to relieve a party from a final judgment if "the judgment is void."  FED. R. CIV. P. 60(b)(4).  Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error" —such as a failure to serve— "or on a violation of due process that deprives a party of notice or the opportunity to be heard."  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).  Relief under Rule 60(b)(4), unlike other provisions of Rule 60(b), is not discretionary. See, e.g., Loc. 78, Asbestos, Lead & Hazardous Waste Laborers, AFL-CIO v. Termon Constr., Inc., No. 01 CV 5589, 2003 WL 22052872, at *3 (S.D.N.Y. Sept. 2, 2003) ("[I]f a judgment entered against the moving party is void, the Court has no discretion and the 60(b)(4) motion must be granted."); see also Covington Indus. v. Resintex A.G., 629 F.2d 730, 733 n.3 (2d Cir. 1980).  In order to "resolv[e] motions to vacate default judgments based on improper service,

courts consider affidavits or declarations submitted by the parties." Williams v. Miracle Mile Props. 2 LLC, No. 20 CV 3127, 2024 WL 3878826, at *5 (E.D.N.Y. June 21, 2024), report and recommendation adopted, 2022 WL 22866394 (E.D.N.Y. July 15, 2024).

Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(e)(2)(A)–(C). Plaintiff has not offered evidence that he satisfied any of these methods.

A plaintiff may also serve the summons in compliance with applicable state law. FED. R. CIV. P. 4(e)(1). In New York, there are "five methods for serving an individual [under N.Y. C.P.L.R. § 308]: (1) delivering the summons on the individual personally; (2) delivering the summons to the individual's place of business or residence, as well as mailing the summons to the individual at his place of business or residence, . . . ; (3) delivering the summons to an agent; (4) if neither 308(1) or 308(2) service can be made with due diligence, by affixing the summons to the door of the individual's place of business or residence, as well as mailing the summons to the place of business or residence; or (5) if 308(1), 308(2), or 308(4) is impracticable, then delivering summons in a manner specified by the court." Cyrus v. Lockheed Martin Corp., No. 20 CV 6397, 2022 WL 203750, at *3 (E.D.N.Y. Jan. 24, 2022) (citing N.Y. C.P.L.R. § 308). "New York law requires strict compliance with both the personal delivery and mailing requirements of CPLR § 308(2)." Assets Recovery 23, LLC v. Gasper, No. 15 CV 5049, 2018 WL 5849763, at *6 (E.D.N.Y. Sept. 11, 2018), report and recommendation adopted, 2018 WL 5847102 (E.D.N.Y. Nov. 8, 2018).

Plaintiff opted to serve defendant under N.Y. C.P.L.R § 308(2) by delivering the summons to defendant's "actual place of business" and mailing to his "last known place of business." Sackett v. Dirlam, No. 22 CV 6245, 2023 WL 4206520, at *6 (W.D.N.Y. June 26, 2023) (noting that papers may be delivered to an individual of "suitable age and discretion" at the defendant's business address, which can include an "adult co-worker"). New York courts have construed "actual place of business" to include (1) a place where the defendant regularly transacts business or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by him or her with that place of business. Rodriguez v. Lucky Lotto Grocery Deli Corp., No. 22 CV 2256, 2024 WL 3760583, at *3 n.3 (E.D.N.Y. July 18, 2024), report and recommendation adopted sub nom. Rodriguez v. Lucky Lotto Grocer Deli Corp., 2024 WL 3759660 (E.D.N.Y. Aug. 12, 2024). The issue to be resolved is whether Santoor at 257-05 Union Turnpike in Glen Oaks, New York was defendant's actual place of business on May 18, 2021. Chen v. Best Miyako Sushi Corp., No. 16 CV 2012, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021) (finding no evidence in the affidavits of service—or elsewhere in the record—that 642 Amsterdam Avenue was the "actual place of business" of any of the individual defendants when they were allegedly served); Glasser v. Keller, 567 N.Y.S.2d 981, 982 (Sup. Ct., Queens Cnty. 1991) ("[S]ervice is invalid if the delivery is made to a place where the defendant maintained his place of business in the past, but does not do so at the time of service.").

The only evidence plaintiff has presented to support his claim that service was proper is a liquor license dated May 30, 2013 listing Kirpal Singh as an owner and officer of Indian Taj, and accompanying documents showing that the license for Santoor was renewed a number of times, most recently on January 28, 2021 based on a renewal application signed by

Harminder Singh.  (Declaration of Steven J. Moser, Esq., dated Mar. 10, 2025 ("Moser Decl."),

Dkt. No. 50, Exs. 2, 7, 8.)  As plaintiff points out, the NYSLA requires licensees to notify it of

any corporate changes, and there is no record of the NYSLA receiving any such notice from

Indian Taj.  (Id. ¶¶ 12, 16, 17, 18; Ex. 2.)  On July 16, 2021, Indian Taj submitted a request to the

NYSLA to surrender the liquor license.  (Id., Ex. 11.)

   In addition to the affidavits and Agreement of Sale described above, defendant has

provided the affidavit of attorney Mandeep Kaur, who states that in September 2020 he

represented the owners of Indian Taj in connection with the sale of Santoor.  (Affidavit of

Mandeep Kaur, sworn to Jan. 9, 2025, Dkt. No. 41-8, ¶ 2.)  Other documents in the record

confirm that Indian Taj was sold and the name Santoor was discontinued in September 2020.

(See Affirmation of Vincent T. Pallaci, Esq., dated Feb. 14, 2025, Ex. E, Dkt. No. 41-7.)

   Taking all of this evidence into account, I find that the liquor license alone is

insufficient proof that defendant was affiliated with Indian Taj on the date of service.  Fan v.

Jenny & Richard's Inc., 17 CV 6963, 2019 WL 1549033, at *4 (E.D.N.Y. Feb. 22, 2019) (where

evidence established that individual defendant, who had owned the business, sold the business

and ceased working there, service at that place of business was ineffective), report and

recommendation adopted, 2019 WL 1547256 (E.D.N.Y. Apr. 9, 2019); Hernandez v. Delta Deli

Mkt. Inc., No. 18 CV 375, 2019 WL 643735, at *5 (E.D.N.Y. Feb. 12, 2019) ("Beyond

conclusory allegations, Plaintiffs do not indicate that any of the Individual Defendants worked at

1060 Flatbush Avenue, the location of service, or had any other affiliation with that location . . .

on the date service was purportedly effected.").  Therefore, the service on an unnamed employee

of Santoor and mailing to Santoor's address did not constitute effective service on defendant.

Since service was invalid and therefore could not form the basis for entry of a default judgment

against defendant, I respectfully recommend that defendant's motion to vacate the default judgment be granted pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 60(b)(4) (providing that a ground for relief from a final judgment is that the judgment is void).

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for "a cause of action arising out of a willful violation."  29 U.S.C. § 255(a).  Under the NYLL, the statute of limitations is six years.  N.Y. LAB. L. § 663(3).  "[A] cause of action . . . for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day."  29 C.F.R. § 790.21(b).  Here, plaintiff alleges that his employment at Santoor ended on June 10, 2018.  (Am. Compl. ¶ 40.)  Thus, applying the longer NYLL statute of limitations, plaintiff's claims expired on June 10, 2024.

Under Federal Rule of Civil Procedure 4(m), the court may extend the time for a plaintiff to effectuate service either for "good cause" or as an exercise of the court's discretion.  FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.")  Plaintiff does not aver that defendant had actual notice of the claims asserted in the amended complaint or otherwise show good cause for an extension of time to serve.  Since the claims are time-barred, I respectfully recommend that plaintiff's claims against Kirpal Singh be dismissed with prejudice.  Sung v. DeJoy, No. 22 CV 7682, 2024 WL 4107212,

at *14 (E.D.N.Y. Sept. 5, 2024) (dismissing time-barred employment discrimination claims with prejudice.)

Finally, I recommend that any restraints or garnishments on defendant's bank accounts in accordance with the default judgments be lifted, and all enforcement efforts against him cease and desist.  See <u>Kamiel v. Hai St. Kitchen & Co. LLC</u>, No. 19 CV 5336, 2022 WL 1591580, at *4 (S.D.N.Y. May 19, 2022).

CONCLUSION

For the reasons set forth above, I respectfully recommend that defendant Kirpal Singh's motion to vacate the default judgment and dismiss the claims against him be granted. Additionally, I respectfully recommend that any restraints on defendant's bank accounts or other assets be lifted.

Any objections to this Report and Recommendation must be filed electronically within fourteen days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

*Robert M. Levy*

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
          October 21, 2025