

MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 24, 2025

**VIA ECF**

Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*
              Case No. 20-cv-5855(DG)(RML)

Dear Judge Gujarati:

      Please accept this report with regard to the status of service of process on Harminder Singh and in reply to the letter dated October 24, 2025 (D.E. 77).

      Our process server has made 3 unsuccessful attempts at the Texas address we previously identified, the most recent of which was this morning at approximately 9:00 AM. However, Harminder Singh has refused to provide his current address or even confirm whether the address we have identified is correct.

      We also respectfully challenge the allegation that Plaintiff has willfully violated the Court's order concerning the lifting of restraints. Harminder Singh apparently has not furnished a copy of the order lifting the restraint to his bank, and we cannot locate the Chase account which is being withheld. We therefore asked for information from counsel for Harminder Singh so that the restraint can be lifted. Counsel refused to furnish the account number and instead provided a publicly available Chase toll-free number on the afternoon of October 23, 2025. We called Chase bank. However, the account cannot be located by Chase unless we provide either the full account number or the account holder's full social security number. Chase cannot disclose account information to us directly, and has informed us that the best way to resolve the issue is for the account holder to call them. In short, Harminder is refusing to take steps to lift the restraint himself and refused to furnish information necessary for us to take steps to lift the restraint.

      We also write to respond to the allegation that Plaintiff was not diligent. At the time of service the only information publicly available and upon which Plaintiff relied was the SLA public access portal. *See* D.E. 69. In response to a 2022 FOIL Request to the SLA by the Moser Law Firm to obtain all documents concerning the identities of the principals, the SLA produced only 4 pages, which were furnished to the Court on November 25, 2024. *See* D.E. 29-2. The SLA did not produce the entire file until 2025 and there was no way for Plaintiff to know about the surrender of the license in July 2021 until the entire file was produced. Not to mention that the license was renewed without changes to the principals by Harminder Singh and to this day reflects that the

Hon. Diane Gujarati, USDJ                                              MOSER LAW FIRM, PC
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant, Case No. 20-cv-5855*
Page 2


four individual defendants were principals on the license that was issued in January 2021 and effective until after the date of service.

                                        Respectfully submitted,

                                        *Steven J. Moser*

                                        Steven J. Moser


CC:      All counsel of record via ECF