**Moser Law Firm, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

November

**VIA ECF**

Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*
              Case No. 20-cv-5855(DG)(RML)

Dear Judge Gujarati:

    Plaintiff respectfully objects to the report and recommendation of the Honorable Robert M. Levy, USMJ dated October 21, 2025 solely to the extent that it recommends dismissal of the claims against Kirpal Singh *with prejudice.* Specifically, Magistrate Levy dismissed the claims *wih prejudice* because the plaintiff did not "show good cause for an extension of time to serve." R&R at 7.

    Rule 4(m) specifically states that "if the plaintiff shows good cause for [a] failure [to serve within 90 days], the court must extend the time for service for an appropriate period."

    According to both John Giannitelli (Kirpal Singh's son-in-law) and Juraj Kaur (Kirpal Singh's wife), Kirpal Singh became incapacitated because of a massive stroke in 2019.[1] At the same time, they claim that he was competent to understand and execute documents to effectuate the sale of his shares in the restaurant in September 2020. Mr. Kirpal Singh also not incapacitated in August 2020 either. Harminder Singh produced a "shareholder's agreement" which was affirmed by Kirpal Singh in August 2020 and notarized. *See* D.E. 43-5.

    Putting this contradiction aside, the Plaintiff has demonstrated good cause for an extension. Mr. Kirpal Singh's attorney claimed without any basis on July 18, 2025 that "any investigation would reveal" that Mr. Singh had sold his shares.[2] However, the uncontradicted record shows that the investigation revealed the oppoosite - that Kirpal Singh *had not sold his interest in the restaurant* as of the date of service. On August 25, 2025[3] plaintiff pointed out the following:

---

[1] *See* Giannitelli Affidavit, paragraph 2 and Kaur Affidavit, paragraph 2.
[2] Affirmation of Manuel Moses, Esq. (D.E. 63-1), at paragraph 10.
[3] *See* Objection to Report and Recommendation dated August 11, 2025 filed by Esteban Marquez (D.E. 69).

Hon. Diane Gujarati, USDJ         MOSER LAW FIRM, PC
Re: *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*, Case No. 20-cv-5855
Page 2

Prior to December 31, 2021, the New York State Liquor Authority ("SLA") had a "Public License Query" page[.][4] In response to a search, the SLA would produce a "Public Query – Result" that revealed the names of all [active] principals listed on the license.[5] On April 8, 2021, [Plaintiff's counsel] performed searches on the SLA Public Query page. Those searches revealed that there was an active liquor license for Indian Taj, Inc. d/b/a [Santoor Indian Restaurant] and that the [active] principals on the license were Harminder Singh, Mehanga Singh, Kirpal Singh and Joginder Singh. [Plaintiff's counsel] relied upon the information that the Defendants had provided to the New York State Liquor Authority in effecting service on the Defendants at the restaurant.[6]

Indeed, the complete SLA file obtained in early 2025 indicates that Kirpal Singh was an active principal at the restaurant until July 2021. No one advised the SLA of any sale of the restaurant and Harminder renewed the license that was issued to Kirpal Singh *without changes* in January 2021.

More importantly, even assuming that Kirpal Singh had sold his shares in the restaurant in September 2020, he has not identified any way in which the Plaintiff could have known of that fact when service was effected. While the defendants claim that Indian Taj, Inc. is no longer in business, the records of the Secretary of State show that the corporation still exists and has a maintains a place of business at the restaurant.[7]

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:   All counsel of record via ECF

---

[4] *See* 69-2
[5] *See* 69-4
[6] D.E. 69.
[7] *See* https://apps.dos.ny.gov/publicInquiry/ (last visited 11/3/2025).