UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------X
ESTEBAN MARQUEZ,

                                                  Case No. 20-CV-5855 (DG)(RML)

        Plaintiff,

                                                  **KIRPAL SINGH**
                                                  **RESPONSE TO OBJECTIONS**

      -against-
INDIAN TAJ INC. d/b/a SANTOOR INDIAN RESTAURANT, *et al.*,

        Defendants.
------------------------------------------------------------------------------------------X

      Defendant Kirpal Singh, through his Guardian Ad Litem, Anthony J. Cassese, Esq., and undersigned counsel, Manuel Moses, Esq., respectfully submits this Response to the Objections filed by Plaintiff Esteban Marquez to the Report and Recommendation (R&R) of the Honorable Robert M. Levy, United States Magistrate Judge, dated October 21, 2025 (D.E. 76).

      Plaintiff objects **solely** to the R&R's recommendation of dismissal **with prejudice** (Pl. Obj. at 1). For the reasons set forth below, the R&R should be **adopted in its entirety**, and Plaintiff's objection should be **overruled**. The claims against Defendant Kirpal Singh must be dismissed with prejudice because the Plaintiff failed to show the requisite **good cause** for an extension of time to serve, and the claims are now **time-barred**.

**POINT I: The Default Judgment Must Be Vacated as Void Due to Improper Service**

      The R&R correctly concluded that the default judgment entered against Kirpal Singh on September 29, 2022, is **void** under Federal Rule of Civil Procedure 60(b)(4) because the Court lacks personal jurisdiction over him. A judgment entered without proper service under Fed. R. Civ. P. 4 is a legal nullity that the Court must vacate without discretionary analysis.

1. **Service Failed:** The Affidavit of Service alleges delivery at the restaurant business address on May 18, 2021. However, the record, through the Affidavit of John Giannitelli, clearly demonstrates that Kirpal Singh's share of the restaurant was **sold on September 8, 2020**, and that address was no longer his "actual place of business" or "dwelling or usual place of abode" on the date of attempted service.
2. **Incapacity Undisputed:** Furthermore, Defendant Kirpal Singh suffered a massive stroke in **February 2019** and was subsequently diagnosed with vascular dementia. As established by the appointment of a Guardian Ad Litem, he was—and remains—incapable of understanding and defending this action. Service on a person of "suitable age and discretion" at the former business location could never be reasonably calculated to give the medically incapacitated Defendant actual notice.

      Since the judgment is void, the claims against Kirpal Singh must be dismissed unless Plaintiff demonstrates sufficient justification to permit an extension of time to perfect service.

**POINT II: Plaintiff Failed to Show Good Cause for a Service Extension, Warranting Dismissal With Prejudice**

Plaintiff's objection rests entirely on the contention that their reliance on the New York State Liquor Authority (SLA) records constitutes **"good cause"** for failing to serve Kirpal Singh within the 90-day period required by Rule 4(m). This argument fails as a matter of law and fact.

1. **Reliance on State Records is Not Due Diligence:** The Plaintiff argues they relied on SLA records showing Kirpal Singh as an active principal until July 2021 (Pl. Obj. at 2). However, reliance on stale or inaccurate state licensing records does **not** meet the burden of **due diligence** required to establish good cause. The Plaintiff's attempted service on May 18, 2021, failed. Faced with a failed service attempt, due diligence required the Plaintiff to make further reasonable inquiry to locate the individual Defendant's actual residence or place of business, especially before the Rule 4(m) deadline expired in July 2021 (90 days after the April 8, 2021, Amended Complaint). The Plaintiff took no such action.

2. **Prejudice is Severe:** The R&R correctly concluded that where a plaintiff fails to show good cause, and the statute of limitations has run, **dismissal with prejudice** is the appropriate remedy. The last date of employment alleged was **June 10, 2018**.
   > The **FLSA** claim (2- or 3-year statute of limitations) expired no later than June 10, 2021—before Plaintiff ever properly served Kirpal Singh.
   > Allowing a dismissal *without* prejudice would invite the Plaintiff to immediately refile the New York Labor Law (NYLL) claims (6-year statute of limitations), forcing a defense upon an individual who is **medically incapable** of assisting in his own defense, thereby causing extreme and unwarranted prejudice.

Dismissal with prejudice is necessary to achieve finality in this action and to protect the rights of a medically disabled litigant who has already been severely prejudiced by the restraint of his and his wife's protected income.

**POINT III: The Restraints on Protected Income Must Be Immediately Lifted**

Defendant Kirpal Singh fully supports the R&R's recommendation that any restraints or garnishments on his and his wife's joint bank accounts be **immediately lifted**. The funds in question are primarily **Social Security and pension income**, which are protected from collection efforts under federal and state law. With the default judgment being vacated and the claims dismissed, any basis for the ongoing restraint has been extinguished.

**CONCLUSION**

For the foregoing reasons, Defendant Kirpal Singh respectfully requests that the Court **overrule** Plaintiff's objection and **ADOPT the Report and Recommendation of Magistrate Judge Levy in its entirety**, granting the motion to:
1. **Vacate** the default judgment entered against Defendant Kirpal Singh.
2. **Dismiss** the claims against Defendant Kirpal Singh **with prejudice**.
3. **Lift** any restraints or garnishments on Defendant Kirpal Singh's bank accounts.

**VIA ECF**
Hon. Diane Gujarati, USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

Respectfully Submitted;

*Manuel Moses*
_____
Manuel Moses, Esq.
Moses Law Office of New York PLLC
236 West 26th Street Suite 303
New York, New York 10001
(212) 736-2624 x11
F. 212-981-0528
manuelmoses@icloud.com

cc: = *via* = ECF all parties of record