# Law Office of Bhavleen Sabharwal, P.C.
261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

November 20, 2025

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Esteban Marquez v. Indian Taj, Inc. d/b/a Santoor Indian Restaurant, et al.*
Case No.: 20-cv-5855

Dear Judge:

I respectfully submit this letter on behalf of Defendant Harminder Singh ("Mr. Singh") in accordance with Your Individual Practice Rules to request a pre-motion conference in anticipation of a motion to dismiss based upon Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).

According to the First Amended Complaint (the "Complaint") filed by Esteban Marquez ("Plaintiff") on April 8, 2021, he alleges that he was employed by the defendants at Santoor Indian Restaurant ("Santoor") from on or about 2005 until June 10, 2018 (Complaint ¶16). The first cause of action alleges violations of the Fair Labor Standards Act. The second cause of action alleges violations of the New York Labor Law. The third cause of action alleges failure to pay spread of hours pay. The fourth cause of action alleges failure to provide wage statements.

After service was initially attempted on May 18, 2021, Plaintiff re-served Mr. Singh by taping a complaint to a residence in Texas on October 30, 2025[1]. The Court ordered that an answer was due on November 20 (Dkt. 81).

In order to subject a defendant to personal jurisdiction in the United States, due process requires that the defendant have sufficient minimum contacts with the forum in which the defendant is sued " 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Picard v. Bureau of Labor Ins.* (*In re BLMIS*), 480 B.R. 501, 516 (Bankr.

---

[1] Mr. Singh denies that service was properly made and reserves all rights.

S.D.N.Y. 2012) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

If a defendant has sufficient minimum contacts, the Court must then ask "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable under the circumstances of the particular case." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002) (quoting *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Where the plaintiff "makes the threshold showing of the minimum contacts required for [exercising personal jurisdiction], a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *MSP Recovery Claims, Series LLC*, 2021 WL 4461773, at 3 (quoting *Bank Brussels Lambert*, 305 F.3d at 129). Factors the Court will consider include the burden on the defendant; the interests of the forum in adjudicating the case; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the states in furthering fundamental substantive social policies. 305 F.3d at 129.

### A. Mr. Singh's Past Ownership at Santoor Does Not Satisfy the Minimum Contacts Test

The minimum contacts analysis "focuses on the relationship among the defendant, the forum, and the litigation," a relationship that "must arise out of contacts that the defendant himself creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Here, any contacts Mr. Singh may have had with New York were severed years before service was attempted on October 30, 2025:

- Mr. Singh relinquished decision-making authority, including decision-making regarding employees- to Kirpal Singh in 2014 (Dkt. 43-6);
- Plaintiff's employment at Santoor ended on June 10, 2018 (Complaint ¶16);
- Mr. Singh sold his entire 25% ownership interest in Indian Taj, Inc. on August 21, 2020 (Dkt. 43);
- Mr. Singh moved out of New York State in December 2022.

### B. Due Process Requires Consideration of the Burden on the Defendant

Courts must consider "the burden on the defendant" when evaluating whether exercising jurisdiction is reasonable. *In re Fairfield Sentry*, 657 B.R. at 380 (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002)).

The burden imposed on Mr. Singh is not merely inconvenient—it is fundamentally unfair and violates due process. The claims arise from wage violations which warrant the production of documentary evidence. Mr. Singh cannot meaningfully defend himself against wage and hour and labor law claims from 2005-2018 as he was not required to maintain employment records for the FLSA claims for more than three years (29 CFR §516.5 [eCFR :: 29 CFR Part 516 -- Records to Be Kept by Employers](#)) which would be three years from when Plaintiff left his employment or

June 10, 2021. Similarly, he would have had to keep records for the New York Labor Law Section 195 claims for six years from June 10, 2018 or until June 10, 2024 (N.Y. Labor Law Section 195 – Notice and record-keeping requirements (2025).

Furthermore, having divested his entire ownership interest in August 2020, Mr. Singh had no duty to maintain employment records for a business he no longer owned, and forcing him to defend claims for which the statutory record retention periods have long since expired, and for which he never possessed or controlled the relevant documentation, violates fundamental notions of fair play and substantial justice.

### C. This Court Has Already Determined That Service on Mr. Singh Was Improper and That the Restaurant Was Not His Actual Place of Business on May 18, 2021

In the Report and Recommendation of Magistrate Judge Levy dated August 11, 2025 (Dkt. 63), it was held that, "Taking all of this evidence into account, I find that the liquor license alone is insufficient proof that defendants were owners or officers of Santoor on the date of service... Therefore, the service on an unnamed employee of Santoor and mailing to Santoor's address did not constitute effective service on defendants."

The Court adopted these findings, "in light of the record and the applicable law, the Court concludes that Judge Levy correctly determined that Defendants Joginder Singh, Mehanga Singh, and Harminder Singh were not properly served." (Dkt. 73 Report and Recommendation).

These findings considered as a whole establish that Mr. Singh lacked the requisite contacts with New York to justify service at Santoor. If Santoor was not his actual place of business and his name on the liquor license was insufficient to establish ownership or officer status, then he cannot be deemed to have purposefully availed himself of New York's laws at the time service was attempted. While the Court cited "equitable considerations" in allowing an extension based on Mr. Singh's signatures on January 28, 2021 and July 16, 2021 liquor license documents, equity cannot manufacture minimum contacts where none exist.

Moreover, the equitable considerations that supported an extension to re-serve must be balanced against the countervailing equitable consideration that Mr. Singh divested from the business in good faith in August 2020, had no notice of this litigation until years later, and cannot possibly defend against stale wage claims from 2005-2018 without employment records he was never legally obligated to maintain after his divestment.

For all the reasons referenced above, Defendant Harminder Singh respectfully requests that this Court schedule a pre-motion conference pursuant to Rule III(A)(1) of Your Honor's Individual Practices.

Respectfully submitted,

*Bhavleen Sabharwal*
Bhavleen K. Sabharwal

Via ECF:

To all parties