

MOSER LAW FIRM, PC
Steven J. Moser
Tel: (516) 671-1150
steven.moser@moserlawfirm.com

**VIA ECF**

**Hon. Diane Gujarati, USDJ**
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant*
               Case No. 20-cv-5855(DG)(RML)

Dear Judge Guajarati:

Please accept this letter in response to Harminder Singh's pre-motion letter concerning his anticipated motion to dismiss for lack of personal jurisdiction.

**Mr. Singh is subject to the jurisdiction of this Court even if he had never been a domiciliary of New York.**

Mr. Singh first argues that he is not subject to jurisdiction in New York because he is not a domiciliary of New York. However, it is well settled that "a federal court in New York may exercise personal jurisdiction over a nonresident defendant based either on general jurisdiction, under C.P.L.R. § 301, or specific jurisdiction, under C.P.L.R. § 302." *Weitsman v. Levesque*, No. 3:17-CV-00727 (MAD/DEP), 2019 U.S. Dist. LEXIS 225002, 2019 WL 7503022, at *3 (N.D.N.Y. Jan. 11, 2019) (cleaned up). Federal courts in New York "may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . transacts any business within th[is] state" so long as "the cause of action arises from that transaction." *Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (citing N.Y. C.P.L.R. 302(a)).

For this reason, individuals who own or operate businesses in New York State are subject to jurisdiction in New York for wage violations that occurred within New York, even if they *never* reside within the state. *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 U.S. Dist. LEXIS 132003, at *4 (E.D.N.Y. Aug. 3, 2018) ("The Court has personal jurisdiction over [individual who owned or operated the Corporate Defendant] whether he is domiciled in New York or not"); *Hernandez v. Fu Long Food Prod. Inc.*, No. 24-CV-8391 (NCM)(MMH), 2025 U.S. Dist. LEXIS 167061, at *8 (E.D.N.Y. Aug. 26, 2025) (finding jurisdiction over individuals who owned and operated New York restaurant even if they had not been domiciled in New York); *Ibarra v. O & M Pizza Corp.*, No. 23-CV-5827 (LDH)(MMH), 2025 U.S. Dist. LEXIS



MOSER LAW FIRM, PC
Steven J. Moser
Tel: (516) 671-1150
steven.moser@moserlawfirm.com

49530, at *7 (E.D.N.Y. Mar. 18, 2025)(finding specific jurisdiction where individual was alleged to own or operate corporate defendant0; *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2023 U.S. Dist. LEXIS 47850, at *16 (E.D.N.Y. Mar. 21, 2023)(same);

**The Court's exercise of jurisdiction over Mr. Singh comports with due process.**

Mr. Harminder Singh next argues that even if there were a basis for exercising jurisdiction, the exercise thereof would not comport with due process. More specifically he alleges that since he did not learn of the lawsuit until more than six years after the Plaintiff was employed, he did not keep records and therefore has no means to defend himself.

As an initial matter, "if jurisdiction is proper under the CPLR, due process [is ordinarily] satisfied because CPLR § 302 does not reach as far as the constitution permits." *Francis*, 2018 U.S. Dist. LEXIS 132003, at *9 (citing *Jewell v. Music Lifeboat*, 254 F. Supp. 3d 410, 417 (E.D.N.Y. 2017)); *Chatwal Hotels & Resorts L.L.C. v. Dollywood Co.,* 90 F. Supp. 3d 97, 108 (S.D.N.Y. 2015); *see also Licci*, 673 F.3d at 60-61; *Allied Dynamics Corp. v. Kennametal, Inc.*, 965 F. Supp. 2d 276, 296 (E.D.N.Y. 2013)).

Mr. Singhs argument relating to records is also flawed for 2 reasons. First, the Plaintiff was paid in cash throughout his employment and the wage records that Mr. Harminder Singh claims he no longer has a statutory obligation to keep never existed. Second, even if records existed which had not been kept due to the passage of time, the Court has not determined whether the burden-shifting rules found in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 682, 66 S. Ct. 1187, 1190 (1946) or NYLL § 196-a apply to this case.

For the foregoing reasons, Plaintiff respectfully opposes the anticipated motion.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC: All counsel of record via ECF