UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No.: 1:20-cv-05855-DG

--------------------------------------------------X

Esteban Marquez,

Plaintiff,

-against-

Indian Taj, Inc. d/b/a Santoor Indian
Restaurant, Balvinder Singh,
Harminder Singh, Joginder Singh,
Kirpal Singh and Mehanga Singh,

Defendants.

**ANSWER OF DEFENDANT
HARMINDER SINGH**

-------------------------------------------X

### ANSWER OF DEFENDANT HARMINDER SINGH TO FIRST AMENDED COMPLAINT

Defendant Harminder Singh ("Defendant"), by and through his undersigned counsel, hereby

answers the First Amended Complaint ("Complaint") of Plaintiff Esteban Marquez as follows.

### JURISDICTION AND VENUE

1. Paragraph 1 states legal conclusions to which no response is required and further asserts that such allegations contain legal conclusions which are for consideration of the Court.

2. Defendant denies that Court has subject matter jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over his state law claims as alleged in Paragraph 2 of the complaint.

3. Defendant denies the allegations as alleged in Paragraph 3 of the complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits the allegations in Paragraph 22.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39 as they pertain to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

**FIRST COUNT — Overtime Wages Under the FLSA (29 U.S.C. §§ 207 & 216)**

52. Defendant incorporates by reference his responses to all prior paragraphs as though fully set forth herein.

5

53. Paragraph 53 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

55. Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

**SECOND COUNT — Overtime Wages Under the New York Labor Law (NYLL §§ 650 et seq.)**

59. Defendant incorporates by reference his responses to all prior paragraphs as though fully set forth herein.

60. Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

61. Defendant denies the allegations in Paragraph 61.

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

**THIRD COUNT — Spread of Hours Premium Under 12 NYCRR §§ 146-1.6**

65. Defendant incorporates by reference his responses to all prior paragraphs as though fully set forth herein.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

**FOURTH COUNT — Wage Statement Violations Under NYLL §§ 195(3) and 198**

70. Defendant incorporates by reference his responses to all prior paragraphs as though fully set forth herein.

71. Paragraph 71 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

72. Defendant denies the allegations in Paragraph 72.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief, including but not limited to unpaid overtime, liquidated damages, spread of hours pay, wage statement damages, attorney's fees, costs, or prejudgment interest.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted against Defendant.

## Second Affirmative Defense

Defendant was not an "employer" of Plaintiff within the meaning of the FLSA or NYLL and did

not exercise sufficient operational control over the terms and conditions of Plaintiff's

employment to be held individually liable.

## Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations. Under

the FLSA, the limitations period is two years, or three years only upon proof of willful violation.

Under the NYLL, the limitations period is six years. To the extent Plaintiff's claims arose outside

the applicable limitations periods, they are time-barred.

## Fourth Affirmative Defense

At all relevant times, Defendant acted in good faith and had reasonable grounds to believe that

his conduct complied with the FLSA and NYLL, thereby precluding or reducing any award of

liquidated damages under 29 U.S.C. § 260 and NYLL § 198.

## Fifth Affirmative Defense

To the extent Plaintiff was paid amounts equal to or exceeding those required by the FLSA and

NYLL, Plaintiff's claims are barred or reduced by the amounts already paid.

## Sixth Affirmative Defense

Plaintiff's claims may be barred or reduced to the extent any applicable exemption under the

FLSA or NYLL applies.

## Seventh Affirmative Defense

The Court lacks subject matter jurisdiction over Defendant in this matter.

Defendant reserves the right to assert additional affirmative defenses as discovery progresses and additional facts become known.

**WHEREFORE**, Defendant Harminder Singh respectfully requests that this Court:

(a) Dismiss the First Amended Complaint in its entirety with prejudice as against Defendant;

(b) Award Defendant his costs and attorneys' fees to the extent permitted by law; and

(c) Grant such other and further relief as the Court deems just and proper.

Dated: March 25, 2026

Respectfully submitted,

*Bhavleen Sabharwal*
Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal
Attorney for Harminder Singh
261 Madison Avenue, Suite 1063
New York, NY 10016
Bsabharwal@bsablaw.com
(917) 597-5984

Steven J. Moser
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY 11743
Tel: (516) 671-1150
smoser@moseremploymentlaw.com
Attorney for Plaintiff