

**Steven J. Moser, Esq.**
steven.moser@moserlawfirm.com
631.697.8876

March 30, 2026

**VIA ECF**

Honorable Diane Gujarati
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:    Marquez v Indian Taj, Inc d b a Santoor Indian Restaurant**
**Case No.:    20-cv-5855(DG)(RML)**

Dear Judge Gujarati:

I represent the Plaintiff in the above referenced action. Please accept this letter in opposition to Defendant Kirpal Singh's letter dated March 26, 2026, which was filed as a "First Motion to Dismiss by Kirpal Singh." D.E. 97. The letter is a renewed motion to adopt the Report and Recommendation of Judge Levy dated October 22, 2025, to lift the stay, and would have the effect of permanently staying discovery from Kirpal Singh (from whom the Court has permitted discovery).

**Facts.** On March 11, 2026 Defendant Harminder Singh filed a motion to obtain discovery from Kirpal Singh. D.E. No. 94. In that letter Harminder Singh states the following:

> Kirpal Singh. . .was responsible for paying employee wages from the business account of Indian Taj, Inc., held at Citibank. Harminder Singh was not an account holder on that account, had no access to it, and had no authority to write checks from it. This arrangement is consistent with, and directly supported by, an agreement entitled Corporate Resolution which was signed in 2014, in which both Harminder Singh and Kirpal Singh agreed that Kirpal Singh, as majority shareholder, would make all decisions on behalf of the Corporation. That resolution transferred full decision-making authority — including control over corporate finances and employment matters — exclusively to Kirpal Singh.

> [T]he records necessary to assess Plaintiff's claims, including payroll records, wage payments, and business documents pertaining to employees, are exclusively in the possession of Kirpal Singh.

The motion for discovery from Kirpal Singh was not opposed. On March 18, 2026 Judge Levy granted the motion for discovery. *See* Docket Order dated March 18, 2026.

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: (631) 759-9766 | www.moserlawfirm.com

March 30, 2026
**Re:     Marquez v Indian Taj, Inc**
**Case No.:     20-cv-5855(DG)(RML)**
Page 2



On March 25, 2026 the Defendant Harminder Singh filed an answer (D.E. No. 96) to the First Amended Complaint dated April 8, 2021 (D.E. No. 7).  In his answer, Harminder once again identifies Kirpal Singh as the employer by admitting the following allegations in the First Amended Complaint ("FAC"):

> "Defendant Kirpal Singh had the power to hire and fire the Plaintiff, supervised, and controlled the work schedules and conditions of Plaintiff's employment, determined the rate and method of his pay, and maintained records of his employment." FAC ¶ 21; Harminder Singh Ans. ¶ 21.

> "Defendant Kirpal Singh exercised sufficient operational control over Indian Taj, inc. to be deemed Plaintiff's employer." FAC ¶ 22; Harminder Singh Ans. ¶ 22.

In other words, according to Harminder, Kirpal Singh was solely liable as an employer under the NYLL and the FLSA at all times after 2014.

As pointed out by the Plaintiff on November 3, 2025:

> [T]he complete [New York State Liquor Authority] file obtained in early 2025 indicates that Kirpal Singh was an active principal at the restaurant until July 2021.  No one advised the SLA of any sale of the restaurant and *Harminder renewed the license that was issued to Kirpal Singh without changes in January 2021.*[1]

**Defendant Kirpal Singh's motion to dismiss should be stayed pending discovery, including jurisdictional discovery:**

> "District courts have considerable discretion in determining how best to handle jurisdictional questions," *Best Van Lines, Inc. v. Walker*, No. 03 Civ. 6585 (GEL), 2004 U.S. Dist. LEXIS 7830, 2004 WL 964009, at *1 (S.D.N.Y. May 5, 2004), and may permit a plaintiff to conduct "limited discovery with respect to the jurisdictional issue[,]" *Filus v. Lot Polish Airlines*, 907 F.2d 1328, 1332 (2d Cir. 1990); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (cautioning that "a court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction" (internal quotation marks omitted) (quoting *Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 40, 342 U.S. App. D.C. 145 (D.C. Cir. 2000))). "It is well settled under Second Circuit law that, even where a plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish

---

[1] *See* D.E. 79.

**MOSER LAW FIRM, P.C.**
453 West Main Street, Huntington, NY 11743
O: (631) 759-9766 | www.moserlawfirm.com

March 30, 2026
**Re:     Marquez v Indian Taj, Inc**
**Case No.:     20-cv-5855(DG)(RML)**
Page 3



jurisdiction if given the opportunity to develop a full factual record." *Leon*, 992 F. Supp. 2d at 194 (citing *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d at 208; *APWU*, 343 F.3d at 627; *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 866 (2d Cir. 1996)).

*Piotrowicz v. Techtronic Indus. N. Am., Inc.*, No. 19 Civ. 11522 (KPF), 2021 U.S. Dist. LEXIS 83294, at *7-8 (S.D.N.Y. Apr. 30, 2021).

Here, the corporate defendant, Indian Taj, Inc., was acting through its representatives as late as July 2021, when it asked for a refund check from the State Liquor Authority to be sent to the restaurant. Jurisdictional discovery will reveal whether Kirpal Singh was managing the corporate entity as stated by Harminder Singh, whether he maintained the restaurant as his business address, whether he signed checks on or after May 2021, and whether he was actively engaged in the management of the corporate entity on or after May 2021.

**Kirpal Singh's situation is unlike that of codefendants Joginder Singh and Mehanga Singh.** According to Counsel for Kirpal Singh, his "requested relief is identical to the relief already granted by this Court to Kirpal's codefendants.**"** However, Kirpal Singh's *role* was not identical to that of the codefendants. ***Indeed, all of the codefendants claim that after 2014, Kirpal was the sole shareholder with legal authority to act on the corporation's behalf, to pay wages, and to make employment decisions.***

**Kirpal Singh is required to post a bond to lift the restraint.** Here, the Plaintiff has not yet collected any amounts on the judgment and has agreed to stay *further* enforcement proceedings pending a resolution of Kirpal's motion to vacate. However, Kirpal requests that the restraint be lifted without any assurance that the judgment will be satisfied. Under Rule 62(b) of the Federal Rules of Civil Procedure, federal courts have discretion to stay execution of a judgment pending the disposition of certain post-judgment motions, including, *inter alia*, motions to vacate a judgment pursuant to Rule 60. *See* Fed. R. Civ. P. 62(b). Under the Rule, a district court may stay execution of judgment only "[o]n appropriate terms for the opposing party's security." *Id.; see Peacock v. Thomas*, 516 U.S. 349, 359 n.8, 116 S. Ct. 862, 133 L. Ed. 2d 817 (1996).

> Normally, the party seeking a stay under Rule 62(b) is required to post a bond sufficient to protect the prevailing party's interest in the judgment. *See, e.g., Cont'l Cas. Co. v. First Fin. Emple. Leasing, Inc.,* No. 8:08-CV-2372-T-27GW, 2010 U.S. Dist. LEXIS 138356, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 23, 2010) (noting that even though the court has broad discretion to set the terms on which a stay may be granted, a bond is normally required); *Lincoln Elec. Co. v. MPM Techs., Inc.*, CASE NO. 1:08-CV-2853, 2009 U.S. Dist. LEXIS 96907, 2009 WL 3246936, at *1 (N.D. Ohio Oct. 6, 2009) (same); *Lewis v. United Joint Venture*, CASE NO. 1:07-CV-639, 2009 U.S. Dist. LEXIS 48616, 2009 WL 1654600, at *1 (W.D. Mich. June 10, 2009) (same). However, the Court may grant a stay without requiring the judgment debtor to post a bond *if the judgment debtor can show that in the absence of standard security, the judgment creditor*

March 30, 2026
**Re:    Marquez v Indian Taj, Inc**
**Case No.:      20-cv-5855(DG)(RML)**
Page 4



*will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions. See* Slip N' Slide Records, *Inc. v. TVT Records, LLC, No.* 05-02 (S.D. Fla. Apr. 8 2007); *see, e.g.,* R*iver Oaks Marine v. Town of Grand Island,* No. 89-CV-1016S, 1992 U.S. Dist. LEXIS 20407, 1992 WL 406813, at *2 (W.D.N.Y. Dec. 10, 1992).

*Laws. Title Ins. Corp. v. Singer*, No. 3:07cv804 (MRK), 2011 U.S. Dist. LEXIS 22359, at *2-3 (D. Conn. Mar. 7, 2011) (emphasis supplied).

**Conclusion.**  For the foregoing reasons the Plaintiff respectfully requests that the discovery requested by the parties and permitted by the Court proceed.  Plaintiff has no objection to lifting any stay to the extent that Kirpal Singh posts a bond to secure the judgment in the event that Kirpal's motion is denied.

Respectfully submitted,

*Steven J. Moser, Esq.*
Steven J. Moser

CC: All counsel of record via ECF