# Law Office of Bhavleen Sabharwal, P.C.
261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

April 10, 2026

VIA ECF:

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Marquez v. Indian Taj, Inc. d/b/a Santoor Indian Restaurant, et al.
Case No. 20-CV-5855 (DG)(RML)

Dear Judge Gujarati:

I represent Defendant Harminder Singh in the above-referenced matter. I write in advance of the conference scheduled for April 16, 2026 at 9:30 a.m. on Defendant Kirpal Singh's motion to dismiss, to respectfully request permission to submit an affidavit detailing Kirpal Singh's involvement in the employment and payment of Plaintiff Esteban Marquez.

As the Court is aware, Defendant Kirpal Singh has moved to adopt the Report and Recommendation of Magistrate Judge Levy dated October 22, 2025, which would vacate the default judgment and dismiss all claims against him. Defendant Harminder Singh opposes that relief. Harminder Singh is the only remaining defendant who must actively defend this case on the merits, and Kirpal Singh's dismissal would leave Harminder Singh solely exposed for conduct that was, in fact, directed and controlled by Kirpal Singh.

The affidavit Defendant Harminder Singh seeks to submit will address the following: Kirpal Singh was responsible for paying employee wages from the business account of Indian Taj, Inc., held at Citibank; Harminder Singh was not an account holder on that account, had no access to it, and had no authority to write checks from it. A document giving Kirpal Singh control over business operations including presumably payment of wages at Indian Taj was memorialized in the 2014 Corporate Resolution (Dkt. 43-7), which provides that "the members of the Corporation will allow the Kirpall Singh, as the majority shareholder to make all decisions on behalf of the Corporation," and bears the signatures of both Harminder Singh and Kirpal Singh. That resolution transferred full decision-making authority — including control over corporate finances and employment matters — exclusively to Kirpal Singh, and the records necessary to assess Plaintiff's claims,

including payroll records, wage payments, and business documents pertaining to employees, are exclusively in his possession.

Discovery from Kirpal Singh is essential to Harminder Singh's defense. On March 18, 2026, Magistrate Judge Levy granted Harminder Singh's motion for targeted discovery from Kirpal Singh, and that discovery must be permitted to proceed before any dismissal of Kirpal Singh is considered in the interests of justice. Granting Kirpal Singh's motion at this juncture — before discovery has been taken — would severely prejudice Harminder Singh's ability to defend himself.

Defendant Harminder Singh therefore respectfully requests permission to submit an affidavit in advance of the April 16, 2026, conference, to ensure the Court has a full factual record when considering Kirpal Singh's motion.

I thank the Court for its time and continued attention to this matter.

Respectfully submitted,

*Bhavleen Sabharwal*

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal, P.C.
Attorney for Defendant Harminder Singh
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com

cc: All counsel of record (via ECF)