Manuel Moses, Esq.
Moses Law Office of New York PLLC
236 West 26th Street Suite 303
New York, New York 10001
(212) 736-2624 x11 f. 212-981-0528
manuelmoses@icloud.com

April 13, 2026

**VIA ECF**

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Marquez v. Indian Taj, Inc., et al.***
**Case No. 1:20-cv-05855 (DG)(RML)**

Dear Judge Gujarati:

I represent Defendant Kirpal Singh. I write in strenuous opposition to the letter-motion filed by Defendant Harminder Singh dated April 10, 2026, which seeks to submit an affidavit and pursue discovery against my client. This application is a transparent attempt to delay the finality of Magistrate Judge Levy's October 21, 2025, Report and Recommendation ("R&R"), which correctly recommends the vacatur of a void judgment and dismissal of all claims against Kirpal Singh with prejudice.

## I. Kirpal Singh is Medically Incapable of Providing Discovery

As this Court is well aware, a Guardian Ad Litem (GAL) was appointed for Kirpal Singh on June 25, 2025, due to his profound legal incapacity. Mr. Singh, now 79 years old, suffered a massive stroke in February 2019 and currently suffers from advanced vascular dementia.

The application by Harminder Singh to "detail Kirpal Singh's involvement" through an affidavit or targeted discovery is medically and legally untenable. My client is incapable of:
- Providing accurate testimony or responding to interrogatories.
- Authenticating documents or corporate resolutions.
- Assisting his GAL or counsel in adequately defending himself.

To compel a medically incapacitated man to participate in discovery at this stage—regarding events from over a decade ago—would result in "extreme prejudice".

**II. The R&R Correctly Determined Service Was Void Ab Initio**

Harminder Singh's letter focuses on a 2014 Corporate Resolution to argue that Kirpal Singh was the "decision-maker". This is a red herring. The jurisdictional question is not who *was* the boss in 2014, but where Kirpal Singh's "actual place of business" was on **May 18, 2021**.

The uncontradicted record—and the basis for the R&R—proves that Kirpal Singh sold his interest in the restaurant on **September 8, 2020**, eight months *before* the attempted service. Service at a former place of business is a legal nullity. No amount of discovery into 2014 bank records can cure a 2021 service defect that deprived this Court of personal jurisdiction.

**III. Harminder Singh's Relief is Procedurally Improper**

Harminder Singh seeks to hold Kirpal Singh in the case solely to shift potential liability. However:
- **The Law of the Case:** This Court has already vacated defaults and dismissed actions against co-defendants Joginder and Mehanga Singh on these exact jurisdictional grounds.
- **Time-Barred Claims:** The statute of limitations for these 2018 claims expired on June 10, 2024. Even if discovery proceeded, the claims are dead as a matter of law.
- **Stay of Discovery:** Plaintiff's attempt to "permanently stay discovery" via the R&R is the correct procedural result when a court lacks jurisdiction.

**Conclusion**

We anticipate that at the oral argument scheduled for April 16, 2026, the Court will adopt the R&R in its entirety. Granting Harminder Singh's application for discovery against an incapacitated man would serve only to harass a vulnerable defendant and delay justice.

For the foregoing reasons, we respectfully request that the Court deny Defendant Harminder Singh's request to submit an affidavit and proceed with the adoption of the R&R.

Respectfully submitted,
*/s/ Manuel Moses*

Manuel Moses, Esq.
*Counsel for Defendant Kirpal Singh*