# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

April 15, 2026

VIA ECF:

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Marquez v. Indian Taj, Inc. d/b/a Santoor Indian Restaurant, et al.
Case No. 20-CV-5855 (DG)(RML)

Dear Judge Gujarati:

I represent Defendant Harminder Singh in the above-referenced matter. I write to respectfully request permission to participate in the conference scheduled for April 16, 2026 at 9:30 a.m. on Defendant Kirpal Singh's motion to dismiss. As set forth below, Defendant Harminder Singh has a direct and material interest in the outcome of that hearing, and his participation is essential to ensure the Court has a full factual and legal record.

**Dismissal Before Discovery Would Severely Prejudice Harminder Singh.**

Discovery from Kirpal Singh is essential to Harminder Singh's defense for the reasons summarized in correspondence to the Court submitted on April 10, 2026 (DE 99).

**A Guardian Does Not Warrant Dismissal.**

Kirpal Singh's argument that the existence of a guardian warrants his removal as a party. That argument is without legal support. Federal Rule of Civil Procedure ("FRCP") 17(c) expressly provides that when an incompetent person has a representative — such as a guardian — "the representative may sue or defend on behalf of the infant or incompetent person." FRCP 25(b) further provides that "[i]f a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative," confirming that incompetency does not mandate removal.

The Second Circuit has made this unambiguous. In *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196 (2d Cir. 2003), the court held that "an incompetent defendant defends by a guardian ad litem," and that the duties and powers of such a representative are identical to those of the party themselves. Similarly, in *Taylor v. Potter*, 148 Fed.Appx. 33 (2d Cir. 2005), the Court evaluated whether discovery should proceed following a guardian ad litem's appointment and did not terminate the litigation, confirming that discovery and participation in a suit continue through the representative.

A guardian is the mechanism for continued participation — not a basis for dismissal.

I thank the Court for its time and continued attention to this matter.

Respectfully submitted,

*Bhavleen Sabharwal*

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal
Attorney for Defendant Harminder Singh
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984
Bsabharwal@bsablaw.com

cc: All counsel of record (via ECF)