**Manuel Moses, Esq.**
**Moses Law Office of New York PLLC**
**236 West 26th Street Suite 303**
**New York, New York 10001**
**(212) 736-2624 ext. 11**
**(212) 981-0528 Fax.**
manuelmoses@icloud.com

= *VIA ECF* =

April 15, 2026

Honorable Diane Gujarati
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Marquez v. Indian Taj, Inc. d/b/a Santoor Indian Restaurant, et al.*
Case No. 20-CV-5855 (DG)(RML)

Dear Judge Gujarati:

I represent Defendant Kirpal Singh, through his Guardian Ad Litem, Anthony J. Cassese, Esq., in the above-referenced matter. I write in response to the letter filed today, April 15, 2026, by counsel for Defendant Harminder Singh (D.E. 101). Harminder Singh's eleventh-hour attempt to manufacture a reason to keep Kirpal Singh in this litigation is legally baseless and ignores the fundamental jurisdictional defects in this case.

**1. A Co-Defendant's Need for Discovery Does Not Manufacture Personal Jurisdiction.** Harminder Singh argues that keeping Kirpal Singh in this case is "essential" because discovery is needed for Harminder's own defense. This puts the cart before the horse. A co-defendant's desire for evidentiary discovery cannot override a fundamental lack of personal jurisdiction. Service upon Kirpal Singh on May 18, 2021, at a former business address was a legal nullity, as he had sold his interest in the restaurant on September 8, 2020. Because service was improper, the Court never acquired jurisdiction over Kirpal Singh, and the default judgment is void under Federal Rule of Civil Procedure ("FRCP") 60(b)(4). The Court cannot compel an unserved, non-jurisdictional party to remain in a lawsuit simply to fulfill another defendant's discovery wish list.

**2. Harminder Singh is Attacking a Legal Straw Man.** Harminder Singh's counsel spends the bulk of her letter arguing that the appointment of a guardian does not mandate dismissal under FRCP 17(c) and 25(b). We do not argue that the mere existence of a Guardian Ad Litem strips the Court of jurisdiction. Rather, dismissal with prejudice is mandated by **FRCP 4(m)**. The Plaintiff failed to serve Kirpal Singh properly within 90 days. The Plaintiff has no "good cause" for relying on stale state licensing records, and the statute of limitations for the underlying 2018 claims expired in June 2024.

The relevance of Kirpal Singh's guardian and his severe vascular dementia following a massive 2019 stroke is not to invoke FRCP 17, but to demonstrate the **extreme prejudice** he would suffer if the Court were to grant an unwarranted, discretionary extension of time for the Plaintiff to perfect service.

**3. The Court Has Already Established the Precedent for Dismissal.** Finally, Harminder Singh's position completely ignores this Court's October 14, 2025, Amended Judgment, which vacated the default judgments and dismissed the action against co-defendants Joginder Singh and Mehanga Singh for these exact reasons. The Court rightly concluded that the restaurant was not their "actual place of business" at the time of service. Kirpal Singh—who sold his interest eight months prior to the attempted service and is severely medically incapacitated—is entitled to the exact same relief and finality.

For these reasons, we respectfully request that the Court reject Harminder Singh's attempt to entangle Kirpal Singh in further proceedings, adopt Magistrate Judge Levy's October 21, 2025 Report and Recommendation in its entirety, vacate the default judgment, and dismiss the claims against Kirpal Singh with prejudice.

Respectfully submitted,

/s/ Manuel Moses

Manuel Moses, Esq.
Attorney for Defendant Kirpal Singh
cc: All counsel of record (via ECF)