UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
Esteban Marquez,

                         Plaintiff,

         -against-

Indian Taj, Inc. d/b/a Santoor Indian Restaurant,
*et al.*,

                       Defendants.
----------------------------------------------------------------X

                     **MEMORANDUM & ORDER**
                      20-CV-05855 (DG) (RML)

DIANE GUJARATI, United States District Judge:

Familiarity with the procedural history and background of this action is assumed herein. As particularly relevant here, on September 29, 2022, the Clerk of Court entered default judgment in favor of Plaintiff Esteban Marquez against Defendant Kirpal Singh ("Defendant") and others. *See* Judgment, ECF No. 24.

Pending before the Court is Defendant's motion filed at ECF No. 63 (the "Motion"), in which Defendant requests that the default judgment against him be vacated and the claims against him dismissed or, in the alternative to dismissal of the claims, that Defendant be permitted to interpose an answer along with affirmative defenses. *See* Motion, ECF No. 63 (principally asserting that the judgment is void due to improper and insufficient service and citing Federal Rules of Civil Procedure 4, 12(b)(2), 12(b)(4), 12(b)(5), 55(c), and 60(b)(4)).[1]

On October 22, 2025, Magistrate Judge Robert M. Levy issued a Report and Recommendation ("R&R") recommending that the Motion be granted. *See* R&R, ECF No. 76.[2]

---

[1] A guardian *ad litem* was appointed for Defendant in June 2025. *See* June 25, 2025 Order; *see also* ECF No. 56.

[2] The R&R is dated October 21, 2025.

More specifically, the R&R recommended, in substance: (1) that the default judgment against Defendant be vacated; (2) that the claims against Defendant be dismissed; (3) that dismissal of the claims against Defendant be with prejudice; and (4) that any restraints on Defendant's bank accounts or other assets be lifted.  *See generally* R&R.  The R&R set forth relevant procedural history, background, and applicable legal standards, including with respect to Rules 4 and 60(b)(4) of the Federal Rules of Civil Procedure; discussed the record evidence as to service of process; and concluded, *inter alia*, that "the service on an unnamed employee of Santoor and mailing to Santoor's address did not constitute effective service on defendant."  *See generally* R&R.

By letter filed on November 3, 2025, Plaintiff objected to the R&R "solely to the extent that it recommends dismissal of the claims against Kirpal Singh *with prejudice*."  *See* ECF No. 79 (asserting that Plaintiff has demonstrated good cause for an extension of time to serve Defendant).  Defendant did not file any objections to the R&R but, on November 4, 2025, did file a response to Plaintiff's objection.  *See* ECF No. 80 (arguing, *inter alia*, that Plaintiff failed to show good cause for an extension of time to serve and requesting that the R&R be adopted in its entirety); *see also* ECF No. 97.

On April 16, 2026, the Court held a hearing on the Motion.  *See* April 16, 2026 Minute Entry.[3]  Plaintiff and Defendant each took the opportunity at the hearing to be heard further but neither presented additional evidence.

* * *

Notwithstanding that Plaintiff objected only to the R&R's recommendation that dismissal

---

[3]  The Court's efforts to hold the hearing months earlier were thwarted by the parties' failure to appear.  *See generally* docket.

of the claims against Defendant be with prejudice, out of an abundance of caution, the Court reviews *de novo* the entirety of the R&R.  Upon such review and for the reasons set forth below, the Court adopts the recommendations in the R&R to the extent set forth below.  *See* 28 U.S.C. § 636(b)(1).

In light of the record and the applicable law, the Court concludes that Judge Levy correctly determined that Defendant was not properly served.  *See* R&R at 3-7 (noting that "[t]he issue to be resolved is whether Santoor at 257-05 Union Turnpike in Glen Oaks, New York was defendant's actual place of business on May 18, 2021;" concluding that "the liquor license alone is insufficient proof that defendant was affiliated with Indian Taj on the date of service" and that "the service on an unnamed employee of Santoor and mailing to Santoor's address did not constitute effective service on defendant;" and discussing Rules 4(e)(1) & (2) of the Federal Rules of Civil Procedure and N.Y. C.P.L.R. § 308(2)).  And, because valid service of process is necessary in order for a court to exercise personal jurisdiction over a defendant, *see Kamiel v. Hai St. Kitchen & Co. LLC*, No. 19-CV-05336, 2022 WL 1591580, at *2 (S.D.N.Y. May 19, 2022) (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012)), and "[a] default judgment against a defendant is void where the issuing court lacks personal jurisdiction over the defendant," *see id*. (citing *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 122-23 (2d Cir. 2008) and *Vega v. Trinity Realty Corp.*, No. 14-CV-07417, 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021)), the Court concludes that Judge Levy correctly determined that Defendant is entitled to vacatur of the default judgment against him, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 60(b)(4) (providing that a ground for relief from a final judgment is if the judgment is void), and is entitled to have any restraints on his bank accounts or other assets resulting from the default judgment against

3

him lifted.  The Court adopts the R&R's recommendations that the default judgment against Defendant be vacated and that any restraints on Defendant's bank accounts or other assets be lifted.

The Court proceeds to consider whether to extend the time for Plaintiff to effectuate service as to Defendant – either for "good cause" or as an exercise of the Court's discretion.  *See* Fed. R. Civ. P. 4(m) (providing in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (stating that "a district court *may* grant an extension in the absence of good cause, but it is not required to do so"); *Fantozzi v. City of New York*, 343 F.R.D. 19, 26 (S.D.N.Y. 2022) (stating that a plaintiff "bears the burden of proof in showing that it had good cause in not timely serving the defendant;" that to establish good cause, "a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control;" and that factors deemed outside of a plaintiff's control "typically include sudden illness, natural catastrophe or evasion of service of process" (quotations omitted)); *Blanco v. Success Acad. Charter Sch., Inc.*, 722 F. Supp. 3d 187, 204-06 (S.D.N.Y. 2024) (noting that a plaintiff bears the burden of showing that he had good cause in not timely serving a defendant; that good cause is evidenced only in "exceptional circumstances, where the insufficiency of service results from circumstances beyond the plaintiff's control;" and that a delay in service "resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause" and stating: "In determining whether a discretionary extension is

4

appropriate in the absence of good cause, courts in this Circuit generally consider four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendants had actual notice of the claims asserted in the complaint; (3) whether defendants attempted to conceal the defect in service; and (4) whether defendants would be prejudiced by extending plaintiff's time for service.  It is also appropriate to consider judicial efficiency in determining whether late service should be permitted." (alterations accepted) (quotations and citation omitted)); *Hernandez v. Lira of New York Inc.*, No. 20-CV-04457, 2022 WL 280887, at *2 (S.D.N.Y. Jan. 31, 2022) (noting the four factors courts generally consider in determining whether a discretionary extension is appropriate and stating that these factors "are not dispositive" and that "courts may also take other equitable considerations into account" (alteration accepted) (quotations omitted)).

In light of the record and the applicable law, the Court concludes that an extension of time to effectuate service is not warranted and therefore dismissal of this action as against Defendant is warranted pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiff has not demonstrated good cause and under the circumstances here, a discretionary extension of time is not warranted.  Notably, the record evidence does not reflect that Defendant had actual notice of the claims asserted in this action or that he attempted to conceal the defect in service and the record suggests that Defendant would be prejudiced by extension of Plaintiff's time for service, particularly in light of the passage of many years since the time of the relevant events. The Court adopts the R&R's recommendation that the claims against Defendant be dismissed.

Because dismissal of this action as against Defendant is for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, such dismissal is without prejudice, *see* Fed. R. Civ. P. 4(m), and the Court declines to adopt the R&R's recommendation that dismissal of the

claims against Defendant be with prejudice, though the Court recognizes that the applicable statutes of limitations very likely will bar the action as against Defendant if refiled.

* * *

For the reasons set forth above, the Motion, ECF No. 63, is GRANTED; the Clerk of Court is directed to vacate the default judgment entered against Defendant Kirpal Singh; any restraints on Defendant Kirpal Singh's bank accounts or other assets resulting from the default judgment entered against him are lifted; this action is dismissed without prejudice as against Defendant Kirpal Singh pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter judgment accordingly as to Defendant Kirpal Singh.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: May 13, 2026
Brooklyn, New York