# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1063
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

May 13, 2026

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Marquez v. Indian Taj, Inc. et al*, Case No. 1:20-cv-05855-DG-RML

Dear Judge Levy:

I represent Defendant Harminder Singh in the above-referenced matter and write on two related matters arising from today's Order issued by Judge Gujarati (ECF No. 104).

Earlier today, Judge Gujarati issued a Memorandum and Order granting Defendant Kirpal Singh's motion to vacate the default judgment and directing the entry of judgment as to Kirpal Singh — the same date on which his responses to Harminder Singh's discovery demands were due. Pursuant to the Court's text order dated March 18, 2026, granting Harminder Singh the opportunity to serve discovery upon Kirpal Singh, Harminder Singh served Defendant Kirpal Singh with interrogatories and requests for production of documents on April 13, 2026, with responses due by May 13, 2026. To date, Kirpal Singh has provided no responses, objections, or any communication whatsoever with respect to the discovery demands served upon him.

We respectfully request clarification from the Court as to whether Kirpal Singh remains obligated to comply with the Court's March 18, 2026 order notwithstanding today's dismissal. Harminder Singh's position is that the dismissal does not extinguish Kirpal Singh's outstanding obligations. The Court's March 18, 2026 Order remains a valid and operative directive of this Court, and the subsequent dismissal of Kirpal Singh without prejudice under Rule 4(m) does not extinguish the obligations that arose under that Order, particularly where the Court-ordered discovery has yet to be provided to the party for whose benefit it was authorized.

Harminder Singh is the sole remaining active defendant defending this case on the merits, and the records necessary to assess Plaintiff's claims — including payroll records, wage payments, and business documents pertaining to employees — are exclusively in the possession of Kirpal Singh,

who served as the majority shareholder of Indian Taj, Inc. and had sole decision-making authority over the corporation's finances and employment matters from at least 2014 forward. All other co-defendants who may have possessed relevant information have been dismissed from this action, and there is no other source from which the information ordered by this Court may be obtained.

We also write to advise the Court that, consistent with the Court's directive at the April 30, 2026 conference, Defendant Harminder Singh has a motion to compel Kirpal Singh to produce the records sought in ECF No. 94 by May 14, 2026. In light of today's order, Harminder Singh is seeking guidance from the Court on how to proceed with the pending motion deadline of May 14, 2026.

We are available at the Court's convenience to discuss this matter further.

Respectfully submitted,

*Bhavleen Sabharwal*

LAW OFFICE OF BHAVLEEN SABHARWAL
Bhavleen Sabharwal
Attorney for Harminder Singh
261 Madison Avenue, Suite 1063
New York, NY 10016
(917) 597-5984

To:

All parties via ECF