**Manuel Moses, Esq.**
**Moses Law Office of New York PLLC**
**The Gordon Law Firm of New York LLP**
**236 West 26th Street Suite 303**
**New York, New York 10001**
**(212) 736-2624 x11 f. 212-981-0528**
**manuelmoses@icloud.com**

May 14, 2026

**VIA ECF**

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: *Marquez v. Indian Taj, Inc. et al*, Case No. 1:20-cv-05855-DG-RML OPPOSITION TO CO-DEFENDANT HARMINDER SINGH'S REQUEST FOR DISCOVERY CLARIFICATION (ECF NO. 105)**

Dear Judge Levy:

I represent Defendant Kirpal Singh ("Kirpal") in the above-referenced matter and write in opposition to the letter-motion filed yesterday by Co-Defendant Harminder Singh ("Harminder") (ECF No. 105). Harminder requests that this Court actively enforce outstanding party discovery demands and maintain a pending motion to compel against an individual who is no longer a party to this action. Because District Judge Gujarati's May 13, 2026, Memorandum and Order completely severed Kirpal from this case due to a total lack of personal jurisdiction, Harminder's requests are legally untenable and procedurally improper.

**I. The Court Lacks Personal Jurisdiction to Enforce Party Discovery Against a Dismissed Non-Party**

Yesterday, Judge Gujarati adopted your Honor's Report and Recommendation, concluding that Kirpal was never properly served with process. Consequently, the Court vacated the default judgment against Kirpal pursuant to Federal Rule of Civil Procedure 60(b)(4) because the judgment was void *ab initio* for lack of personal jurisdiction. Judge Gujarati further dismissed the action against Kirpal pursuant to Rule 4(m) and directed the Clerk of Court to enter final judgment in his favor under Rule 54(b).

It is a foundational principle of federal civil procedure that "valid service of process is necessary in order for a court to exercise personal jurisdiction over a defendant." Because the case against Kirpal has been dismissed, he is now a non-party. A court cannot compel a non-party to answer interrogatories (Rule 33) or produce documents (Rule 34) that were served while the court was actively lacking personal jurisdiction over that individual.

**II. Dismissal Extinguishes Interlocutory Party Obligations**

Harminder falsely asserts that the Rule 4(m) dismissal "does not extinguish Kirpal Singh's outstanding obligations" under the March 18, 2026, interlocutory text order. This argument turns civil procedure on its head.

Interlocutory orders governing discovery between *parties* remain vital only so long as those individuals remain parties to the litigation. Once a defendant is dismissed from an action without an extension of time to effectuate service, the court's jurisdiction over that person ceases. Harminder's reliance on a text order authorized "for whose benefit it was authorized" cannot bypass the constitutional requirement of personal jurisdiction.

**III. The Statute of Limitations Prevents Re-Litigation or Joinder**

Harminder's letter emphasizes that Kirpal's records are "necessary to assess Plaintiff's claims" and that no other co-defendants remain to provide them. While Harminder may find himself in an unfavorable evidentiary position as the sole remaining active defendant, his logistical difficulties do not grant him the right to subvert the Federal Rules.

As Judge Gujarati explicitly recognized, "the applicable statutes of limitations very likely will bar the action as against Defendant [Kirpal] if refiled." Kirpal has no threat of being re-brought into this case as a direct party. If Harminder requires records from Kirpal in his capacity as a non-party witness, Harminder must utilize the proper mechanism of a third-party subpoena under Federal Rule of Civil Procedure 45, <u>which carries requisite protections</u>, corporate considerations, and geographic limitations. He cannot maintain a defective party-to-party motion to compel. Additionally, as there has been a GAL appointed in this case such a demand would be an Undue Burden under (Rule 45(d)(1)); for which we would seek a Protective Order under Rule 26(c) should there be a proceeding under FRCP 45, we would urge it not to be filed.

**Conclusion**

For the foregoing reasons, Kirpal Singh respectfully requests that this Court clarify that his discovery obligations under the March 18, 2026, Order have been extinguished by operation of law following his dismissal from this action.

*Accordingly, Harminder's pending motion/phone conference to compel, scheduled for June 18, 2026, should be denied as moot and no appearance forthcoming by the GAL for Mr. Kirpal Singh nor myself their attorney.*

Respectfully submitted,

*Manuel Moses*

Attorney for Defendant Kirpal Singh
*Having Now Been Dismissed from the Case.*

**cc:** All counsel of record via ECF