UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTEBAN MARQUEZ, ) | |
| ) | |
| Plaintiff(s), ) | **NOTICE OF APPEAL** |
| ) | |
| -against- ) | **Case No. 20-cv-5855** |
| ) | **(DG)(RML)** |
| INDIAN TAJ, INC. D/B/A SANTOOR INDIAN ) | |
| RESTAURANT, BALVINDER SINGH, ) | |
| HARMINDER SINGH, JOGINDER SINGH, KIRPAL ) | |
| SINGH, AND MEHANGA SINGH, ) | |
| ) | |
| Defendant(s). | |

Notice is hereby given that Defendant Harminder Singh appeals to the United States Court of Appeals for the Second Circuit from the Memorandum & Order entered on May 13, 2026 (ECF No. 104), which (among other relief) granted Defendant Kirpal Singh's motion, vacated the default judgment as to Defendant Kirpal Singh, lifted restraints on Defendant Kirpal Singh's bank accounts or other assets resulting from the default judgment, dismissed the action without prejudice as against Defendant Kirpal Singh pursuant to Federal Rule of Civil Procedure 4(m), and directed entry of judgment as to Defendant Kirpal Singh pursuant to Federal Rule of Civil Procedure 54(b).

Prior to the order dismissing Kirpal Singh from this action, on March 18, 2026, the Court entered an Order granting Defendant Harminder Singh's motion for targeted discovery from Kirpal Singh (the "Discovery Order"). Kirpal Singh and Harminder Singh both had an ownership interest in Indian Taj, Inc., from which the allegations in the complaint stem. Harminder Singh is the sole remaining defendant in this action to have filed an answer and to be obligated to proceed with discovery.

Pursuant to the Discovery Order, Kirpal Singh was served with discovery demands on April 13, 2026. The interrogatories and requests for production sought targeted information directly relevant to the issues in this case: Kirpal Singh's ownership interest and role at Indian Taj, Inc.; his authority over hiring, wage-setting, and scheduling decisions; all payments made to Plaintiff Esteban Marquez; all payroll, banking, and accounting records from which those payments were made; and Plaintiff's work schedule and employment records. None of this information is in the possession of Harminder Singh.

The dismissal of Kirpal Singh while his Court-ordered discovery obligations remained outstanding, and without ensuring that Harminder Singh first received the discovery to which he was entitled, has severely prejudiced Harminder Singh's ability to defend himself and constitutes the basis for the appeal set forth herein.

This appeal is taken from the final judgment or order as to Defendant Kirpal Singh.

Dated: June 15, 2026

Respectfully submitted,

*Bhavleen Sabharwal*

LAW OFFICE OF BHAVLEEN SABHARWAL
Bhavleen Sabharwal
Attorney for Harminder Singh
261 Madison Avenue, Suite 1063

New York, NY 10016
(917) 597-5984