Manuel Moses, Esq.
Moses Law Office of New York PLLC
236 West 26th Street, Suite 303
New York, New York 10001
(212) 736-2624 ext. 11
manuelmoses@icloud.com

June 26, 2026

**VIA ECF**

Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Marquez v. Indian Taj, Inc., et al.**
**Case No. 1:20-cv-05855 (DG)(RML)**

Dear Magistrate Judge Levy:

I represent Defendant Kirpal Singh in the above-referenced matter. I write to respectfully request an extension of time, until **July 10, 2026**, to respond to the discovery demands served by Defendant Harminder Singh.

Before addressing the logistics of the discovery demands, I must emphasize that our participation in this process does not constitute a general appearance or consent to this Court's jurisdiction. Under the New York Rules of Professional Conduct—specifically Rule 1.14 (Client with Diminished Capacity) and Rule 1.6 (Confidentiality of Information)—I am ethically obligated to take reasonably necessary protective action to safeguard my client's interests and maintain his confidentiality, without waiving his established jurisdictional defenses.

*I. Medical Incapacity and Request for Protective Order*

As this Court is well aware, Kirpal Singh's advanced vascular dementia is an uncontroverted medical fact in this case. I recently conferred with Anthony Cassese, Esq., the Guardian Ad Litem appointed by this Court. Upon inquiring whether Mr. Singh could appear for a deposition or answer interrogatories, the GAL was unequivocal: **absolutely not.**

Mr. Singh is in precipitous decline. He is currently refusing required kidney dialysis and is in exceedingly poor overall health. Tragically, he does not always recognize his own family members. It is a medical impossibility for him to provide sworn testimony or accurately answer interrogatories, and he should not be forced to endure the prejudice of attempting to do so.

Accordingly, we respectfully request that the Court issue a protective order on the existing record to preclude any deposition or interrogatory demands directed at Kirpal Singh. Should the Court prefer a formal motion, we are amenable to setting a briefing schedule for a protective order.

## II. Status of Document Production

Despite Mr. Singh's incapacitation, we are attempting to accommodate the documentary discovery demands as best as possible. The family is currently undertaking a diligent search for any responsive materials. At present, upon information and belief, the only document in their possession is the record regarding the sale of the business.

To facilitate this process in good faith, we are willing to provide signed authorizations for the release of tax returns for the years in question, to the extent such returns exist.

## III. Prior Recommendation of Dismissal

Finally, we respectfully remind the Court of Your Honor's October 2025 Report and Recommendation, which properly concluded that the default judgment should be vacated and all claims against Kirpal Singh dismissed and that was subsequently adopted by the Article Justice Diane Gujarati. Compelling an incapacitated man to navigate onerous discovery demands while the case has been dismissed with prejudice serves no equitable purpose.

We thank the Court for its time and attention to this request.

Respectfully submitted,

*Manuel Moses*

Manuel Moses, Esq.
Counsel for Defendant Kirpal Singh
cc: All counsel of record (via ECF)